IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RYAN D. GABRIEL, | CV 24-118-M-JTJ |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| DORINDA SUE GRAY, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Ryan D. Gabriel (Gabriel) filed a Complaint on August 26, 2024, against Defendants Dorinda Sue Gray, Insured Titles LLC, Title Insurance Corporation, Taylor Kai Groenke (Kai Groenke), and Fredrick J. Groenke. (Doc. 1) Gabriel's Complaint centers around the Defendants alleged actions related to selling or attempting to sell a parcel of real property located in Lakeside, Montana (Lakeside Property).  (Id.)   The Lakeside Property was a subject of an Amended General Judgment entered on June 21, 2024, by the Multnomah County Circuit Court, Fourth Judicial District, State of Oregon, dissolving a domestic partnership between Gabriel and an individual named

Jesse Mark Olsen. (Doc. 15, Att. 1) The Amended General Judgement

provides that Olsen would sell the Lakeside Property and the proceeds of this

sale would be distributed to Olsen and Gabriel.  (Id.)  It further provided

Olsen would have authority to select realtors to market the Lakeside Property,

sign listing contracts, accept offers and complete paperwork for closing

regarding the sale of the Lakeside Property. (Id.)  The Defendants in this

action are the persons who were or are allegedly involved in the sale or

attempted sale of the Lakeside Property.  (Doc. 1)

Defendant Dorinda Gray is employed by Flying S Title and Escrow of

Montana, Inc., erroneously identified as Defendant Title Insurance

Corporation in Gabriel's Complaint. (Doc. 13) Flying S Title and Escrow of

Montana, Inc., is the parent corporation of Defendant Insured Titles LLC.

(Id.)  Defendant Kai Groenke is a Montana attorney. (Doc. 15) Defendant

Fredrick Groenke is a Montana real estate agent. (Doc. 7) Gabriel's

Complaint seeks to enjoin the Defendants from taking any action in relation

to the Lakeside Property or enforcing the Oregon Amended General

Judgment in any way because the Amended General Judgment is

unconstitutional and, therefore, unenforceable for a variety of reasons.

(Doc.1)

Defendants move to dismiss Gabriel's Complaint.  (Docs. 6, 12, and 14)

Defendants contend Gabriel's Complaint should be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Gabriel has failed to allege complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and has failed to allege that the Defendants were acting under the color of state law to sustain a federal question claim under 42 U.S.C. § 1983. (Docs. 7, 13, and 15) Defendant Kai Groenke further contends Gabriel's Complaint should be dismissed against all Defendants based upon the *Rooker-Feldman* doctrine which prohibits a federal district court from exercising appellate jurisdiction in relation to state court judgments. (Doc.15 p. 8) The Court agrees.

## II.   <u>LEGAL STANDARDS</u>

Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction. Federal courts have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) when there is diversity of citizenship among the parties and when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  Diversity is not present unless each defendant is a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it is the plaintiff's burden to establish the existence of subject matter jurisdiction. *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

In relation to Gabriel's claim based on 42 U.S.C. § 1983, the statute's plain terms require that Gabriel allege: (1) a person acting under color of state law; (2) subjects or causes to be subjected to deprivation; (3) a U.S. citizen or person in the jurisdiction of the United States; (4) of a right, privilege, or immunity secured by the Constitution and laws. *Chaudhry v. Aragón*, 68 F.4th 1161, 1169 (9th Cir. 2023).

Finally, pursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to hear direct or "de facto" appeals from the judgments of state courts. *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018).

## III.    DISCUSSION

Gabriel's Complaint has failed to allege diversity jurisdiction. Although Gabriel's Complaint alleges that he and Defendants Dorinda Sue Gray, Frederick Groenke and Kai Groenke reside in Montana, he has not alleged the citizenship of any party as required to invoke the Court's diversity jurisdiction. (Doc. 1) Furthermore, if the parties who allegedly reside in Montana are also citizens of Montana, there is not complete diversity between the parties because Gabriel and several defendants would be citizens of Montana. Thus, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). *Owen Equip. & Erection Co.*, 437 U.S. at 373-74.

Additionally, Gabriel's Complaint fails to raise a federal question under 42 U.S. C. §1983. Under § 1983, a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law. *Rawson v. Recovery Innovations, Inc.,* 975 F.3d 742, 747 (9th Cir. 2020) (citing *Jensen v. Lane County,* 222 F.3d 570, 574 (9th Cir. 2000)). Similarly, a violation of the plaintiff's constitutional rights cognizable under the Fourteenth Amendment can occur only by way of state action. *Id.* The inquiry is always whether the defendant has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

The Ninth Circuit has identified four tests under which a private person may be deemed to be acting under color of state law: (1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus. *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835-36 (9th Cir. 1999).  Under "governmental coercion or compulsion," the court considers "whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Id.* at 836.

