Susan G. Ridgeway, Esq.
HALL & EVANS, LLC
Millennium Building
125 Bank Street, Suite 403
Missoula, Montana 59802
Telephone: (406) 541-8882
Fax No: (406) 519-2035
ridgeways@hallevans.com

*Attorneys for Defendant Taylor Kai Groenke*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RYAN DEAN GABRIEL, | **Case No. 9:24-cv-00118-KLD** |
| Plaintiff, | |
| vs. | |
| DORINDA SUE GRAY, INSURED TITLES, LLC / DBA INSURED TITLES, TITLE INSURANCE CORPORATION/ DBA INSURED TITLES, TAYLOR KAI GROENKE and FREDERICK J. "FRITZ" GROENKE /DBA MONTANA REAL ESTATE GROUP | **DEFENDANT TAYLOR KAI GROENKE'S STATEMENT OF FACTS REFERENCED IN VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF** |
| Defendants. | |

Defendant Kai Groenke submits her Statement of Facts in connection with her Notice of Vexatious Litigant Order Against Plaintiff, filed herewith. The Statement of Facts referenced in the Order is attached hereto.

1

DATED this 3rd day of January, 2025.

Hall & Evans, LLC


/s/ Susan G. Ridgeway
Susan G. Ridgeway
*Attorneys for Defendant,*
*Taylor Kai Groenke*

FILED
11/19/2024
*Peg L. Allison*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Maria Albarran
DV-15-2024-0001197-TO
Allison, Robert B
42.00

Susan G. Ridgeway
HALL & EVANS, LLC
Millennium Building
125 Bank Street, Suite 403
Missoula, Montana 59802
Telephone: (406) 541-8882
Fax No: (406) 519-2035
ridgeways@hallevans.com

*Attorneys for Defendant Taylor Kai Gronke*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT
## FLATHEAD COUNTY

| | |
|---|---|
| RYAN DEAN GABRIEL,<br><br>               Plaintiff,<br><br>vs.<br><br><br><br>FREDERICK "FRITZ" J. GROENKE/ DBA MONTANA REAL ESTATE GROUP, TAYLOR KAI GROENKE, GROENKE HOLDINGS, LLC, and MONTANA REGIONAL MLS, LLC,<br><br>               Defendants. | Case No. DV-15-2024-1197<br><br>**DEFENDANT TAYLOR KAI GROENKE'S STATEMENT OF FACTS IN SUPPORT OF MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND FOR PREFILING ORDER AND FEES** |

> Jesse Olsen served a Petition for Dissolution of Domestic Partnership on Ryan Gabriel filed in the Oregon Circuit Court, Multnomah County, Cause No. 22DR04942 ("Oregon Dissolution of Domestic Partnership Action").

1. **March 26, 2022**. Jesse Olsen served on Ryan Gabriel a Petition for dissolution of their domestic partnership alleged to have begun in 2010. Olsen requested an equitable division of the two real properties jointly owned by Gabriel and Olsen, one located in Oregon and one located in Montana at 2000 Blacktail Road, Lakeside, Montana, (hereinafter "Lakeside Property"). *Exhibit* 1 (Dissolution of Domestic Partnership Complaint); *Exhibit* 2 p. 2 (Case Summary 22DR04942).

> Ryan Gabriel, acting *pro se*, served a Complaint for partition of real property on Jesse Olsen filed in the Oregon Circuit Court, Multnomah County, Cause No. 22CV10399 ("Oregon Partition Lawsuit"), even though Gabriel had already been served with the Petition Jesse Olsen filed.

2. **April 18, 2022.** Ryan Gabriel, acting *pro se*, served on Jesse Olsen a Complaint requesting partition, sale, and equitable distribution of proceeds of real property jointly owned with Olsen located in Multnomah County, Oregon. *Exhibit 3* (Oregon Partition Complaint); *Exhibit 4* p. 1 (Case Summary 22CV10399).

> Ryan Gabriel, acting *pro se*, filed a Complaint for partition of real property against Jesse Olsen in Flathead County, Montana Eleventh Judicial District, Cause No. DV- 22-605 ("Montana Partition Lawsuit"), which he did not serve.

3. **June 6, 2022**. Ryan Gabriel, acting *pro se*, filed a Complaint against Jesse Olsen requesting partition and equitable distribution of the Lakeside Property, including a division of the property into two separate parcels. *Exhibit 5* (Montana Partition Complaint). Gabriel did not serve the Complaint. *Id*. p. 3 (Summons issued April 18, 2023).

4. **August 17 2022**. The Oregon Circuit Court consolidated Ryan Gabriel's Oregon Partition Action under the Oregon Dissolution of Domestic Partnership Action filed by Jesse Olsen and denied Gabriel's

motion to dismiss the Oregon Dissolution of Domestic Partnership Action.
*Exhibit 6* (Order Consolidating Cases and Denying Motion to Dismiss).

Jesse Olsen through his counsel, Taylor "Kai" Groenke, filed a Motion to Dismiss the Montana Partition Lawsuit Gabriel filed approximately a year earlier but did not serve. The court stayed the suit pending resolution of the Oregon Dissolution of Domestic Partnership Action.

5. **May 9, 2023.** Jesse Olsen hired Taylor ("Kai") Groenke to file a motion to dismiss Gabriel's Montana Partition Lawsuit, Cause No. DV-22-605. Olsen was never personally served with this lawsuit but hired Kai Groenke when he became aware of it. *Exhibit* 61 p. 3 ¶ 12. (Affidavit of Jesse Olsen). Olsen filed a motion requesting dismissal of the Complaint, or alternatively to stay the proceedings, given that the issues in the complaint would be decided by the Oregon Circuit Court and the Oregon Partition Lawsuit had been consolidated under the Oregon Dissolution of Domestic Partnership Action. *Exhibit* 7 (Olsen's Motion and Brief to Dismiss or Stay Proceedings in Montana Partition Lawsuit).

Ryan Gabriel began sending numerous unsolicited emails to Jesse Olsen's attorney, Kai Groenke, that were intimidating, threatening, and harassing both personally and professionally. Gabriel sent the emails for purposes of influencing Kai to cease representing Jesse Olsen in the Montana Partition Lawsuit, withdraw pleadings filed on his behalf, and cause Olsen to settle on terms favorable to Gabriel.

6. **May 10, 2023.** Ryan Gabriel sent to two emails to Kai Groenke and her assistant. The first contained a threat to commence lawsuits in multiple jurisdictions "unless Jesse withdraws/settles. A detailed settlement offer has been furnished by my previous attorneys in Oregon." *Exhibit* 8 (Gabriel's email to K. Groenke threatening lawsuits). The second email contained personal insults to Kai regarding her appearance. *Exhibit* 9 (Gabriel's to K. Groenke mocking her appearance); *Aff. Kai Groenke* ¶ 2.

7. **May 15, 2023**. Ryan Gabriel forwarded a draft of his response to Jesse's motion to dismiss the Montana Partition Lawsuit to Kai and threatened, "Absent a suitable conferral outcome, the final edited version will be filed with the court later this week, along with a proposed order,

requested sanctions, and referral of M/r/s. Groenke to the State Bar Association proposing disbarment and/or other sanctions." *Exhibit* 10 p. 4 (Gabriel's email to K. Groenke with multiple threats). Gabriel concluded with insults to Kai's intelligence and threats to embroil her in future lawsuits, stating if she was "not up to the challenge" she "may have a legal obligation to withdraw from the case . . . ." *Id.* p. 2; *Aff. Kai Groenke* ¶ 2.

