# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

RYAN DEAN GABRIEL,           )        Civil No. **CV-24-118-M-JTJ**

               Plaintiff,           )

vs.           )        **PLAINTIFF RYAN DEAN GABRIEL'S AFFIDAVIT AND BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL**

DORINDA SUE GRAY, et al           )

          Defendants.           )

------------------------------------------------------------------------------------------------

RYAN DEAN GABRIEL deposes and says:

    1.    To the best of my knowledge, all facts alleged herein and exhibits supporting this instant affidavit are true and accurate.

    2.    I herein provide notice to this Court of an indefinite stay – ordered by the Oregon Court of Appeals on December 12, 2024 – of the foreign court judgment that Defendants DORINDA SUE GRAY, INSURED TITLES, LLC / DBA INSURED TITLES ("M/r/s. Gray"), TITLE INSURANCE CORPORATION/ DBA INSURED TITLES ("Insured Titles"), TAYLOR KAI GROENKE ("M/r/s. Groenke") and FREDERICK J. "FRITZ" GROENKE /DBA MONTANA REAL ESTATE GROUP ("Mr. Groenke") have relied upon to seek dismissal of the instant case. (Doc 7, Doc 15, Doc 26). (*See* **Exhibit 52** *and* **Exhibit 55**, attached here.)

3.    This foreign court judgment that has been subject to an indefinite stay since July 2, 2024, and perfected on October 18, 2024 – now affirmed by the higher Oregon Court (of Appeals) – was also heavily relied upon to support the Defendants' various motions granted in the Order dated December 31, 2024, entered against Plaintiff by the Montana Eleventh Judicial District Court, Honorable Robert B. Allison, Cause Number DV-15-2024-0001197:  a) to Declare Plaintiff a Vexatious Litigant; b) to Dismiss; and c) for Prefiling Order and Fees. (Doc 31).

## PLAINTIFF'S BRIEF - INTRODUCTION

4.    As a result of the Oregon Court of Appeals latest rulings, Defendant Mr. Groenke (through Montana Regional MLS, LLC) has withdrawn the unlawful listing of Mr. Gabriel's permanent residence at 2000 Blacktail Rd. in Lakeside, MT, and Defendant M/r/s. Groenke has also withdrawn, in full retreat, as legal counsel for the Plaintiff in Flathead County District Court Cause No. DR-24-394 (Hon. Danni Coffman presiding).  (*See* **Exhibit 61**, attached here.)

5.    Mr. Gabriel has filed prior notices into this instant case that the Court of Appeals of the State of Oregon has issued an order granting a temporary stay of the Amended General Judgment in Multnomah County Circuit Court No. 22DR04942 (Court of Appeals No. A184337).  The Defendants were relying upon this stayed judgment to justify their ongoing unlawful actions to interfere in Plaintiff

Mr. Gabriel's affairs, contracts and permanent residence in the instant matter. (**Doc 1.**) (*See* **Exhibit 52** *and* **Exhibit 55**, attached here.)

6.    The appellate court has now issued two very clear *'Orders'*, one signed on November 26, 2024, by Chief Judge Hon. Erin C. Lagesen, and another on Thursday, December 12, 2024.  In this more recent *'Order'*, the Oregon Court of Appeals further clarified the scope of the Stay previously ordered on Mr. Gabriel's behalf by Chief Judge Hon. Erin C. Lagesen:

> "Under ORS 19.335(2), to the extent that the judgment requires appellant to relinquish possession of the real property, his filing of the supersedeas undertaking "acts to stay" that requirement. Thus, having complied with the provisions of ORS 19.335(2), including depositing the agreed security with the court, appellant is entitled to maintain possession of the property at issue pending resolution of this appeal. On review of the trial court's order under ORS 19.360, the court rules that, to the extent that, under the judgment on appeal, appellant is required to transfer or deliver possession of the real property at issue, that portion of the judgment is stayed pending completion of the appeal."

> (*See* **Exhibit 55**, attached here.)

7.    The previous appellate court *'Order'*, signed on November 26, 2024, by Chief Judge Hon. Erin C. Lagesen, reads:

> "In view of German Sav. Soc'y v. Kern, 42 Or 532, 70 P 709 (1902), appellant's [Mr. Gabriel's] request for a temporary stay is granted pending resolution of this motion.  As a result of this temporary stay, appellant is entitled to remain in possession of the property at issue pending further ruling by this court.  *See Kern*, 42 Or at 535-36 ("[I]f the appellant is in possession at the time of the filing of the undertaking,

he is entitled to remain so until the matter is fully adjudicated in the appellate court.").

Mr. Gabriel herein attaches a copy of the 'Order' in the Oregon appellate court. (*See* **Exhibit 52**, attached here).

8.    The indefinite Stay ordered by the Oregon Court of Appeals is in support of the prior-referenced supersedeas undertaking and cash posting of $51,816 discussed at length in this instant (Flathead County) Court's hearing, dated October 29, 2024, in a related case (Cause No. DR-24-394), Hon. Judge Danni Coffman presiding.  On October 18, 2024, an agreed upon cash posting ($51,816) and corresponding supersedeas undertaking was filed in the Oregon domestic relations trial court, effecting a Stay per the stipulated Order, which reads:

> "The court heard arguments and accepted the parties' agreement that the reasonable ***value and use and occupation of their Montana home*** came to $4,318 monthly and that, because respondent [Mr. Gabriel] is a half owner, the posting that will effect a stay is 24 times half of that amount (i.e., a posting of $51,816)." (Emphasis added.)