In *Green-Jordan v. Taylor*, 2023 WL 4291849 (C.D. Cal. May 3, 2023), the plaintiffs brought a 42 U.S. C. § 1983 claim against a realtor and a realtor company involved in the sale of a property a state court ordered to be partitioned by sale

rather than partitioned in kind as plaintiffs requested.  In dismissing the plaintiffs'

claim, the *Green-Jordan* reasoned as follows:

> There are no allegations that the Realtor Defendants were coerced or
> encouraged by state actors, nor allegations sufficient to meet any of
> the other three tests for acting under color of state law. *See, e.g., Azam
> v. Ruzicka & Wallace LLP*, No. SACV 14-226-JLS (RNB), 2015 WL
> 13918078, at *6 (C.D. Cal. Sept. 10, 2015) (holding that a private real
> estate agent or a broker would not be a state actor subject to a Section
> 1983 action where they simply used state courts and bankruptcy
> proceedings to obtain a legal victory); *Johnson v. Slipper*, No. 2:17-
> cv-02654-MCE-KJN, 2018 WL 4944878, at *7 (E.D. Cal. Oct. 11,
> 2018), report and recommendation adopted sub nom. *Johnson
> (Wadsworth) v. Slipper*, No. 2:17-cv-02654-MCE-KJN, 2019 WL
> 8270938 (E.D. Cal. Jan. 4, 2019) (holding that defendants were not
> state actors subject to Section 1983 action because plaintiff provided
> "nothing to suggest that private individuals in real estate transactions
> are willful participants in joint action with the state in any manner
> whatsoever.").

*Green-Jordan v. Taylor* at *5.

The same reasoning applies here. Gabriel has not alleged that any of the

Defendants were coerced or encouraged by state actors, nor allegations sufficient

to establish that the Defendants were engaged in a public function; were involved

in a joint action with the government; or that there is a governmental nexus to the

Defendants' conduct.  Rather, Gabriel only makes the conclusory allegation that

Defendants are "acting under the color of state law."  Accordingly, the Court finds

that Gabriel has failed to allege any facts establishing that any of the Defendants are

acting under the color of state law.

Finally, in determining whether dismissal is appropriate, the Court considers whether the *Rooker-Feldman* doctrine is determinative. The *Green-Jordan* court also analyzed substantially the same question as follows:

> The crux of Plaintiffs' Complaint is that the Superior Court erred in ordering the Property to be partitioned by sale rather than ordering a partition in-kind.  . . .  [P]laintiffs request that the Court order "injunctive relief against the proceeding of partition forced private sale of property and selling/discarding of possessions, allowing the property to be partition [sic] in-kind.*" Id.* at 38. However, the requested injunctive relief is barred by the *Rooker-Feldman* doctrine.

> The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging state-court judgments rendered before the district court proceedings commenced. (citations omitted) Thus, "pursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to hear direct or 'de facto' appeals from the judgments of state courts." (citation omitted)

> To determine whether an action functions as a de facto appeal, [the Court] pay[s] close attention to the relief sought by the federal-court plaintiff. (citation omitted). It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court. (citations omitted).

*Id.* at *2–3

The *Green-Jordan* court then determined that the plaintiffs' claims related to the request to overturn the state court's partition order must be dismissed without leave to amend as barred by the *Rooker-Feldman* doctrine.  The same reasoning is determinative of Gabriel's claims here.  By seeking to enjoin the Defendants from acting in accordance with the Amended General Judgment, Gabriel is requesting

Case 9:24-cv-00118-JTJ   Document 26   Filed 12/04/24   Page 8 of 9

this Court provide him relief from the Amended General Judgment by determining

that the Amended General Judgment is unconstitutional and, therefore,

unenforceable.  The *Rooker-Feldman* doctrine precludes the Court from exercising

jurisdiction for such a *de facto* appeal of the Amended General Judgment.

Finally, Gabriel has filed a Motion for Leave To File Amended Complaint.

(Doc. 18)  Although the Court could allow Gabriel to amend his Complaint to cure

the deficiencies regarding diversity of citizenship and whether any of the

Defendants were acting under the color of state law, the Court finds that

amendment of  Gabriel's Complaint would be futile given the application of the

*Rooker-Feldman* doctrine.  *Davis v. Maher*, 2023 WL 9051265, at *3 (N.D. Cal.

Dec. 29, 2023).

## IV.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that:

1.  Defendant Fredrick J. Groenke's Motion to Dismiss (Doc. 6) is

    **GRANTED**.

2.  Defendants Dorinda Sue Gray, Insured Titles, LLC, and Title Insurance

    Corporation's Motions to Dismiss (Doc. 12) are **GRANTED**.

3.  Defendant Taylor Kai Groenke's Motion to Dismiss (Doc. 14) is

    **GRANTED**.

8

4.  Plaintiff Ryan D. Gabriel's Motion for Leave to File Amended Complaint (Doc. 18) is **DENIED.**

5.  This action is **DISMISSED WITH PREJUDICE**.

DATED this 4th day of December 2024.

John Johnston
United States Magistrate Judge