8. **May 19, 2023**. A few days later, Ryan Gabriel filed a fourteen-page response brief in which he asserted that nearly every factual statement in Jesse's motion and brief constituted "perjury" by Jesse and Kai. *Exhibit* 11 (Gabriel's Response Brief Opposing Motion to Dismiss or Stay Proceedings).

9. **May 31, 2023.** Jesse Olsen, through Kai Groenke, filed a reply brief in support of Jesse's motion to dismiss the Montana Partition Lawsuit to address the incorrect, specious, and legally irrelevant substance of Gabriel's brief and call out Gabriel's threatening and harassing communications. *Exhibit* 12 (Olsen's Reply Brief to Dismiss or Stay Proceedings).

10. **June 1, 2023**. In response to Jesse's reply brief, Ryan Gabriel sent Kai Groenke multiple messages accusing her of criminal acts, perjury, and unscrupulous activity. He threatened to request sanctions against her in District Court and repeated his threat of a lawsuit for "tortious interference.". He also called her intellectually incompetent and said she should be evaluated by a psychiatrist. He began calling her the "Taylor Lorenz of the Montana legal community" and included a link to a website regarding Taylor Lorenz, a journalist who purportedly inappropriately uses her journalism to personally attack and victimize others. *Exhibit* 13 (Gabriel's emails to K. Groenke in response to Olsen's Reply Brief); *Aff. Kai Groenke* ¶ 2..

11. **June 30, 2023**. Ryan Gabriel wrote the following email to Kai Groenke informing her of a "forthcoming . . . lawsuit":

You're next.

The forthcoming tortious interference (with a contract) lawsuits, filed in Wyoming, are going to be something you should start considering.

. . .

My national attorneys, licensed to practice in Washington, California, Maryland, New York and Washington, DC, have mapped this all out.

Savor the opportunity, and the expense.

*Exhibit* 14 (Gabriel's email to K. Groenke - forthcoming expensive tortious interference lawsuit); *Aff. Kai Groenke* ¶ 2.

Ryan Gabriel acting *pro se*, filed suit in Montana against Jesse Olsen's attorney in Oregon, Roscoe C. Nelson III, in the Montana Eleventh Judicial District Court, Cause No. DV-23-786, Flathead County ("Montana Tortious Interference Lawsuit Against Nelson"). Gabriel alleged Nelson's representation of Olsen was "tortiously interfering" with a contract between Gabriel and Gabriel's entity, Zurc Capital, LLC, to rent out the Lakeside Property. The court dismissed the complaint three months later.

12. **July 10, 2023**. Ryan Gabriel, acting *pro se*, filed suit against Jesse Olsen's attorney in Oregon, Roscoe Nelson, asserting that Mr. Nelson tortiously interfered with an agreement between Ryan Gabriel and Gabriel's company, Zurc Capital, LLC, to rent out the Lakeside, Property given that Olsen and his attorney intend to evict Gabriel from the property and force a sale when there is no registered marriage between Gabriel and Olsen in the State of Montana. Mr. Gabriel claimed damages of $37,817. *Exhibit* 15 (Tortious Interference Lawsuit Against Nelson).

13. **August 1, 2023.** The Montana Eleventh Judicial District Court, Judge Robert Allison, stayed the proceedings in the Montana Partition Lawsuit "so long as quarterly reports are received by this Court beginning October 1, 2023." *Exhibit* 16 (Order Staying Montana Partition Lawsuit).

Ryan Gabriel filed an ethics complaint with the State Bar of Oregon against Olsen's attorney in Oregon, Roscoe C. Nelson, III. Gabriel asserted a "conflict of interest" such that Nelson should be compelled to withdraw from representing Olsen and also personally attacked Mr. Nelson's

character ("Oregon Ethics Complaint Against Nelson").  The complaint did not result in any disciplinary action.

14. **September 4, 2023**.  Gabriel filed an ethics complaint against Roscoe Nelson, Jesse Olsen's attorney in Oregon, with the State Bar of Oregon. *Exhibit* 17 (Oregon Ethics Complaint Against Nelson). The Complaint alleged a conflict of interest such that Nelson should be compelled to withdraw from representing Olsen, along with personal attacks on Mr. Nelson's character.  *Id.*  On information and belief, the complaint was summarily dismissed; no record exists of any disciplinary action against Mr. Nelson.

Ryan Gabriel intensified his efforts to intimidate Kai to cease her representation of Olsen or cause him to drop his requests for judicial relief. Using his filings against Roscoe Nelson as example, Gabriel threatened to sue Kai, file a bar complaint against her, file a motion for sanctions against her, cyber stalk her family, and defame her.

15. **September 7, 2023.** On September 7, 2023, Ryan Gabriel sent an email to Kai Groenke that he is investigating her family. Mr. Gabriel stated, "Oof. This dossier is thick… I look forward to sorting out the contents." He ends the email with "Good luck, Taylor." *Exhibit* 18 (Gabriel's email to K. Groenke about her family background); *Aff. Kai Groenke* ¶ 2.

16. **September 26, 2023**.  In response to Olsen's first status report filed in Gabriel's Montana Partition Lawsuit, Gabriel sent Kai Groenke an email with a copy of the ethics complaint he filed against Jesse's Oregon attorney, Roscoe Nelson, stating Jesse's attorneys are "two deranged, bitter misanthropes who have no business scurrying around Oregon and Montana with law degrees" and threatening to publicly attack her character.  *Exhibit* 19 (Gabriel's email to K. Groenke responding to First Status Report); *Aff. Kai Groenke* ¶ 2.

17. **October 3, 2023.**  Ryan Gabriel sent Kai Groenke an unsolicited email with a signed but unfiled Motion for Sanctions against her alleging perjury and fraud with a threat to file it "absent your complete and unequivocal retraction, correction, and proactive withdrawal of your

request to stay proceedings." *Exhibit* 20 (Gabriel's email to K. Groenke threatening motion for sanctions against her); *Aff. Kai Groenke* ¶ 2.

18.    **October 17, 2023**. The Montana Eleventh Judicial District Court, Judge Dani Coffman, entered an Order dismissing Gabriel's Tortious Interference Lawsuit Against Nelson on several grounds, including lack of minimum contacts necessary to be subject to personal jurisdiction in Montana, lack of a tort accrual in Montana upon which personal jurisdiction can be based, and failure to state a claim upon which relief can be granted. As to Gabriel's claim of tortious interference with a contract, the court wrote:

> To prevail in a tortious interference suit, Gabriel would have to present evidence that Nelson intentionally directed an action that would place the contract with Zurc in jeopardy with unlawful purpose absent a right or justifiable cause.

> . . . Gabriel insists that the cause of action no longer has a legal significance in Oregon, which would strip any "rightful" cause from Nelson's conduct. In support, Gabriel cited to *Stone v. Thompson*, a 2009 case from the Supreme Court of South Carolina that abolished common law marriage within the state. 428 S.C. 79, 833 S.E.2d 266.

> It appears that Oregon does not observe common law marriage. *See, In re Estate of Hildenbrand*, 243 Ore. 117, 410 P.2d 244 (1966). However, it does set forth provisions for domestic partnerships and their dissolution. Or. Rev. Stat §§ 106.300, *et seq*. Furthermore, Nelson has spelled out Gabriel's role in the Oregon case as one of two "parties to a case involving the dissolution of an unregistered partnership." Doc. 11, p. 1.