Per the November 26, 2024, and December 12, 2024, rulings by the Oregon Court of Appeals, combined with the signed stipulated Multnomah County trial court *'Order Re:  Objection to Undertaking'* dated August 14, 2024, this therefore entitles Plaintiff Mr. Gabriel to "use and occupation" of the property located at 2000 Blacktail Rd. in Lakeside, MT 59922 for a period of 24 months, starting on October 18, 2024.  (*See* **Exhibit 45**, attached here).  This 24-month period was agreed to by

all parties in the Oregon trial Court in anticipation of a 2-year process to conclude the appellate process in the State of Oregon.

9.    The foregoing Oregon Court of Appeals *'Orders'* would appear to render this Court's recent findings and dismissal of this lawsuit under the *'Rooker-Feldman'* doctrine moot, as the state court action is still pending and Plaintiff is in no way a "state court loser[1]" given the appellate court's reversal of the lower court judgment wherever the forced sale of Mr. Gabriel's permanent Montana residence – and his subject forced eviction – is concerned. The unlawful forced sale of Plaintiff's permanent Montana residence and his subsequent eviction lies at the heart of the matter of Mr. Gabriel's instant complaint for injunctive and declaratory relief. Therefore, the issue is ripe for a reversed/remanded ruling by this Court, and/or for this Court to order a new trial per Plaintiff's instant motion. (Doc 30.)

## LEGAL STANDING AND DIVERSITY JURISDICTION

10.    In Magistrate Judge John Johnston's *'Memorandum and Order'* dated December 4, 2024, he argues:

> "Gabriel's Complaint has failed to allege diversity jurisdiction. Although Gabriel's Complaint alleges that he and Defendants Dorinda Sue Gray, Frederick Groenke and Kai Groenke reside in Montana, he has not alleged the citizenship of any party as required to invoke the Court's diversity jurisdiction. (Doc. 1) Furthermore, if the parties who allegedly reside in Montana are also citizens of Montana, there is not complete diversity between the parties because Gabriel and several defendants would be citizens of Montana. Thus, the Court lacks subject

---

[1] *See 'Green-Jordan v. Taylor'*, 2023 WL 4291849 (C.D. Cal. May 3, 2023) *at* *2-3.

matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Owen Equip. & Erection Co., 437 U.S. at 373-74." (Doc 26.)

Per the foregoing, Magistrate Judge Johnson's *'Order'* states, "Gabriel's Complaint has failed to allege diversity jurisdiction."  However, to the extent that Mr. Gabriel requires leave of the Court to amend the *'Complaint'*, Mr. Gabriel has already filed that motion into the instant case.  (Doc 18 at 1-5.)

11.    In Plaintiff's *'Motion for Leave to Amend Complaint'*, dated and duly filed on October 20, 2024, Mr. Gabriel wrote:

> "Plaintiff Mr. Gabriel seeks this amended complaint to conform to the statements made by Defendant DORINDA SUE GRAY, INSURED TITLES, LLC, AND FLYING S TITLE AND ESCROW OF MONTANTA, INC., (See ECF No. 13, 'Defendants, Dorinda Sue Gray, Insured Titles, LLC, and Flying S Title and Escrow of Montana, Inc.'s Corporation's Brief Supporting Motion to Dismiss', page 2, §1, ¶1, filed October 4, 2024): "… the parent corporation of Insured Titles, LLC, is a Montana corporation called "Flying S Title and Escrow of Montana, Inc. ("FSTE")." Plaintiff Mr. Gabriel agrees with this statement, and further notes the correct parent company of Insured Titles, LLC and Flying S Title and Escrow of Montana, Inc. is Title Financial Corporation located at 195 S Broadway in Blackfoot, ID. 83221. Therefore, the Defendant 'TITLE INSURANCE CORPORATION /DBA INSURED TITLES' should be instead identified by its correct name: 'TITLE FINANCIAL CORPORATION /DBA INSURED TITLES'.
>
> 2. Plaintiff Mr. Gabriel therefore requests leave of this Court to amend the instant Complaint pursuant to Fed. R. Civ. P. 15 to make this slight modification to the identified Defendant, and in order to conform with Defendant's instant brief in support of their October 4, 2024, motion." (Doc 18.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12.    The Defendant doing business as "Insured Titles" is an Idaho corporation, as alleged by Plaintiff Mr. Gabriel in the foregoing *'Motion for Leave to Amend Complaint'* (Doc 18.) as well as in *'Plaintiff's Response to Defendants' Motions to Dismiss / Plaintiff's Answer to Defendant's Response Brief Opposing Motion for Leave to Amend Complaint'*. (Doc 21.)

13.    Therefore, this Court is either in error by arguing Plaintiff has "failed to allege diversity jurisdiction", or it is in error by concluding the "amendment of Gabriel's Complaint would be futile", given that Plaintiff's *'Motion for Leave to File Amended Complaint'* literally spells out that Plaintiff wishes to cure this technical oversight in the original *'Complaint'*. (Doc 18 at 1-5.)

## COLOR OF LAW AND STATE ACTION

14.    In Magistrate Judge John Johnston's *'Memorandum and Order'* dated December 4, 2024, he argues:

> "Additionally, Gabriel's Complaint fails to raise a federal question under 42 U.S. C. §1983. Under § 1983, a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law. Rawson v. Recovery Innovations, Inc., 975 F.3d 742, 747 (9th Cir. 2020) (citing Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000)).
>
> The Ninth Circuit has identified four tests under which a private person may be deemed to be acting under color of state law: (1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus. Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835-36 (9th Cir. 1999). Under "governmental

coercion or compulsion," the court considers "whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." Id. at 836."

(Doc 26.)