> Since domestic partnerships are recognized in Oregon, it appears that Nelson is pursuing a legal lawsuit on behalf of his client. That establishes a "rightful" or "justifiable" purpose. Gabriel has presented no grounds to challenge the legal sufficiency of this lawsuit beyond blind allegations. Without such a showing, Gabriel cannot demonstrate Nelson did anything other than commit a lawful act that was directed at settling a dissolution suit. Since there exists a "rightful" or "justifiable" purpose, Gabriel has failed to sufficiently state a claim.

*Exhibit* 21 (Order dismissing Tortious Interference Lawsuit Against Nelson).

19.  **October 24, 2023.** Ryan Gabriel again threatened to file his motion for sanctions against Kai "if you do not modify your filings to reflect the matters of fact I have repeatedly brought to your attention . . . ." *Exhibit* 22 (Gabriel's email to K. Groenke renewing threat of sanctions motion); *Aff. Kai Groenke* ¶ 2.

Ryan Gabriel, acting *pro se*, filed a Complaint against Olsen in United States District Court, Montana, CV-23-142-M-DLC-KLD ("Montana USDC Due Process Lawsuit Against Olsen"), which he then repeatedly relied on as a basis for collaterally attacking, enjoining, or delaying the proceedings in the Oregon Dissolution of Domestic Partnership Action. Gabriel asserted in the Complaint that the Oregon Dissolution of Domestic Partnership Action violated his "due process" rights because he was not in a domestic partnership subject to dissolution and treating him as such would expose him to liability for fraud. The court dismissed the lawsuit with prejudice two months later.

20.  **November 17, 2023.** Ryan Gabriel filed a "Complaint and Claim/Prayer for Declaratory and Injunctive Relief" against Jesse Olsen in the United States District Court, Montana in which he:

- asserted subject matter jurisdiction under 42 U.S.C. §1983;
- claimed that Olsen's "abuse of unregistered domestic partnership case law in Oregon violates the Plaintiff's Rights of Liberty, Dignity, Privacy, and Personal Autonomy guaranteed by the Fourteenth Amendment's Due Process Clause"
- claimed imposition of a domestic partnership upon him impermissibly rendered him vulnerable to mortgage fraud
- requested a declaratory judgment as to Oregon domestic partnership law
- requested an order enjoining Olsen, his counsel, and anyone "in active concert or participation with him" from pursuing his domestic partnership claim
- requested an order waiving Oregon's requirement of a security bond
- requested an award of his costs and attorney's fees.

*Exhibit* 23 (Montana USDC Due Process Complaint against Olsen).

21.    **November 18, 2023.**  The following day, Ryan Gabriel asserted to Olsen's attorneys that the Oregon Dissolution of Domestic Partnership Action must be "postponed" as a result of the Montana USDC Due Process Lawsuit Against Olsen.  *Exhibit* 24 (Gabriel's email to K. Groenke to notify her of the Montana USDC Due Process Lawsuit Against Olsen); *Aff. Kai Groenke* ¶ 2.

22.    **November 29, 2023.**  Ryan Gabriel filed a Motion to Bifurcate or Postpone the trial in the Oregon Dissolution of Domestic Partnership Action, in which he asserted the court should postpone the trial currently set for January 17, 2024 until after the Montana USDC Due Process Lawsuit Against Olsen has been adjudicated.  *Exhibit* 25 (Motion to Bifurcate or Postpone trial due to Federal Lawsuit).

23.    **December 29, 2023.**  The Oregon Circuit Court, Judge Patrick Henry, denied Mr. Gabriel's Motion to Bifurcate or Postpone the trial in the Oregon Dissolution of Domestic Partnership Action, reasoning:

- It is unlikely that [Gabriel] will prevail on his motion for injunctive relief in the pending trial in the Federal District of Montana, Missoula Division.  There is not a significant risk of the parties being subject to duplicative trials or conflicting judicial determinations in relation to the matters pending before the Court.

- These matters have been pending since March 21, 2022.  Delaying this matter without good cause will cause undue prejudice to [Olsen].

The Court also denied Gabriel's "Request and Demand for Jury Trial and Motion to Stay Proceedings Until Jury is Selected", as well as his Motion for Summary Judgment.  *Exhibit* 26 (Order Denying Motion to Postpone and other Motions).

Ryan Gabriel filed a Petition for a Writ of Mandamus in the Oregon Supreme Court, Case No. S070743, ("Oregon Petition for "Peremptory or "Alternative" Writ of Mandamus") requesting the Court to exercise its

original jurisdiction to reverse the trial court's denial of his various motions to dismiss, enjoin, or delay the proceedings in the Oregon Dissolution of Domestic Partnership Action.

24.    **January 2, 2024.**   Ryan Gabriel filed a "Petition for a Peremptory Writ of Mandamus or in the alternative for an Alternative Writ of Mandamus" in the Oregon Supreme Court, Case No. S070743, with a request to order the trial court to grant Gabriel's "Request and Demand for Jury Trial and Motion to Stay Proceedings Until Jury is Selected" and hold a hearing on his Motion for Summary Judgment, both of which would require further delay of the trial scheduled in Oregon Dissolution of Domestic Partnership Action.  *Exhibit* 27 (Gabriel's Petition for Writ of Mandamus and "Corrected Petition").

25.    **January 9, 2024.**   Ryan Gabriel filed yet another pleading requesting the trial court to stay the proceedings in the Oregon Dissolution of Domestic Partnership Action.  *Exhibit* 2 p. 14  (Case Summary OR 22DR04942).  The trial court denied the motion on January 12, 2024.  *Id.*

Ryan Gabriel, acting *pro se*, also filed an appeal in the Oregon Court of Appeals, Case No. A183215 ("Oregon Appeal from Dissolution of Partnership Proceedings") in which he requested a stay of proceedings in the Oregon Dissolution of Domestic Partnership Action based on the Montana USDC Due Process Lawsuit against Olsen.  The Court dismissed the appeal.

26.    **January 10, 2024**.  Ryan Gabriel also filed a Notice of Appeal in the Oregon Court of Appeals, Case No. A183215, to stay the trial court proceedings in the Oregon Dissolution of Domestic Partnership Action. *Exhibit* 28 (Oregon Appeal from Dissolution of Domestic Partnership Proceedings).  The Oregon Court of Appeals dismissed Gabriel's ppeal on its own motion on January 22, 2024.  *Exhibit* 29 (Order Dismissing Appeal; Denying Motion to Stay Trial Proceedings)

27.    **January 19, 2024.**   A week before trial was set to begin, Gabriel filed an "Emergency Motion to Stay Proceedings in Trial Court Pending Relator's Petition for Writ of Mandamus" in the Oregon Supreme Court.  *Exhibit* 30 (Gabriel's Emergency Motion to Stay Trial Court Proceedings).

28.    **January 23, 2024.**  United States Magistrate Judge Kathleen DeSoto, recommended dismissal of the Montana Olsen USDC Due Process Lawsuit.  *Exhibit* 31 (Findings and Recommendation). United States District Judge Dana Christensen ordered dismissal of the lawsuit with prejudice for failure to state a claim upon which relief could be granted on January 26, 2024.  *Exhibit* 32 (Order dismissing case with prejudice).

29.    **January 26, 2024**.  Trial in the Oregon Dissolution of Domestic Partnership Action was held on January 26, 2024 and on February 14, 2024.  *Exhibit* 2 p. 14  (Case Summary OR 22DR04942).