15.    Contrary to the findings of Magistrate Judge Johnson, Mr. Gabriel's instant Complaint seeks a Federal injunction against unlawful actions initiated by the Defendants which meet ***all four*** tests identified by the Ninth Circuit in *'Sutton v. Providence'*[2] (emphasis added.).  As Mr. Gabriel's *'Complaint'* (Doc 1.) alleges, on March 2022, Jesse Mark Olsen ("Mr. Olsen") sued Mr. Gabriel for dissolution of "unregistered domestic partnership" in Oregon, a state in which Mr. Gabriel has never been domiciled, and Defendant M/r/s. "Kai" Groenke has stated she intends to leverage an amended Oregon judgment – now subject to a higher Court indefinite stay on appeal – in Montana to hold Mr. Gabriel in contempt of court, explicitly for the purpose of jailing Mr. Gabriel in order to force his signature on the title documents relinquishing his possession of his own home and permanent residence.[3]

16.    The Oregon Court of Appeals is, to date, is the highest Court to rule on the central question of whether Mr. Gabriel's actions to prevent his ouster from his own permanent residence are and were legally sound.  Per Chief Judge Hon. Erin C. Lagesen, Defendant/Appellant Mr. Gabriel has acted fully within his rights

---

[2] Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835-36 (9th Cir. 1999)
[3] See 'MOTION TO ENFORCE FOREIGN JUDGMENT AND PETITION FOR CONTEMPT, STATEMENT OF CHARGE, AND REQUEST FOR ATTORNEYS' FEES', Montana Eleventh Judicial District Court, Flathead County, Cause No. DR-2024-394 (E). (*See* **Exhibit 29**, attached.)

from the moment Mr. Gabriel first filed his *'Notice of Appeal'* and *'Supersedeas Undertaking(s)'* in the underlying domestic dispute.  That *'Notice of Appeal'* was filed on May 10, 2024, and the *'Supersedeas Undertaking(s)'* were filed on July 1, 2024, and then perfected on October 18, 2024.  (*See* **Exhibit 17, Exhibit 28, Exhibit 45** *and* **Exhibit 57**, attached here.)

17.    Conversely, Defendants Mr. Groenke, M/r/s. Groenke, M/r/s. DORINDA SUE GRAY ("M/r/s. Gray") and INSURED TITLES ("FSTE") have been relying on the stayed lower court judgment, combined with their authorities granted by the lower Montana courts, the Montana Bar Association, the Montana Dept. of Labor's realtor and State of Montana's title licensing division, to unlawfully harass, provoke and stalk Plaintiff Mr. Gabriel in his own home and permanent residence. (*See* **Exhibit 1**, **Exhibit 26**, *and* **Exhibit 27**, attached).

18.    And now per the highest Court to yet rule on the matter, the defendants did not have the legal authority to perform the foregoing acts *in retrospect*.  (Emphasis added.) (*See* **Exhibit 17, Exhibit 28, Exhibit 45** *and* **Exhibit 57**, attached here.)

19.    Underscoring the very real, immediate and life-threatening severity of Mr. Groenke's ongoing misinterpretations of the foreign (Oregon) Court's orders (whether through his counsel or acting on his own behalf):  On Veterans' Day, November 11, 2024, Mr. Groenke dispatched armed private security agents – ***with***

***their guns drawn*** – to raid Mr. Gabriel's home and permanent residence at dawn, not knowing who if anyone might be inside, and without adequate confirmation to those who could potentially be impacted at cost to their lives. (Emphasis added.) Mr. Gabriel herein furnishes this Court video evidence attached in the form of a compact disk and still-frame video captures, taken within Mr. Gabriel's private living quarters on that date (*See* **Exhibit 49**, enclosed *and* **Exhibit 50**, attached).

20.　Defendant Frederick "Fritz" Groenke did not have legal authorization to list the property at the time of its listing on or before July 23, 2024, nor at the time of the subsequent temporary withdrawal and re-listing weeks later, and he was advised as much by Mr. Gabriel's Oregon attorney (Andrew Newsom, Partner – Holtey Law Firm).  Mr. Groenke listed it anyway, in active coordination with his alleged biological daughter, Taylor "Kai" Groenke. (*See* **Exhibit 3**, attached here).

21.　In the days that followed, Mr. Gabriel also witnessed the electronic gate that Mr. Groenke forcibly broke by forcing his way through it, along with the unauthorized listing of Mr. Gabriel's property, accompanied by the misleading and far-outdated photos from 2019 that Mr. Groenke illegally used in his listing – photos that still belong to Cecil Waati, another local realtor.  Later, Mr. Gabriel learned via e-mail thread that Taylor "Kai" Groenke was directing and coordinating Mr. Groenke's unlawful entry and trespass of Mr. Gabriel's property.  (*See* **Exhibit 9**, **Exhibit 11** and **Exhibit 12**, attached here).

22.    According to M/r/s. Groenke, her client, JESSE MARK OLSEN ("Mr. Olsen"), had previously hired Defendant Mr. Groenke, the alleged biological father of Defendant Taylor "Kai" Groenke, to attempt to sell Mr. Gabriel's permanent residence.  At Mr. Groenke's request, Montana Regional MLS, LLC, then listed the real property at 2000 Blacktail Road, Lakeside, MT 59922 for sale and the property is now under contract, as of August 9, 2023.  This was done without Mr. Gabriel's consent, and with the lower court stay (Supersedeas Undertaking) still in place. (*See* **Exhibit 26** *and* **Exhibit 3**, attached).

23.    Compounding the unlawful listing of Mr. Gabriel's property and permanent residence (2000 Blacktail Road, Lakeside, MT 59922) Frederick "Fritz" Groenke, unlawfully impersonated another realtor (Michelle Thomson), deliberately using her signature and then substituting her 'Reply' address (michellethomson.bigfork@gmail.com') with his own (mtreg@cyberport.net'). Mr. Groenke then attempted to walk back the attempted fraudulent conveyance, actions described by Kaaren Winkler, MPA, RCE, CAE and Chief Executive Officer of the Montana Association of REALTORS as "serious", "troubling" and "severe". (Emphasis added.) (*See* **Exhibit 1** and **Exhibit 19**, attached).