30.    January 27, 2024.  Ryan Gabriel sent an email to Olsen's attorney in the Montana Olsen USDC Due Process Lawsuit stating he would "rather commit murder than succumb to forcibly conscripted marriage" and "anything and everything" "that would prevent that from happening will happen":

> I would note, to your ultimate point, that I would rather commit murder than succumb to forcibly conscripted marriage.
> Conscripted marriage will not happen to me.
> Anything that would prevent that will happen.
> Anything and everything.
> Hopefully, that 'anything' will be a Fourteenth Amendment prohibition against conscripted, involuntary marriage.
> God help you all if the US Constitution does not prevail.

*Exhibit* 61 p. 3 ¶ 14 (Affidavit of Jesse Olsen).

31.    **February 1, 2024.**  The Oregon Supreme Court entered an Order summarily denying Gabriel's Petition for "Peremptory" or "Alternative" Writ of Mandamus, as well as two motions Gabriel filed following his Petition to stay or dismiss the trial court proceedings.  *Exhibit* 33 (Order Denying Petition for Writ of Mandamus and Dismissing Motions to Stay and Dismiss).

32.    **March 27, 2024**.  Ryan Gabriel submitted a 50-page post-trial brief outlining all of his arguments for the court's consideration in the

Oregon Dissolution of Domestic Partnership Action.  *Exhibit* 34 (Gabriel's Post-Trial Brief).

33.    **April 17, 2024**.  The Oregon Circuit Court, Judge Patrick Henry, entered findings of fact, conclusions of law, and an order for judgment to be entered consistent with its opinion regarding the dissolution of domestic partnership and partition claims.  The Court found the existence of a domestic partnership and an implicit agreement to share equally in the assets and debts of the parties' jointly owned properties.  The Court dismissed the Oregon Partition Lawsuit. *Exhibit* 35 (Findings, Conclusions and Order Dissolving Domestic Partnership).

Regarding Ryan Gabriel, the Court wrote, "Respondent has demonstrated an aggressive attitude, uncooperative behaviors, and time-wasting and costly tactics. He cannot be trusted to arrange for the sale of the parties' property in an efficient and equitable manner."  *Id.* p. 3.  The Court ordered that the real property of the parties "shall be sold" and each party shall "shall receive equal shares" of the proceeds of the sale, dismissed the Oregon Partition Lawsuit (Cause No. 22CV10399), and instructed Jesse Olsen's attorney to prepare a form of general judgment consistent with the Court's opinion.  *Id.* p. 4.

34.    **April 27, 2024.**  Ryan Gabriel filed a motion for a new trial. The court denied the motion on May 2, 2024.  *Exhibit* 2 pp. 15-16 (Case Summary 22DR04942).

35.    **May 2, 2024**.  The Oregon Circuit Court entered its General Judgment ordering dissolution of the parties' domestic partnership, sale of their jointly owned properties and equal division of the proceeds, and generally placed Mr. Olsen in control of the marketing and sale and required realtors to have complete access to the property "without Mr. Gabriel undoubtedly doing what he can to not cooperate." *Exhibit* 36 (General Judgment).  The Judgment included dismissal of the Oregon Partition Lawsuit.

Ryan Gabriel, acting *pro se,* filed a Complaint against Tina Kotek, Governor of the State of Oregon, Ellen Rosenblum, Attorney General of the State of Oregon, and Meagan Aileen Flynn, Chief Justice of the Oregon Supreme Court, *Gabriel v. Kotek*, Cause No. 3-24-CV-754-JR ("Oregon USDC Due

Process Lawsuit against Government"). The claims asserted in the Complaint are nearly identical to those asserted in Gabriel's Montana USDC Due Process Complaint Against Olsen. Gabriel apparently wanted to have another suit to use as a basis to collaterally attack the Oregon Dissolution of Domestic Partnership Action and its enforcement, given the dismissal of all of his motions filed in the Oregon Circuit Court, Court of Appeals, and Supreme Court as well as dismissal of the Montana USDC Due Process Lawsuit Against Olsen.

36.  **May 3, 2024.**  The day after the Oregon Circuit Court entered its General Judgment, Ryan Gabriel filed a suit in federal court in Oregon against the Oregon Governor, Attorney General, and Chief Justice of the Oregon Supreme Court, in which he asserted subject matter jurisdiction under "42 U.S.C. § 1983," requested an injunction against enforcement of the Oregon Amended General Judgment, and requested a waiver of any requirement that he must post security to stay enforcement of the Judgment.  He asserted a violation of his "substantive due process rights, rights of liberty, dignity, privacy and autonomy guaranteed by the Fourteenth Amendment" and a violation of the "Contracts Clause, Art. I, section 10 of the United States Constitution as incorporated and made applicable to states by the Fourteenth Amendment." *Exhibit* 37 (Oregon USDC Due Process Complaint against Government). The "due process" claims are nearly identical to the claims Gabriel asserted against Olsen in the Montana USDC Due Process Lawsuit Against Olsen, which were dismissed with prejudice. *See* SOFs 20, 28.

Ryan Gabriel filed a Notice of Appeal from the Oregon Dissolution of Domestic Partnership Action in the Oregon Court of Appeals, Case No. A184337 ("Oregon Appeal from Dissolution of Domestic Partnership Judgment"). The appeal is pending with Gabriel having filed three motions for an extension of time to file his opening brief.

37.  **May 10, 2024.**  Ryan Gabriel appealed from the General Judgment entered in the Oregon Dissolution of Domestic Partnership Action to the Oregon Court of Appeals, Case No. A184337. *Exhibit* 38 p. 3 (Case View, Appeal from Oregon Dissolution of Domestic Partnership Judgment).  The appeal is pending and Gabriel has filed three motions to extend the time to file his opening brief.  *Id.* pp. 1-2.

38.   **June 20, 2024**.  The Oregon Circuit Court, Judge Patrick Henry, entered an Amended General Judgment ("Oregon Amended Geneal Judgment") in the Oregon Dissolution of Domestic Partnership Action, which included more specificity for purposes of enforcement.  *Exhibit* 39 (Oregon Amended General Judgment). The Court specifically ordered:

a.  "Mr. Olsen shall have final decision-making authority over all aspects of the sale process, without any interference from Mr. Gabriel who shall completely cooperate in the listing, marketing, and selling of the real properties . . ."

b.  "To support real estate showings to potential buyers and all realtors, including but not limited to [sic] the listing agent shall have complete and unobstructed access without any interference from Mr. Gabriel."

c.  "Mr. Olsen shall select the realtors to market both the properties . . ."

d.  "Mr. Olsen (Petitioner) shall have rights to authority over all aspects, including, but not limited to signing listings contracts, acceptance of offers, and paperwork for closing with respect to the properties . . ."

e.  "Both properties may be sold as soon as possible, including through a quick sale."

f.  "Both properties shall go on the market within 30 days after the entry of this Judgment in this matter."

g.  "Realtors will have complete access to show properties, within 2 hours advance notice. Showings will occur between 9am and 8pm on all days."

h.  "Mr. Gabriel (Respondent) is prohibited from interfering with the sale process."

i.  "Violations of any conditions of this judgement [sic] shall be subject to attorney fees, sanctions and costs."

*Id.*  Gabriel also appealed the Oregon Amended General Judgment.  *Exhibit* 38 p. 3 (Case View of Appeal from Dissolution of Domestic Partnership Judgment).

Ryan Gabriel began filing multiple pleadings in multiple actions to obtain a stay of enforcement of the Oregon Amended General Judgment.  On July 24, 2024, the Oregon Circuit Court entered an order expressly stating that no stay of enforcement was in effect.