24.    In other words, on August 8, 2024, at approximately 4pm MST, Defendant Fritz Groenke, in active coordination with Defendant Taylor "Kai" Groenke, impersonated another realtor, Michelle Thomson, in the process of

PLAINTIFF'S BRIEF AND AFFIDAVIT IN SUPPORT OF MOTION FOR NEW TRIAL

committing numerous other crimes, including illegal trespass (under Montana Penal Code 45-6-203), vandalism, breaking and entering and harassment, among other acts. These actions also constitute rank violations of Article 1 & Article 3 of the National Association of Realtors (NAR) Code of Ethics: Unauthorized Access to Property, SOP 1-16 and 3-9. (*See* **Exhibit 1** *and* **Exhibit 18**, attached).

25.    Michael Ponton, CEO of the Montana Regional MLS, was made aware of the correspondence from Mr. Gabriel's Oregon attorney, Andrew Newsom, which stated that at the time of the listing in question an active Court stay (supersedeas undertaking) was in place on a judgment that Fritz Groenke purported to rely on to justify the illegal listing, at Defendant M/r/s. Groenke's prodding. That listing has never been taken down, though a court stay was in place. (*See* **Exhibit 3**, attached).

26.    The full forwarded e-mail exchange implicating Mr. Groenke in the foregoing is attached as Exhibit 1. (*See* **Exhibit 1,** attached).

27.    Compounding matters yet further: Previously, on Friday, July 19, 2024, Defendant M/r/s. Groenke filed for a Temporary Petition for Protective Order with the Justice Court of the State of Montana (Flathead) before Hon. Paul Sullivan, Justice of the Peace. In this Protective Order, Taylor "Kai" Groenke sought a ruling that would require Mr. Gabriel "**shall stay at least 2,500 feet from … 2000 Blacktail Road, Lakeside, MT 59922**" – which happens to be Mr. Gabriel's

permanent residence and home, and which he owns, has title to, and lives in.  (*See* **Exhibit 15** *and* **Exhibit 4**, **page 2**, attached).

28.    For further context, M/r/s. "Kai" Groenke's husband is David C. Dowell, who happened to work for the Flathead County Probation and Parole office, which in turn works closely with Hon. Paul Sullivan's Justice Court.  In other words, M/r/s. Groenke is trying to use her husband's connections adjacent to Hon. Paul Sullivan, Justice of the Peace, and the Flathead County Justice Court, to evict Defendant/Appellant Mr. Gabriel from his own home ostensibly so that her father, Frederick "Fritz" Groenke (a realtor) can sell it out from underneath Mr. Gabriel for some undisclosed commission.  M/r/s. Groenke's exact words, from her recent filing in Flathead County Case No. DR-2024-394 (E): "**Ryan should be incarcerated until such time as the sale of the property closes.  Furthermore, incarceration will ensure Ryan remains available in Flathead County to sign any documents necessary to close the sale of the property.  Finally, Ryan will be more easily served with process and documents as a resident of the Flathead County Jail until the transaction can be completely closed.**"  (Emphasis added.) (*See* Montana Eleventh Judicial District Court, Flathead County, Cause No. DR-2024-394 (E), *'Motion to Enforce Foreign Judgment Petition for Contempt'*, page 11 *and* **Exhibit 29**, attached).

29.    In addition, Defendant M/r/s. Gray, acting on behalf of Idaho-based Defendant Insured Title, has been actively coordinating with Defendants Mr. and M/r/s. Groenke on how Plaintiff Mr. Gabriel might be forcibly and unlawfully removed from title and possession of his own permanent residence located at 2000 Blacktail Rd. in Lakeside, MT 59922.  (*See* **Exhibit 27** *and* **Exhibit 29**, attached).

30.    Finally, the Defendants were able to secure an 'Order' from retiring Judge Robert Allison (a state actor) for attorney's fees and dismissing Mr. Gabriel's lawsuit for tortious interference, effectively encouraging the Defendants to proceed with their unlawful actions. (Doc 31, Doc 32.)

31.    Hence, Plaintiff Mr. Gabriel filed the instant Complaint seeking a Federal Court to intervene via injunctive and/or declaratory relief – not from the state court judgment, but rather from Defendants' unlawful misinterpretation of that judgment as retroactively affirmed by the Oregon Court of Appeals. (Doc 1.) (*See* **Exhibit 52** *and* **Exhibit 55**.)

## THE *ROOKER-FELDMAN* DOCTRINE

32.    In Magistrate Judge John Johnston's *'Memorandum and Order'* dated December 4, 2024, he argues:

> "The Green-Jordan court then determined that the plaintiffs' claims related to the request to overturn the state court's partition order must be dismissed without leave to amend as barred by the Rooker-Feldman doctrine. The same reasoning is determinative of Gabriel's claims here. By seeking to enjoin the Defendants from acting in

accordance with the Amended General Judgment, Gabriel is requesting Case 9:24-cv-00118-JTJ Document 26 Filed 12/04/24 Page 7 of 9 8 this Court provide him relief from the Amended General Judgment by determining that the Amended General Judgment is unconstitutional and, therefore, unenforceable. The Rooker-Feldman doctrine precludes the Court from exercising jurisdiction for such a de facto appeal of the Amended General Judgment."

(Doc 26.)