39.  **June 18, 2024.**  Gabriel filed a motion with the Oregon Court of Appeals requesting a stay of enforcement of the Oregon Amended General Judgment in the Oregon Dissolution of Domestic Partnership Action.  *Exhibit* 38 (Case View, Appeal from Dissolution of Domestic Partnership Action) p. 3.  The Oregon Court of Appeals denied the motion on June 25, 2024 for reasons including that it improperly requested a discretionary order and was filed in the wrong court.  *Exhibit* 41 (Order Denying Stay of Enforcement – Oregon Court of Appeals).

Jesse Olsen through his attorney, Kai Groenke, filed a Notice of Filing Foreign Judgment in the Montana Eleventh Judicial District, Flathead County, Cause No. DR-15-2024-394 ("Montana Enforcement of Foreign Judgment Action").  The enforcement action is pending.

40.  **July 2, 2024.**  Jesse Olsen, through his counsel, Kai Groenke filed pleadings to enforce the Oregon Amended General Judgment in Montana.  *Exhibit* 42 (Notice of Filing of Foreign Judgment and Affidavit); *Exhibit* 39 (Oregon Amended General Judgment).

41.  **Early July 2024.**  Gabriel, acting *pro se*, filed six documents with the Oregon Circuit Court in an effort to effect a stay of enforcement of the Oregon Amended General Judgment:

- On  July 1, 2024, Gabriel filed a "Supersedes Undertaking Pursuant to ORS 19.335, 19.555," and a "Motion to stay Execution of Amended Judgment Pending Appeal."

- On July 2, 2024, Gabriel filed a "Motion to Stay Execution of Amended Judgment Pending Appeal," and an "Undertaking on Appeal Pursuant to ORS 19.300."

- On July 6, 2024, Gabriel filed a "Supersedeas Undertaking Pursuant to ORS 19.335, 19.355."

- On July 8, 2024, Gabriel filed "Motion to Stay Execution of Amended Judgment Pending Appeal."

*Exhibit* 47 p. 1 (Order Denying Motion for Stay and Sustaining Objection to Bond); *Exhibit* 2 p. 17 (Case Summary OR 22dR04942).

Jesse Olsen requested services of Frederick "Fritz" Groenke to sell the Lakeside Property in accordance with the Oregon Amended General Judgment.  After Fritz visited the Lakeside Property, Ryan Gabriel launched a series of threatening communications to Fritz, which were also directed to Kai and included threats of physical violence.

42. **Early July 2024.**  Jesse Olsen contacted Fritz Groenke for assistance with selling the Lakeside Property in accordance with the Oregon Amended General Judgment.  *Aff. Fritz Groenke* ¶ 1.

43. **July 16, 2024**.  The day after Fritz Groenke visited the property, Ryan Gabriel left a phone message to Fritz threatening to "shoot him in the face" if he ever again set foot on the Lakeside Property.  *Aff. Fritz Groenke* ¶ 3.  He also sent a series of texts to Fritz which included:

- a link to a disturbing video of a person having his skin peeled off and nails and spikes being driven into his body
- a reference to Kai Groenke as the "Taylor Lorenz of the Montana Legal Community"
- a link to a video of Taylor Lorenz doctored with Joe Biden's face and voice, who states while visibly upset "any information that gets out on you will be used by the worst people on the internet to destroy your life."
- threats that Gabriel would investigate family "genealogy data," including regarding Fritz's "grandchildren."

- a threat to sue Fritz Groenke for tortious interference and comment that "I think you can safely assume that if I sue for tortious interference, I can only win the damages I seek if you are alive" which Gabriel posited made him "more valuable" to Gabriel alive than dead.

*Exhibit 43 (Gabriel's text messages to F. Groenke); Aff. Fritz Groenke* ¶ 3. Kai sent Ryan Gabriel an email warning him about his threatening communications, to which Gabriel responded:

> Leave me alone and you will both be fine. There appears to be a settlement on the table regarding the Montana property and if you continue to try and stir up trouble for me, that (apparently public) genealogy data-once it gets out-would have everyone named Groenke at each others' throats.

*Exhibit* 44 (Gabriel email to K. Groenke "settlement on table")*; Aff. Kai Groenke* ¶ 2.

> Both Kai Groenke and Fritz Groenke applied for and received a temporary order of protection against Ryan Gabriel in Justice Court, Flathead County, Cause No. DV-385-2024-1010 (Kai Groenke) and Cause No. DV-385-2024-1021 (Fritz Groenke). Kai was later granted an Order of Protection for 10 years and Fritz was granted an Order of Protection for 2 years. Ryan Gabriel appealed the Orders.

44. **July 19, 2024.** Kai Groenke applied for and received a temporary Order of Protection in Justice Court, Flathead County, Cause No. DV-385-2024-1010. *Exhibit* 45 (Kai's Petition for TOP).

45. **July 24, 2024.** On July 24, 2024, the Oregon Circuit Court held a hearing to address Mr. Gabriel's multiple motions and filings to stay execution of the judgment pending his appeal and Olsen's timely objections thereto. The court ruled at the hearing that "[Gabriel's] undertakings were insufficient on account of [Gabriel's] failure to post a bond, letter of credit, or cash in support of them." The court expressly ordered "there is presently no stay of the provisions of the court's Amended General Judgment." *Exhibit* 47 (Order Denying Motion for Stay and Sustaining Objection to Bond).

> Ryan Gabriel filed multiple retaliatory petitions and pleadings for orders of protection against Jesse Olsen in the District Court and against Jesse, Kai, and Fritz in the Montana Partition Lawsuit, all of which were denied.

46.    **August 3, 2024**   Ryan Gabriel filed a petition for a temporary order of protection against Jesse Olsen in District Court, DR-15-2024-475-OR.   *Exhibit* 48 (Gabriel's Petition for TOP Against Olsen, exhibits omitted).   The Montana Eleventh Judicial District Court, Judge Robert Allison, summarily dismissed the Petition on August 9, 2024 "as it fails to meet basic criteria for a TOP" which failed to plead a relationship, focused on "a long list of complaints and grievances against Taylor Kai Groenke and Frederick Fritz Groenke," and "made no reference to threats of harm or violence from Respondent Olsen against Petitioner Gabriel."   *Exhibit* 49 (Order Denying Gabriel's TOP Petition Against Olsen).

47.    **August 5, 2024**.   Ryan Gabriel also attempted to file a petition for a temporary order of protection against Jesse Olsen, Kai Groenke, and Fritz Groenke in the Montana Partition Lawsuit, which the Clerk rejected on August 12, 2024 pursuant to a standing order that TOP petitions could be filed in District Court only for existing  dissolution, paternity, or custody matters and must otherwise be commenced in Justice Court.   *Exhibit* 50 (Gabriel's Rejected TOP Petition).

48.    **August 8, 2024.**   Fritz Groenke applied for and received a temporary Order of Protection against Ryan Gabriel.   *Aff. of Fritz Groenke.* ¶ 4.

49.    **August 8, 2024.**   Ryan Gabriel filed a motion to lift the stay of proceedings in the Montana Partition Lawsuit for purposes of requesting the court to entertain his petition for a temporary order of protection against Jesse Olsen, Kai Groenke, and Fritz Groenke.   *Exhibit* 51 (Gabriel's Motion to Lift Stay in Partition Lawsuit).   Gabriel simultaneously filed a "Motion for Expedited Consideration of Motion to Lift Stay Proceedings and Schedule Hearing, Etc."   *Id.*   A week later, on August 16, 2024, Gabriel filed a brief in support, and on August 19, 2024, he filed a corrected brief with numerous exhibits.   *Exhibit* 52 (Gabriel's Corrected Brief in Support of Motion to Lift Stay in Partition Lawsuit).