33.    However, as established in the foregoing paragraphs, the Court of Appeals of the State of Oregon has confirmed that Plaintiff Mr. Gabriel's interpretation of the law is correct, and that the Defendants' interpretation is incorrect. (*See* **Exhibit 52** *and* **Exhibit 55**.)

34.    From there, the Defendants' arguments collapse in near totality, as does Magistrate Judge Johntson's invocation of the *'Rooker-Feldman'* doctrine. The Oregon Court (of Appeals) has ruled and has agreed with Mr. Gabriel's interpretation of which party is on the wrong side of the law, as it pertains to the instant matter – which itself is underwritten by the underlying Oregon domestic relations and partition claims (Cause Nos. A184337 and A184374, Or. Court of Appeals)[4]. Taken together, this means that Plaintiff Mr. Gabriel is substantially prevailing in both Oregon appellate matters (A184337 and A184374) as well as in

---

[4] *See 'Gabriel v. Olsen'*, Oregon Circuit Court, Multnomah County, Cause No. 22CV10399, now pending appeal (Oregon Court of Appeals) as Cause No. A184374. *See also 'Gabriel v. Olsen'*, Flathead County District Court, Mont., Cause No. DV-22-605; *Olsen v. Gabriel'*, Multnomah County District Court, Ore., Cause No. 22DR04942, now pending appeal (Oregon Court of Appeals) as Cause No. A184337.

Flathead County District Court Cause No. DR-24-394[5], in which Mr. Gabriel is the defendant. (*See* **Exhibit 61**, attached here).

35.    Therefore, Plaintiff is in no way a "state-court loser" challenging a state-court judgment; the Oregon Court of Appeals has substantially reversed the lower-court judgment in Mr. Gabriel's favor retroactively and in totality, turning Plaintiff Mr. Gabriel into the state-court "victor" as it pertains to the present Federal injunctive relief matter from July 1, 2024, to the current date. (*See* **Exhibit 45**, **Exhibit 52** *and* **Exhibit 55**.)

## ORDER RE:  VEXATIOUS LITIGANT

36.    On January 3, 2025, Defendant Kai Groenke provided "Notice to the Court of the Order dated December 31, 2024, entered against Plaintiff by the Montana Eleventh Judicial District Court, Hon. Robert B. Allison, Cause Number DV-15-2024-0001197-TO.  The Order declares Plaintiff a vexatious litigant, orders that Plaintiff's future filings in that Court are subject to prefiling review, requires Plaintiff to attach a copy of the Order to any future lawsuit or complaint he files, allows for a notice of the Order to be provided in any pending matter, and awards Defendant Kai Groenke her attorney's fees." (Doc 31.)

---

[5] *'Olsen v. Gabriel'*; Flathead County District Court, Cause No. DR-24-394.

37.    This was preceded by Defendant M/r/s. Groenke's own *'Proposed Opinion and Order'* which she filed as a postmortem pseudo-brief in the lower district court matter[6], and perhaps as an attempt to compensate for the recent rulings of the Oregon Court of Appeals, which – taken together – would seem to transform M/r/s. Groenke into the sole vexatious litigant both retroactively and in totality. (*See* **Exhibit 52** and **Exhibit 55**, attached here.)

38.    Plaintiff Mr. Gabriel herein brings to this Court's attention the sheer scale of the unlawful overreach committed by the various Defendants, as partially described in previous pleadings in the instant matter, and for the purpose of establishing with total clarity why Plaintiff seeks injunctive and declaratory relief from this Federal Court.  Defendants have sought:

a)    **to forcibly conscript** Mr. Gabriel into a *de facto* common law marriage with Defendant M/r/s. Groenke's now-abandoned client, Mr. Olsen, in the state of Montana – where her former client has never been domiciled – and by leveraging an indefinitely stayed lower court judgment in Oregon, which is not a common law marriage state, and where Mr. Gabriel has never been domiciled[7].

b)    **to incarcerate Mr. Gabriel in Flathead County Jail** for the explicit purpose of forcing him to relinquish possession and title to his own permanent

---

[6] *See* Montana Eleventh Judicial District Court, Cause Number DV-15-2024-0001197.
[7] *See 'Olsen v. Gabriel'*; Flathead County District Court, Cause No. DR-24-394 (Hon. Danni Coffman presiding)

residence located at 2000 Blacktail Rd. in Lakeside, MT – now declared an unlawful act per the Oregon Court of Appeals (*See* **Exhibit 29**, **Exhibit 52** and **Exhibit 55**, attached here.);

c) **to enlist a district Court to declare Mr. Gabriel a 'vexatious litigant'** for Plaintiff's attempt to secure due process and privacy protections arising under the 14th Amendment to the US Constitution using the Federal courts, in which Mr. Gabriel has sought only declaratory relief and no specified money damages (Doc 1, Doc 31, Doc 32.)

d) **to forcibly evict** Mr. Gabriel from his home and permanent residence[8] – now declared an unlawful act, per Chief Judge Lageson of the Oregon Court of Appeals (*See* **Exhibit 29**, **Exhibit 52** and **Exhibit 55**, attached here.);;

e) **to charge Mr. Gabriel for the balance of legal fees** incurred in the process of attempting to forcibly and unlawfully evict Mr. Gabriel from his home and permanent residence – now declared unlawful by the Oregon Court of Appeals (Doc 31) (*See* **Exhibit 29**, **Exhibit 52** and **Exhibit 55**, attached here.);.