50.    **August 9, 2024.**  Justice of the Peace Paul Sullivan granted Kai a ten-year Order of Protection against Gabriel.  *Exhibit* 53 (Kai's Order of Protection).

51.    **August 9, 2024**.  After providing the required notice to Gabriel on August 5, Jesse Olsen entered into a purchase and sale agreement to sell the Lakeside Property.  *Exhibit* 60 pp. 6, 15 (Motion and Brief to Enforce Judgment).  The buy sell agreement is "subject to approval of court directive."  The closing date in the buy-sell agreement was September 16, 2024, with permitted extensions of the closing date through November, after which buyer may terminate the contract at buyer's discretion.  *Aff. Fritz Groenke* ¶ 5.

52.    **August 14, 2024**.  Dorinda Gray, Vice President and County Manager of Insured Titles in Flathead County, sent an email expressing concerns about closing sale of the Lakeside Property with Ryan Gabriel on the title.  Insured Titles deemed Gabriel a "safety risk" based on his verbal abuse and threats to Insured Titles personnel and stated they were unwilling to move forward without a judicial order clearly allocating proceeds, quieting title, and removing Gabriel from the property.  *Exhibit* 60 Ex. 4-5. (Motion and Brief to Enforce Judgment); *Aff. Kai Groenke* ¶ 2.

A week after the buy-sell agreement was signed, Ryan Gabriel filed retaliatory professional complaints against Fritz Groenke and his company, Montana Real Estate Group, with both the Montana Board of Realty Regulation and the local professional organization, the Northwest Montana Association of Realtors, Inc. ("Fritz Groenke Ethics Complaints"). Gabriel misrepresented in these complaints that Fritz Groenke marketed the Lakeside Property illegally without his permission and while a stay of enforcement of the Oregon Amended General Judgment was in effect. Gabriel's permission was not required under the Judgment and no stay of enforcement was in effect.

53.    **August 15, 2024.**  Ryan Gabriel filed a complaint against Fritz Groenke with the Northwest Montana Association of Realtors, Inc. (NMAR) in which he accused Fritz of illegally listing the Lakeside Property for sale and using photographs taken by another realtor without authorization.  *Exhibit* 54 (Gabriel's Realtor Association Complaint Against Fritz); *Aff. Fritz Groenke* ¶ 6.  In support of his complaint, Gabriel included

an email from his attorney in Oregon dated July 23, 2024, which expressed an opinion that a stay of execution was in effect based on Gabriel having filed an undertaking and added, "We have a court appearance tomorrow morning and are likely to learn more at that time." *Id.*  The Oregon Circuit Court expressly ruled the following day, on July 24, 2024 that no stay of the Oregon Amended General Judgment was in effect. *Exhibit* 47 (Order Denying Motion for Stay and Sustaining Objection to Bond).  Gabriel's inclusion of the email from his attorney with an opinion that was no longer valid misrepresented a stay of enforcement was in effect when the court had expressly ruled otherwise. *Id.*  Fritz Groenke was required to submit a response to the complaint. *Exhibit* 55 (Fritz Groenke's Response to NMAR Complaint); *Aff. Fritz Groenke* ¶ 7.   The NMAR decided to hold the complaint in abeyance pending the outcome of the litigation.  *Exhibit* 56 (NMAR's Response to Gabriel's Complaint); *Aff. Fritz Groenke* ¶ 7.  Gabriel made false, slanderous, and defamatory statements about Fritz with employees, bankers, title company personnel, potential buyers, and realtors and brokers.  *Exhibit* 55 (Fritz Groenke's Response to NMAR Complaint); *Aff. Fritz Groenke* ¶¶ 7, 9.

54.  Gabriel also filed a professional complaint against Fritz to the Montana Department of Labor, Board of Realty Regulation. *Exhibit* 57 (Gabriel's Complaint to Board of Realty Regulation, exhibits omitted); *Aff. Fritz Groenke* ¶ 6.  After a hearing which Fritz attended, the Board dismissed the complaint.  *Exhibit* 58 (Board's dismissal of complaint); *Aff. Fritz Groenke* ¶ 8.

Jesse Olsen filed a Motion to Enforce Foreign Judgment and Petition for Contempt, Statement of Charge and Request for Attorneys' Fees supported by an Affidavit of Jesse Olsen and a Brief to address Gabriel's interference and threats impeding sale of the Lakeside Property.

55.  **August 19, 2024.**  Jesse Olsen filed a motion to enforce the foreign judgment and for a contempt order against Ryan Gabriel.  *Exhibit* 60 (Motion and Brief to Enforce Foreign Judgment).  The Motion was supported by Affidavits including one from Jesse Olsen. *Exhibit* 61 (Affidavit of Jesse Olsen).

Gabriel began misrepresenting in multiple complaints and pleadings that the Lakeside Property was marketed and sold while a stay of enforcement of the Oregon Amended General Judgment was in effect.

Ryan Gabriel filed a complaint against Kai Groenke, Groenke Holdings, LLC, Fritz Groenke, MT Real Estate Group, Montana Regional MLS, LLC In the Montana Eleventh Judicial District Court, Cause No. DV-2024-1197, Flathead County ("Montana Tortious Interference and Consumer Protection Lawsuit Against Multiple Defendants"). The "tortious interference" claims duplicated those in the Tortious Interference Lawsuit Against Nelson.  Gabriel misrepresented in his Complaint that a stay of enforcement of the Oregon Amended General Judgment was in effect. He filed the Complaint to impede or prevent enforcement of the Oregon Amended General Judgment and sale of the Lakeside Property. The lawsuit is pending and all Defendants have filed a motion to dismiss the Complaint.

56.   **August 19, 2024.**  Gabriel filed a Complaint for Injunctive and other Relief in The Eleventh Judicial District Court, Flathead County which contained a "tortious interference" claim that duplicated the claim in Gabriel's Tortious Interference Lawsuit Against Nelson.  *Exhibit* 62 ¶¶ 13-14, 16-18, 25, 33, 37, 42 (Complaint for Injunctive and Other Relief - tortious interference and consumer protection); *Exhibit* 15 (Tortious Interference Lawsuit Against Nelson).  Gabriel again misrepresented that a stay of the Oregon Amended General Judgment was in effect.  In support of his misrepresentation, Gabriel attached the following:

- a "Case View" showing that his motion for a stay had been "accepted" on June 18, 2024.  *Id.* Ex. 2.
- a copy of Rule 72 Oregon Rules of Civil Procedure.  *Id.* Ex. 17.
- a Zillow listing of the Lakeside Property showing it is "under contract."  *Id.* Ex. 26.
- the email from his Oregon attorney dated July 23, 2024 opining that an automatic stay was in effect based on a Gabriel having filed a supersedeas undertaking and stating, "We have a court appearance tomorrow morning and are likely to learn more at that time." *Id.* Ex. 3.

The Oregon Circuit Court, Judge Patrick Henry, expressly ruled nearly a month earlier on July 24, 2024 that "there is presently no stay of the provisions of the court's Amended General Judgment." That Order was signed on August 14, 2024. *Exhibit* 47 (Order Denying Motion for Stay and Sustaining Objection to Bond). Gabriel's own attorney acknowledged in an email on January 24, 2024 that "it is Mr. Olsen's decision" whether to proceed with a sale. *Exhibit* 62A (email communications with Gabriel's Oregon attorney, Andrew Newsom). Gabriel's attorney signed the Order "as to form" on August 7, 2024 on behalf of Gabriel. There is no doubt Mr. Gabriel was aware of this Order and that no stay of enforcement of the Judgment was in effect on August 19, 2024 when he filed his Montana Tortious Interference and Consumer Protection Lawsuit Against Multiple Defendants and misrepresented a stay was in effect.