39.    In the process of seeking an order declaring Plaintiff a vexatious litigant, Defendant Taylor "Kai" Groenke's legal arguments are technically proficient but substantively preposterous.    For example, in M/r/s. Groenke's

---

[8] *See 'Olsen v. Gabriel'*; Flathead County District Court, Cause No. DR-24-394 (Hon. Danni Coffman presiding)

pleadings, much is made of the precedent established in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-24 (2d Cir. 1986):

> "That the district court possessed the authority to enjoin Safir from further vexatious litigation is beyond peradventure. 28 U.S.C. § 1651(a); *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984); *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (per curiam), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983); *Ward v. Pennsylvania New York Central Transportation Co.*, 456 F.2d 1046, 1048 (2d Cir. 1972). "A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." *Abdullah*, 773 F.2d at 488 (citing *Martin-Trigona*, 737 F.2d at 1262):
>
> "As our prior cases have indicated, the district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors:
>
> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, (e.g., does the litigant have an objective good faith expectation of prevailing?);
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."

1)    **On the first factor**:  Mr. Gabriel has no history of litigation in Oregon, Montana, or in Federal Courts prior to his defensive maneuvers in the underlying domestic relations dispute in Oregon.  Moreover, the duplicative nature

of the various pleadings in the intersecting lawsuits – which stem from the underlying Oregon domestic relations dispute now under appeal – cuts both ways (for and against all parties).  Contrary to the sensational and obfuscatory claims of Defendant M/r/s. Groenke, there are but three core lawsuits that Plaintiff Mr. Gabriel has filed that have involved any substantial expense in the form of attorneys' fees:

a)    *For partition and sale of two properties* – one in Oregon and one in Montana – that Mr. Gabriel and Mr. Olsen jointly own.  From the outset, Mr. Gabriel has maintained his position that because the properties can be easily partitioned, the parties should take this milder approach vs. the "whole-of-life" litigation approach preferred by Defendant M/r/s. Groenke, a family law specialist, and her client Mr. Olsen – particularly since the parties aren't married, Oregon is not a common law marriage state, and Mr. Olsen has never been domiciled in Montana.

**Cases:**   1.  *'Gabriel v. Olsen'*, Oregon Circuit Court, Multnomah County, Cause No. 22CV10399, now pending appeal (Oregon Court of Appeals) as Cause No. A184374.

2.  *'Gabriel v. Olsen'*, Flathead County District Court, Mont., Cause No. DV-22-605.

b)    *For injunctive relief under the due process and privacy clauses* of the Fourteenth Amendment to the US Constitution, which confer all US citizen

adults the "right not to marry" when paired with the SCOTUS *'Obergefell'*[9] ruling, which itself substantively gives US citizen adults the inverse "right to marry".  Mr. Gabriel has not sought monetary damages in any of these claims, which are each corrective iterations of the first attempt for injunctive relief, and the main purpose is to derail Mr. Olsen's draconian domestic relations approach in favor of a straightforward, far simpler, and less costly partition of property approach.

**Cases:**

1. *'Gabriel v. Olsen'*, US District Court, Montana; Cause No. CV-23-142-M-DLC-KLD.
2. *'Gabriel v. Kotek, et. al'*, US District Court, Or., Cause No. 3:24-cv-754-JR.
3. 'Gabriel v. Gray, et. al', US District Court, Mont.; Cause No. 9-24-CV-118-JTJ.

    c) ***For unlawful tortious interference with a contract*** and unlawful listing of his permanent Montana residence, which was misrepresented to prospective buyers per the Montana Consumer Protection Act (Doc 1), the instant matter for which Mr. Gabriel has support from the Oregon Court of Appeals (Doc 52).  As thoroughly documented in Mr. Gabriel's pleadings in the instant matter, Chief Judge Hon. Lageson and the higher Court of Appeals both concur with Mr. Gabriel's unflinching position that the Defendants were not entitled to seek his premature ouster from his own residence  (*See* **Exhibit 52** and **Exhibit 55**, attached here.)

**Cases:**

1. *'Gabriel v. Nelson'*, Flathead County District Court, Cause No. DV-23-786.
2. *'Gabriel v. Groenke, et. al'*, Flathead County Dist. Ct, Mont., Cause No. DV-22-1197.

---

[9] *'Obergefell v. Hodges'*, 576 U.S., 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015).

Conversely, Plaintiff Mr. Gabriel has been targeted by Defendant M/r/s. Groenke, her client Mr. Olsen, and Defendant Frederick "Fritz" Groenke in seven (7) separate lawsuits brought under largely separate pretenses:

a)    ***For dissolution of "unregistered domestic partnership"*** in Oregon (Mr. Olsen) – now pending appeal, with the most recent rulings favoring Mr. Gabriel.

**Cases:**

1. *'Olsen v. Gabriel'*, Multnomah County District Court, Ore., Cause No. 22DR04942, now pending appeal (Oregon Court of Appeals) as Cause No. A184337.

2. *'Olsen v. Gabriel'*; Flathead County District Court, Cause No. DR-24-394.

b)    ***For an Order of Protection in Oregon (Mr. Olsen)*** – for which Mr. Gabriel prevailed in totality and Mr. Olsen's sought-after protective order was flatly denied and dismissed by Hon. Judge Francis H. Troy on March 13, 2024. (*See* **Exhibit 10** *and* **Exhibit 13**, attached here.)

**Case:**

3. *'Olsen v. Gabriel'*, Multnomah County District Court, Ore., Cause No. 24PO00918.

c)    ***For an Order of Protection in Montana*** (Defendant M/r/s. Groenke) – for which Mr. Gabriel is now appealing with the Montana Supreme Court.

**Cases:**

4. *'Groenke v. Gabriel'*, Justice Court, Flathead County, Mont.; Cause No. CV-24-1010.

5. *'Groenke v. Gabriel'*, Flathead County District Court, Cause No. DR-24-510 (B).