57. **August 22, 2024.** Justice of the Peace Paul Sullivan granted Fritz Groenke a two-year Order of Protection against Ryan Gabriel. *Exhibit* 46 (Fritz's Order of Protection).

Ryan Gabriel filed a Complaint against Insured Titles, LLC, Dorinda Sue Gray, Kai Groenke, Fritz Groenke, and MT Real Estate Group, Case No. 24-CV-118-JTJ, United States District Court, District of Montana, Missoula Division ("Montana USDC Due Process Lawsuit Against Multiple Defendants"). The claims in this Complaint duplicate those made in the Montana USDC Due Process Lawsuit Against Olsen and in the Oregon USDC Due Process Lawsuit Against Government. Gabriel misrepresented in this Complaint that a stay of enforcement of the Oregon Amended General Judgment was in effect. He filed the Complaint to impede or prevent enforcement of the Oregon Amended General Judgment and sale of the Lakeside Property. The lawsuit is pending and all Defendants filed a motion to dismiss the Complaint.

58. **August 26, 2024.** Ryan Gabriel filed a Complaint for Injunctive and Other Relief against Insured Titles, LLC, Dorinda Sue Gray, Taylor Kai Groenke, Frederick "Fritz" Groenke, and Montana Real Estate Group, LLC, which he did not serve until roughly a month later. *Exhibit* 63 (Montana USDC Due Process Lawsuit Against Multiple Defendants, exhibits omitted). Mr. Gabriel's claims and requests for relief in this Complaint are nearly identical to those set forth in his federal lawsuits earlier filed. *See Exhibit* 23 (Montana USDC Due Process Lawsuit Against

Olsen) and *Exhibit* 37 (Oregon USDC Due Process Lawsuit Against Government).  Gabriel filed this Complaint with knowledge that the court had dismissed his Montana USDC Due Process Lawsuit against Olsen with prejudice for failure to state a claim upon which relief could be granted. Gabriel misrepresented in this Complaint that a stay of enforcement of the Oregon Amended General Judgment was in effect.

> Given Kai's Order of Protection against him, Gabriel began sending threatening messages to Kai's paralegal, which he intended Kai to also receive and view.  These communications violated Kai's Order of Protection.  At least three of them contained a veiled death threat.

59.    **August 29, 2024**.  Gabriel sent a threatening email to Jesse Olsen, which he copied to Kai's paralegal, Melissa Smith, through the domain owned by Kai (familylawflathead.com).  In the email Gabriel referred to Kai as the "Half-Wit Hag of Flathead Valley" and to Kai and Fritz as the "Groenke Crime Cartel."  The email also stated, "Oh, and now that we're on the topic of power-starved, half-witted Stalinist lawyers, I have this excellent scene from 'The Death of Stalin' for you to entertain yourself with."  The email contained a link to a clip from the movie "The Death of Stalin" featuring a man being arrested, beaten, a bag placed over his head, and a debate amongst other men over whether he should be executed while he begs and pleads for his life.  *Exhibit* 63A; *Aff. Kai Groenke* ¶ 2.

60.    **September 6, 2024.**  Gabriel sent a threatening message to Kai Groenke's paralegal stating, "Those who pick fights like this tend to learn only very slowly what life has in store for them. According to historical accounts, these things really do happen to very, very real people." Gabriel's statement was followed by a link to a photo showing execution and torture of an individual with his limbs, breasts and thighs removed while alive.  Mr. Gabriel concluded his email with, "Racketeering is one of those crimes that inevitably ends in horror.  Are you engaged in racketeering?"  *Exhibit* 64 (Gabriel's threatening email to Kai's paralegal with torture photo).

61.    **September 30, 2024.**  The Montana Eleventh Judicial District Court, Robert Allison, affirmed the Justice Court's Order of Protection against Ryan Gabriel in favor of Kai Groenke, which Gabriel

appealed, including its finding that "a credible threat of the use of physical force against [Kai] exists." Gabriel filed two motions in the appeal seeking a hearing on his assertions of perjury, contempt of court, and stalking by Kai, which the court denied as procedurally improper. *Exhibit* 59 (District Court Order affirming Kai's Order of Protection).

62. **October 3, 2024.** United States Magistrate Judge Jolie A. Russo entered Findings and a Recommendation to dismiss the Oregon USDC Due Process Lawsuit Against Government under Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P. based on the *Rooker-Feldman* Doctrine, failure to state a claim under 42 U.S.C § 1983, and because retrospective relief could not be granted. *Exhibit* 65 (Findings and Recommendation, Oregon USDC). On October 22, 2024, United Stated District Court Judge Karin J. Immergut dismissed the case for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine and failure to state a claim given Eleventh Amendment prohibitions. *Exhibit* 66 (Order Adopting Findings and Recommendations, Oregon USDC).

63. **October 4, 2024.** Ryan Gabriel sent an email to Kai's paralegal threatening to pursue Kai's disbarment and referring to her as "The Maximilien Robespierre of the Montana Legal Community" noting "The Taylor Lorenz of the Montana Legal Community was a bit too kind." The email contained a link to a Wikipedia site regarding Maximilien Robespierre, a French lawyer and statesman who was arrested, unsuccessfully tried to commit suicide, tortured, and then beheaded during the French Revolution. *Exhibit* 66A; *Aff. Kai Groenke* ¶ 2.

64. **October 6, 2024.** Ryan Gabriel appealed to the District Court Fritz Groenke's Order of Protection against him granted by the Justice Court. *Exhibit* 67 (Gabriel's Appeal to District Court of Fritz's Order of Protection).

*continued on next page*

Ryan Gabriel posted a bond of $51,816.00 in the Oregon Dissolution of Domestic Partnership Lawsuit and filed a "Notice of Reinstatement of Stay of Foreign Judgment" in the Montana Enforcement of Foreign Judgment Action and in the Montana Tortious Interference and Consumer Protection Lawsuit Against Multiple Defendants. The "Notice" mispresented that a stay was in effect prior to Gabriel's posting of a bond and ignored the Order that a stay was not in effect. The "Notice" also mispresented the legal effect of Gabriel's bond on the buy sell agreement as that issue is now before the Oregon Circuit Court to decide. Relying on this "Notice," Gabriel moved to "vacate" and "dismiss" Olsen's Motion to Enforce Foreign Judgment and Petition for Contempt, Statement of Charge and Request for Attorneys' Fees. Gabriel then sent threatening communications to Kai's paralegal to persuade Olsen and his counsel to withdraw Olsen's Motion to Enforce Foreign Judgment and Petition for Contempt.

65.    **October 18, 2024.** Ten days prior to the show cause hearing on Olsen's motion to enforce the Oregon judgment and sale of the Lakeside Property, and to hold Gabriel in contempt of court, Gabriel deposited $51,816.00 with the Oregon Circuit Court with an undertaking. *Exhibit* 68 (Gabriel's Undertaking and Filing of Bond). Gabriel then filed a "Notice of Reinstatement of Stay of Foreign Judgment" in the Montana Enforcement of Foreign Judgment Action and in the Tortious Interference and Consumer Protection Lawsuit against Multiple Defendants. *Exhibit* 69 (Notice of Reinstatement of Stay – Enforcement Action); *Exhibit* 70 (Notice of Reinstatement of Stay – Tortious Interference and Consumer Protection Lawsuit). The "Notice" mispresented that a stay was in effect prior to Gabriel's posting of a bond. *See Exhibit* 47 (Order Denying Motion for Stay and Sustaining Objection to Bond). The Notice also mispresented the legal effect of Gabriel's bond on the buy sell agreement for the Lakeside Property as that issue is now before the Oregon Circuit Court to decide. *Aff. Kai Groenke* ¶ 3.