6. *'Groenke v. Gabriel'*, Montana Supreme Court, Cause No. DA-24-0646.

d)    ***For an Order of Protection in Montana*** (Defendant Mr. Groenke) –

for which Mr. Gabriel is now appealing with the Montana Supreme Court.

**Cases:**    7.  *'Groenke v. Gabriel'*, Justice Court, Flathead County, Mont.; Cause No. CV-24-1140.

8.  *'Groenke v. Gabriel'*, Flathead County District Court, Cause No. DR-24-527 (A).

9.  *'Groenke v. Gabriel'*, Montana Supreme Court, Cause No. DA-24-0665.

e)    ***For enforcement of a Foreign Court Judgment*** in Montana (Mr.

Olsen), using counsel in the form of Defendant M/r/s. Groenke, for which M/r/s.

Groenke has effectively now lost retroactively due to the recent rulings of the

Oregon Court of Appeals, and for which her client Mr. Olsen has requested her

withdrawal.

**Case:**    10.  *'Olsen v. Gabriel'*; Flathead County District Court, Cause No. DR-24-394.

f)    ***A Counterclaim in the instant case*** seeking, among other things,

attorney's fees incurred by M/r/s. Groenke for causes that she appears to be losing

in near-totality given the recent rulings of the Oregon Court of Appeals, and to

declare Mr. Gabriel a vexatious litigant – despite Plaintiff Mr. Gabriel's regular

ability to win favorable rulings even while representing himself *pro se*.

**Case:**    11.  *'Gabriel v. Groenke, et. al'*; Flathead County District Court, Cause No. DR-24-1197.

g)    ***A criminal charge for intimidation*** in which M/r/s. Groenke has

leveraged her foregoing Order of Protection in Montana into a "stalking and

intimidation" criminal case, for which Mr. Gabriel is represented by counsel (Mr.

Nick Aemisegger), and for which Mr. Aemisegger believes the charges will be dropped on a Motion to Dismiss, given the Oregon Court of Appeals recent rulings favorable to Mr. Gabriel – which seem to invert the "aggressor-victim" relationship, turning M/r/s. Groenke into the aggressor and stalker, and turning Mr. Gabriel into her stalking and intimidation victim.

**Case:**    12.  *'Montana v. Gabriel'*; Flathead County District Court, Cause No. DC-24-259 (C).

The above factual pattern of lawsuits either filed by Plaintiff Mr. Gabriel or targeting Mr. Gabriel therefore seems to implicate M/r/s. Groenke – not Plaintiff Mr. Gabriel – in the first of the five factors for determining whether a litigant is vexatious per the standards established in *Safir v. United States Lines, Inc.*

2)    **On the second factor**: Mr. Gabriel's oft-repeated, stated motivation is to be left alone in peace in his permanent Montana residence until the Oregon appellate process can be concluded, or alternately until a Federal court agrees that the SCOTUS *'Obergefell'* decision – which granted all consenting US adults a "right to marry" – also confers those same consenting adults a rather modest and entirely reasonable "right not to marry".  Mr. Gabriel has a reasonable expectation of prevailing, the Oregon Court of Appeals has confirmed as much, and Justice

Kennedy's majority SCOTUS opinion in *'Obergefell'* (2015) would appear by almost any measure to concur[10].

3)    **On the third factor:** Mr. Gabriel has been represented by counsel whenever appropriate and as needed.  Moreover, Mr. Gabriel's legal conclusions derived as a *pro se* litigant have been largely supported by legal counsel – *post portem* and retroactively – and thoroughly redeemed – *post mortem* and retroactively – by a higher court Chief Judge.  (*See* **Exhibit 52** and **Exhibit 55**, attached here.)

4)    **On the fourth factor**:  Given the first three factors, it is therefore Defendant M/r/s. Groenke who is revealed to be the vexatious litigant, engaged in rank malpractice, and creating unnecessary burdens on this Court and Plaintiff Mr. Gabriel;

5)    **On the fifth factor**:  Mr. Gabriel has no history of litigation in Oregon, Montana, or in Federal Courts prior to his purely defensive maneuvers in the underlying domestic relations dispute in Oregon.  Conversely, this Court should consider referring M/r/s. Groenke for sanctions and/or disbarment to the Montana State Bar association, given the uncanny resemblance between M/r/s. Groenke's antics and those of now-disgraced, power-starved officers of the court such as

---

[10] '*Obergefell v. Hodges',* 576 U.S., 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015).

North Carolina prosecutor Mike Nifong[11], Fulton County District Attorney Fanni Willis[12] or private attorney Michael Avenatti[13].

## SUMMARY

40.    The Court of Appeals of the State of Oregon has confirmed that Plaintiff Mr. Gabriel's interpretation of the law is correct, and that the Defendants' interpretation is incorrect.  (*See* **Exhibit 52** and **Exhibit 55**, attached here.)

41.    From there, the Defendants' arguments collapse in near totality, as does Magistrate Judge Johntson's invocation of the *'Rooker-Feldman'* doctrine. The Oregon Court (of Appeals) has ruled and has agreed with Mr. Gabriel's interpretation of which party is on the wrong side of the law, as it pertains to the instant matter – which itself is underwritten by the underlying Oregon domestic relations and partition claims (Cause Nos. A184337 and A184374, Or. Court of Appeals)[14].  Taken together, this means that Plaintiff Mr. Gabriel is substantially prevailing in both Oregon appellate matters (A184337 and A184374) as well as in

---

[11] *See 'Findings of Fact, Conclusions of Law and Order of Discipline'* at 1, 24, '*N.C. State Bar v. Nifong'*, No. 06 DHC 35 (Disciplinary Hearing Comm'n of the N.C. State Bar July 10, 2007)

[12] *See* 'Cause No. A24A1595, *'ROMAN et. al v. THE STATE'* (Ga. Ct. App. Dec. 19, 2024).