66.    **October 20, 2024.** Ryan Gabriel sent the following email to Kai's paralegal and defendants:

> Oh, and lest I be accused of lacking a sense of humor in the forthcoming proceedings:

[https://youtu.be/FhoSqdCG9fQ?si=QLtquasNG2AmCDnm](https://youtu.be/FhoSqdCG9fQ?si=QLtquasNG2AmCDnm)    [link to song with German lyrics about stalking, hunting and killing a doe and watching her bleed with repeated lyrics stating "the creature must die, die!"].

 Funny is serious, and vice versa.

*Exhibit* 71 (Gabriel's email with death song and downloaded translation); *Aff. Kai Groenke* ¶ 6.  Following this email Gabriel was criminally charged with felony Intimidation and Stalking as a result of his course of conduct in repeatedly harassing, intimidating and threatening Kai Groenke between May 2023 and October 2024.  *Aff. Kai Groenke* ¶ 4 and Ex. 1.

67.    **October 23, 2024.**  Gabriel filed a motion to dismiss Olsen's enforcement and contempt motion and vacate the hearing based on his "Notice of Reinstatement of Stay of Foreign Judgment."  *Exhibit* 72 (Gabriel's Motion to Vacate Contempt Hearing and Dismiss Olsen's Motion to Enforce Judgment). He also sent an email to Kai's paralegal threatening contempt proceedings against Jesse Olsen if Olsen did not withdraw his "now-defunct" motion for contempt against Gabriel.  *Exhibit* 73 (Gabriel's email to Kai's assistant with threats if Olsen does not withdraw motion).

68.    **October 29, 2024.**  A hearing was held on Olsen's motion to enforce the Oregon Amended General Judgment and for contempt proceedings against Gabriel.  Gabriel attended, representing himself.  Kai Groenke appeared on behalf of Jesse Olsen.  After receiving evidence from both parties, the Montana Eleventh Judicial District Court, Judge Dani Coffman, took under advisement Jesse Olsen's motion for contempt and attorney's fees, but entered an order on October 31, 2024, restraining Ryan Gabriel concerning sale of the Lakeside Property:

. . . The subject judgment was filed as a Foreign Judgment in this Court in early July. The Judgment gives Plaintiff Jesse Olsen ("Olsen") nearly unilateral power to list and sell their properties with input from Gabriel. The Judgment also prohibits Gabriel from interfering in the sale of the property. When there was or was not a stay of judgment is in dispute and will be litigated, if necessary, in Oregon. Olsen wished to nonetheless proceed with an evidentiary hearing on Gabriel's conduct that Olsen alleges has interfered with the sale of their property in Lakeside, Montana.

The Court heard testimony from several witnesses who detailed communications they received from Defendant Ryan Gabriel ("Gabriel") that were threatening in nature and are the subject of respective protective order proceedings. Gabriel testified that he was hyperbolic in his communications, and/or "funny," and that everyone was overreacting. Whatever Mr. Gabriel thinks of his style of communication, the Court agrees with Olsen that they are threatening and obstructive. Accordingly, while the Court takes under advisement the motion for contempt and attorney's fees, **IT IS HEREBY ORDERED:**

Ryan Gabriel shall have no direct or indirect contact, except through legal counsel, with any party associated with the real estate transaction in Lakeside, Montana. This includes but is not limited to Olsen's attorney, her staff, the realtor, the Title Company, the buyer, or any other party having any connection to the Lakeside property. Ryan Gabriel may not harass or threaten any person associated with the sale of the Lakeside, Montana property. This includes but is not limited to the above-named people, and any inspectors or tradespeople who may visit the property in connection with the subject real estate transaction. Mr. Gabriel may respond to scheduling inquires made directly to him regarding the Lakeside properties, any response must be limited to the scope of the request and must not be harassing or threatening in nature. Similarly, Ryan Gabriel shall not interfere, directly or indirectly, except by lawful legal process, with the sale of real property in Lakeside, Montana as set forth in the Oregon Judgment. Mr. Gabriel is hereby on notice that if he makes frivolous legal filings, he may be deemed a Vexatious Litigant under Montana law.

This Order is in effect whether or not there is a stay of the Oregon Judgment. Interference shall include, because of his prior threatening conduct for which he is the subject of felony criminal charges, being present when a realtor, inspector, buyer, or other person authorized by Olsen is on the premises, provided Gabriel is given two hours advance notice. Gabriel will remain .25 miles from the property or more during any such time a person is present

on the property, as authorized by Olsen, for the purpose of effectuating the sale of the property.

*Exhibit* 74 (No Contact Order against Gabriel re Lakeside Property).  The Court clarified its Order that Gabriel may send pleadings only to Olsen's attorney.  *Exhibit* 75 (Order Clarifying Court's No Contact Order).

Ryan Gabriel filed a Notice of Appeal with the Montana Supreme Court challenging the District Court's Order affirming Kai Groenke's Order of Protection, *Groenke v. Gabriel*, Case No. DA24-0646.  This was the day after Judge Coffman warned him about making frivolous filings.

69.    **October 30, 2024.**   Ryan Gabriel filed an appeal to the Montana Supreme Court to challenge the District Court's Order that affirmed the Justice Court's Order of Protection obtained by Kai Groenke against Ryan Gabriel, Case DA24-0646.  *Exhibit* 76 (Notice of Appeal to Montana Supreme Court – Kai's Order of Protection).  This was the day after the Court verbally warned Gabriel that he could be deemed a vexatious litigant under Montana law for making frivolous filings.  *Aff. Kai Groenke* ¶ 5; *Exhibit* 74 (No Contact Order against Gabriel re Lakeside Property).

DATED this 19th day of November, 2024.

Hall & Evans, LLC

/s/ Susan G. Ridgeway
Susan G. Ridgeway
*Attorneys for Defendant,*
*Taylor Kai Groenke*

## CERTIFICATE OF SERVICE

I, Susan G. Ridgeway, hereby certify that I have served true and accurate copies of the foregoing Notice - Memorandum in Support to the following on 11-19-2024:

Alan F. McCormick (Attorney)
PO Box 7909
350 Ryman St.
Missoula MT 59807
Representing: Frederick J Groenke
Service Method: eService

Kevin Scott Jones (Attorney)
2625 Dearborn Ave., Ste. 102A
Missoula MT 59804
Representing: Montana Regional MLS, LLC
Service Method: eService

Remy James Orrantia (Attorney)
2625 Dearborn Ave., Ste. 102
Missoula MT 59804
Representing: Montana Regional MLS, LLC
Service Method: eService

Joseph David Houston (Attorney)
2625 Dearborn Avenue, Ste. 102A
Missoula MT 59804
Representing: Montana Regional MLS, LLC
Service Method: eService

Ryan Dean Gabriel (Petitioner)
2000 Blacktail Rd. Box 1140
Lakeside MT 59922
Service Method: Email

Electronically signed by Donna Allen on behalf of Susan G. Ridgeway
Dated: 11-19-2024