[13] *See 'Daniels v. Trump'*, US District Court, Southern District of New York; Cause No. 2:18-cv-06893-JLS-FFM.

[14] *See 'Gabriel v. Olsen'*, Oregon Circuit Court, Multnomah County, Cause No. 22CV10399, now pending appeal (Oregon Court of Appeals) as Cause No. A184374.  *See also 'Gabriel v. Olsen'*, Flathead County District Court, Mont., Cause No. DV-22-605; *Olsen v. Gabriel'*, Multnomah County District Court, Ore., Cause No. 22DR04942, now pending appeal (Oregon Court of Appeals) as Cause No. A184337.

Flathead County District Court Cause No. DR-24-394[15], in which Mr. Gabriel is the defendant. (*See* **Exhibit 61**, attached here).

42.    Therefore, Plaintiff is in no way a "state-court loser" challenging a state-court judgment; the Oregon Court of Appeals has substantially reversed the lower-court judgment in Mr. Gabriel's favor retroactively and in totality, turning Plaintiff Mr. Gabriel into the state-court "victor" as it pertains to the present Federal injunctive relief matter from July 1, 2024, to the present date. (*See* **Exhibit 17**, **Exhibit 28**, **Exhibit 45***,* **Exhibit 52** *and* **Exhibit 55**, attached here.)

43.    The Supreme Court has held that to have Article III standing under the Constitution, a party must show it has suffered an "injury in fact," that there is a "causal connection between the injury" and the defendant's complained-of conduct, and that it is likely "that the injury will be redressed by a favorable decision." *'Lujan v. Defenders of Wildlife'*, 504 U.S. 555, 561 (1992), 504 U.S. at 560-61. Importantly, the requirements for Article III standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, [so] each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *'Lujan'*, 504 U.S. at 561

---

[15] *'Olsen v. Gabriel'*; Flathead County District Court, Cause No. DR-24-394.

(citations omitted). Indeed, to demonstrate an "injury in fact," a plaintiff must establish an invasion of a legally protected interest which is: (a) concrete and particularized . . . and (b) actual or imminent, and not merely "conjectural" or "hypothetical." *Id.* at 560 (citations omitted).

44.    Thus, as articulated in the foregoing '*Affidavit and Brief'*, Plaintiff Mr. Gabriel has indeed alleged an injury in fact that has been caused by the Defendants, and this is supported by Mr. Gabriel's original '*Complaint'* and subsequent pleadings into the matter. (Doc 1 – Doc 30.)

## CONCLUSION

WHEREFOR Plaintiff RYAN DEAN GABRIEL ("Mr. Gabriel") herein respectfully objects to Magistrate Judge John Johnson's '*Memorandum and Order'* dated December 4, 2024 pursuant to Fed. R. Civ. P. 46 ("Rule 46") and Fed. R. Civ. P. 59 ("Rule 59") (B), in order to preserve the issues described herein for review.

WHEREIN Plaintiff's objection to the Magistrate Judge's '*Memorandum and Order'* and filing thereof is timely.  Consequently, Plaintiff is entitled to *de novo* review of those findings and recommendations to which he has specifically objected.  (*See* 28 U.S.C. § 636 (b)(1)(C); '*United States v. Reyna-Tapia'*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Consequently, this Court should review the Magistrate's findings and recommendations for error.  (*See* '*McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.'*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error

exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *'United States v. Syrax'*, 235 F. 3d 422, 427 (9th Cir. 2000).

DATED this 5th Day of January, 2025.

_____

Plaintiff, Pro Se (signature)

Ryan D. Gabriel
2000 Blacktail Rd. #1140
Lakeside, MT 59922
Phone #:  (403) 606-5859 m.

\*\*\*

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing and Exhibits were served upon the opposing parties on this 5th Day of January, 2025, by the method an at the address as indicated below:

Kevin S. Jones
Joseph D. Houston
Remy J. Orrantia
Jones & Houston, PLLC
2625 Dearborn Ave., Suite 102
Missoula, MT 59804
(406) 541-3333
kevin@jonesmtlaw.com
remy@jonesmtlaw.com
Attorneys for Montana Regional MLS, LLC

\*\*\*

Robert C. Lukes
Alan F. McCormick
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
rclukes@garlington.com
afmccormick@garlington.com
Attorneys for Frederick J. "Fritz" Groenke

\*\*\*

Susan G. Ridgeway
HALL & EVANS, LLC
Millennium Building
125 Bank Street, Suite 403
Missoula, Montana 59802
Telephone: (406) 541-8882
Fax No: (406) 519-2035
ridgeways@hallevans.com
Attorneys for Defendant Taylor Kai Gronke

_____X___ by e-mailing full, true, and correct copies thereof to the attorney(s)

at the physical e-mailing addresses shown above.

DATED this 5th day of January, 2025.

_____

Ryan D. Gabriel
Respondent/Plaintiff, *pro se*

2000 Blacktail Road, Box #1140

PLAINTIFF'S BRIEF AND AFFIDAVIT IN SUPPORT OF MOTION FOR NEW TRIAL

Lakeside, MT 59922
Tel. # (403) 606-5859 m.


***

## <u>**CERTIFICATE OF COMPLIANCE**</u>


I hereby certify  that the foregoing brief is proportionally spaced typeface of 14 points and does not exceed 10,000 words.  It is 6375 words, to be exact.

DATED this 5th Day of January, 2024.




_____

Ryan D. Gabriel
Defendant/Appellant, *pro se*

2000 Blacktail Road, Box #1140
Lakeside, MT 59922
Tel. # (403) 606-5859 m.
rgabriel@zurccapital.com




***