**Kaaren Winkler <kaaren@montanarealtors.org>**                    8/12/2024 9:33 AM

# Re: 2000 Blacktail Road || Montana Regional MLS, LLC || Frederick "Fritz" Groenke

To Ryan Gabriel <rgabriel@zurccapital.com>

I am deeply sorry to hear about the situation you have described regarding the alleged illegal listing of your property and the alleged fraudulent actions taken by Frederick "Fritz" Groenke. Your concerns are both serious and troubling, and it is important that they are addressed promptly and appropriately.

Given the severity of these allegations, I strongly encourage you to file a formal complaint with the Northwest Montana Association of REALTORS and the Board of Realty Regulation. This will ensure that the matter is investigated thoroughly and that necessary actions are taken to address any violations.

By filing these complaints, you are taking a crucial step in holding those responsible accountable for their actions and preventing similar incidents in the future.

Please do not hesitate to reach out if you need any further assistance or guidance in navigating this process.

Sincerely,

Kaaren Winkler, MPA, RCE, CAE
Chief Executive Officer
Montana Association of REALTORS

On Aug 10, 2024, at 6:59 PM, Ryan Gabriel <rgabriel@zurccapital.com> wrote:

Kaaren, Brenda and Courtney,

It has come to my attention that you three sit on the Board of Directors and/or comprise senior leadership at the Montana Association of REALTORS, Brenda Miller is Regional Ambassador – Western MT, and that Kaaren Winkler is CEO of the same.

Please see the below correspondence regarding an illegal and/or extralegal listing of my property and permanent residence – 2000 Blacktail Road, Lakeside, MT 59922 - in which the realtor, Frederick "Fritz" Groenke, has illegally impersonated another realtor (Michelle Thomson), deliberately using her signature and then substituting her regular 'Reply' address ('michellethomson.bigfork@gmail.com') with his own ('mtreg@cyberport.net').

Fritz Groenke then attempted to walk back the attempted fraudulent conveyance, as you can see from the forwarded exchange below.

In other words, on August 8, 2024, at approximately 4pm MST, Frederick "Fritz" Groenke impersonated another realtor, Michelle Thomson (a federal, state and local crime), in the process of committing numerous other felonies, including illegal trespass (under Montana Penal Code 45-6-203), vandalism, breaking and entering and harassment, among other crimes.

These actions also constitute rank violations of **Article 1 & Article 3 of the NAR Code of Ethics: Unauthorized Access to Property, SOP 1-16 and 3-9.**

Mr. Groenke is also illegally using misleading and outdated photographs that are owned by another local

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF – TORTIOUS INTERFERENCE / MONT. CODE ANN. § 30-14-111

realtor, Cecil Waati, for which he did not receive permission and which wildly misrepresent the property in its present state.

Not only does this constitute substantive fraud and misrepresentation, this is also a clear violation of **NAR Code of Ethics Article 12: Displays of Competitor's Content and Listings.**

Michael Ponton, CEO of the Montana Regional MLS, was made aware of the correspondence from my Oregon attorney, Andrew Newsom, which stated that at the time of the listing in question an active Court stay (supersedeas undertaking) was in place on a judgment that Fritz Groenke purported to rely on to justify the illegal listing. That listing has never been taken down, and the court stay is still in place.

Please see below and the attached.

Any actions taken by Montana Real Estate Group and Frederick "Fritz" Groenke under that illegal listing will also be vigorously litigated in the pending tortious interference lawsuit (Eleventh District Court, State of Montana, Flathead County) now being served upon the parties. The lawsuit will soon potentially expand to include Montana Regional MLS, LLC, Compass South Land Sales, and the Montana Association of REALTORS, given that it is that latter organization's template under which an extralegal, imminent Buy/Sell Agreement was issued.

I have Cc'd Justin Ponton on this e-mail thread, and will be forwarding the same to the entire board of directors of the Montana Association of Realtors.

Ryan D. Gabriel
Zurc Capital, LLC
rgabriel@zurccapital.com

206.391.9886 mobile
403.606.5859 office
855.488.ZURC toll free

-------- Original Message --------
From: Fritz Groenke <mtreg@cyberport.net>
To: Ryan Gabriel, michellethomson.bigfork@gmail.com
Cc: jesse.m.olsen@gmail.com, justin@406mls.com
Date: 08/03/2024 8:42 PM EDT
Subject: RE: Re: 2000 Blacktail Road

Hello Ryan,

I sent the email to you requesting the showing for Blacktail and Michelle's contact info under my signature was inadvertent. She was not asking for the showing appointment I was. We will not be showing the property because you have refused the appointment to do so. If you change your mind please let me know and we will see if the prospects can be re contacted and view the property.

Fritz

Montana Real Estate Group

(406) 837-6000 Office

(406) 250-5151 Fritz Cell

<image001.jpg>

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF – TORTIOUS INTERFERENCE / MONT. CODE ANN. § 30-14-111

Exhibit 1, Page ___2___ of ___4___

**From:** Ryan Gabriel [mailto:rgabriel@zurccapital.com]
**Sent:** Saturday, August 03, 2024 6:05 PM
**To:** michellethomson.bigfork@gmail.com
**Cc:** mtreg@cyberport.net
**Subject:** Fwd: Re: 2000 Blacktail Road

FYI

--------- Original Message ---------
From: Ryan Gabriel <rgabriel@zurccapital.com>
To: Montana Real Estate Group <mtreg@cyberport.net>
Cc: justin@406mls.com
Date: 08/03/2024 7:57 PM EDT
Subject: Re: 2000 Blacktail Road


Michelle,

Montana Real Estate Group is now the subject of a tortious interference litigation lawsuit in which I am a Plaintiff (Eleventh Judicial District Court, State of Montana).

Montana Real Estate Group, Frederick "Fritz" Groenke, Justin Ponton, CEO of Montana Regional MLS, and Montana Regional MLS are all named Defendants in that tortious interference litigation. The process servers are presently delivering that lawsuit in person to the parties named above.

Montana Real Estate Group and Frederick "Fritz" Groenke, via Montana Regional MLS, illegally listed the property in question (2000 Blacktail Rd., Lakeside, MT 59922) on or before July 23, 2024, while there was an active Court stay (supersedeas undertaking) in Multnomah County Court Case 22DR04942 on the very judgment cited by Fritz Groenke to justify listing the property.

Because the listing was never removed when the above-named Defendants were notified of the stay, it remains an illegal listing, and any criminal trespassing that stems from that illegal MLS listing will be subject to criminal prosecution under Montana Penal Code 45-6-203.

Any actions taken by Montana Real Estate Group and Frederick "Fritz" Groenke under that illegal listing will also be vigorously litigated in the tortious interference lawsuit now being served upon the parties.

I would note that you are sending this to me at 5:51pm on a Saturday evening (August 3, 2024), to inquire about a Sunday morning intrusion onto the property the very next day (August 4, 2024).

This almost certainly constitutes harassment in the context of the pending litigation and in the context of the illegal listing filed during a stay of the court.

Ryan D. Gabriel
Zurc Capital, LLC
rgabriel@zurccapital.com

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF – TORTIOUS INTERFERENCE / MONT. CODE ANN. § 30-14-111

206.391.9886 mobile
403.606.5859 office
855.488.ZURC toll free

On 08/03/2024 3:44 PM EDT Montana Real Estate Group <mtreg@cyberport.net> wrote:

We have a request from cooperating broker to show the property Sunday tomorrow at 9 AM. Can we make that appointment to show the property?

Thank you for your earliest response the agent is waiting to hear back for the appointment.

Fritz

Michelle Thomson
*Real Estate Advisor*

Cell 406.270.0802
Office 406.837.6000
553 Electric Avenue
Bigfork, MT 59911
mtreg@cyberport.net
michellethomson.bigfork@gmail.com

<image002.jpg>

<Professional Email_ Olsen and Gabriel - Stay of Judgment Printout.pdf>

- image001.jpg (5 KB)
- image002.jpg (5 KB)

**Ryan Gabriel <rgabriel@zurccapital.com>**                                      7/23/2024 1:44 PM

## Unauthorized Listing: 2000 Blacktail Rd., Lakeside, MT 59922

To justin@406MLS.com <justin@406mls.com>

Justin,

I was given your name and number by Jerry Moon at NMLR.

A real estate agent has illegally listed my property for sale. His name is Fritz Groenke and he is listing it without my authorization using Cecil Waati's photography from four years ago, which I understand from Amanda Kelly is illegal (another realtor that I have been talking to).

Fritz also broke onto the property last week while I was gone, and busted the electronic security gate by trying to force it open, and then he harassed a guest who was staying on the property.

This is the listing:

https://us.prospects.com/prospects/outside/inscription.do?tok=Z5kbYbSXOUncnHYEUW+cBrnj6w2YCh/
IuVhQInBdm5p8IXtauIIcRJ5wXbeedNI7b9y8dWnqOCGXumzIOgvpjHU99gwJq6pJqC8O2dg9Feo4YZ7TPK0bWpH
wNSXTdWnj1

This is not authorized. I will be calling the Board of Realtor Regulations as well. Please let me know what can be done in the interim.

Ryan D. Gabriel
Zurc Capital, LLC
rgabriel@zurccapital.com

206.391.9886 mobile
403.606.5859 office
855.488.ZURC toll free

Exhibit 3, Page __1__ of __4__

**Ryan Gabriel <rgabriel@zurccapital.com>**                                    7/23/2024 7:38 PM

# Fwd: Olsen and Gabriel – Stay of Judgment

To kai@familylawflathead.com • mtreg@cyberport.net  Copy melissa@familylawflathead.com •
Philip Li <admin@zurccapital.com>

FYI, please see below (re: Fritz Groenke's unauthorized listing of my residential property today, his criminal
trespass and vandalism of that same property on Monday, July 15, 2024, and your subsequent petition for
protective order from yesterday – which not coincidentally seeks my effective eviction from my own residential
property).

---------- Original Message ----------
From: Andrew Newsom <anewsom@holteylaw.com>
To: justin@406mls.com
Cc: Amy Turenhout <aturenhout@holteylaw.com>, Ryan Gabriel <rgabriel@zurccapital.com>
Date: 07/23/2024 6:41 PM EDT
Subject: Olsen and Gabriel – Stay of Judgment

Dear Mr. Ponton:

I represent Mr. Ryan Gabriel in an appeal pending in Multnomah County Circuit Court Case No.
22DR04942. The Court of Appeals case number is A184337. I understand that MLS has listed the
real property at 2000 Blacktail Road, Lakeside, MT 59922 for sale. This was done without Mr.
Gabriel's consent and apparently at the direction of the opposing party in the litigation (Mr. Jesse
Olsen).

Mr. Gabriel filed supersedeas undertakings in the trial court file on July 2 and 7, 2024. The
undertakings include the following language: "appellant will not commit waste or allow waste to
be committed on the real property while the appellant possesses and has access to the property,
and the appellant will pay the value of the use and occupation of the property, in addition to half
of the maintenance costs, for the period of possession if the judgment is affirmed." The
undertakings also stated a proposed value for the use/occupation of the property.

Under Oregon law, ORS 19.335 (2), "If a judgment requires the transfer or delivery of possession of
real property, a supersedeas undertaking acts to stay the judgment if the undertaking provides
that the appellant will not commit waste or allow waste to be committed on the real property
while the appellant possesses the property, and the appellant will pay the value of the use and
occupation of the property for the period of possession if the judgment is affirmed. The value of
the use and occupation during the period of possession must be stated in the undertaking."

Accordingly, the Oregon judgment is automatically stayed by the filing of the supersedeas
undertakings, and no one has authority to list the Montana residence for sale. Please remove the
listing from MLS until further notice. We have a court appearance tomorrow morning and are likely
to learn more at that time.

Thank you,

**Exhibit 3**, Page __2__ of __4__

Andrew

**Andrew W. Newsom** | *Partner*

**Holtey Law LLC** | www.holteylaw.com

1140 SW 11th Avenue, 4th Floor | **Portland, OR 97205**

T. 503.224.9878 | teamnewsom@holteylaw.com

Confidentiality Notice: This e-mail transmission may contain confidential and privileged information. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received this message by mistake, please advise the sender by reply e-mail and delete this message. Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Thank you.

Please note that our office no longer sends or receives faxes

**Exhibit 3**, Page __3__ of __4__

## Kai Groenke

| | |
|---|---|
| **From:** | Montana Real Estate Group <mtreg@cyberport.net> |
| **Sent:** | Monday, July 15, 2024 4:58 PM |
| **To:** | Kai Groenke; 'Jesse Olsen' |
| **Subject:** | RE: FW: 2000 Blacktail Road Lakeside, MT |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hello Jesse and Kai,

I visited the property this afternoon. Place is looking good. Grass mowed, no trash and well maintained structures. There are two locked gates however one was open and I noticed walking up to the two "cabins" there were windows open and air conditioners running. While taking pictures of the outside of the cabins an AirB&B tenant came out and we talked. He said he was renting short term for the week with his family members of 7 total and paying just under $10,000. He invited me inside both cabins and I have a good idea of what we are selling now. I will come up with a figure for listing price tomorrow Jesse. The interiors were in clean condition and operational. I saw no damage. The renters had their personal stuff scattered all over the place and I declined to take any pictures for marketing purposes. There were no certified mail notices or stickers for mail on the doors or gates to the property. I did not notice a mail box there either. I understood from Ryan's one correspondence he was living in Seattle area and still working at Zurc Capital LLC. Thought to mention that is case he could be served there or if you need me to post the notice on the property I can do that.

This still leaves the issue of access to the property. I will need the Air B&B schedule and renters contacts info, gate padlock key, door lock punch codes and Ryan's cooperation on his schedule occupying the property to arrange showings for prospective buyers. We cannot arrive at the property with buyer clients and run into occupants that have not been notified or are hostile to our efforts. That of course would be for showings at the price point of fair market value. If you want us to obtain offers for sight unseen prospects we could try at a price point that is in the wholesale territory. One idea would be to have the prospects book a short term stay if they could fit into the schedule which I am sure could be booked for several months in advance or we instruct them to do drive by or walk around looks and solicit offers with inspection contingency period for when it can be arranged to get them inside. There is still no response from Ryan to my last email and Jesse may consider having the locks changed or recoded and given to us for access. This may solve the short term renter issue as well. This situation is difficult but solvable in which I will need your advice and directions. We are ready to go to work and can assist you with how we move forward from here.

Fritz

Montana Real Estate Group
(406) 250-5151 Fritz Cell
(406) 837-6000 Office



REAL ESTATE GROUP

From: Kai Groenke [mailto:kai@familylawflathead.com]
Sent: Monday, July 15, 2024 1:24 PM
To: Fritz Groenke <mtreg@cyberport.net>; 'Jesse Olsen' <jesse.m.olsen@gmail.com>
Subject: RE: FW: 2000 Blacktail Road Lakeside, MT

1

Exhibit 3, Page 4 of 4

Name **Taylor Kai Groenke**
Address **(withheld)**
City, State, Zip
Telephone No. **406-890-2999**

ｺ   JUL  ｌ．   ' 9： 5

IN THE _____ **JUSTICE** _____ **COURT**

STATE OF MONTANA

COUNTY OF **FLATHEAD** _____

---

| | |
|---|---|
| **TAYLOR KAI GROENKE** , )<br><br>Petitioner,<br><br>v.<br><br>**RYAN D. GABRIEL** ,<br><br>Respondent. | No. CN-2024- 1010 -OP<br><br><br>**SWORN PETITION FOR TEMPORARY ORDER OF PROTECTION AND REQUEST FOR HEARING** |

---

The law requires that Respondent be given a copy of this completed form and all attachments.

1. **Request for Temporary Order of Protection.** Under oath and as provided by Mont. Code Ann. § 40-15-201, I request that the Court issue a Temporary Order of Protection against Respondent. I believe I am in danger of harm if the court does not issue a Temporary Order of Protection immediately.

2. **Protected Person/s.** I am seeking an Order of Protection for *(check all that apply):*
   ☑ Myself
   ☑ The following minor child/ren:

| Child/ren | Age | How child is related to: | | Who does child live with? |
|---|---|---|---|---|
| | | You | Respondent | |
| Groenke child 1 (identity withheld) | 10 | Biological | No relation | Petitioner and child's father |
| Groenke Child 2 (identity withheld) | 10 | Biological | No relation | Petitioner and child's father |
| | | | | |
| | | | | |

Petition for Temporary Order of Protection and Request for Hearing- AGO Form OVS 3 – Revised 02/11
Page 1 of 9

EXHIBIT 4 - PAGE 1 OF 2

4. ☑ *(List the distance, up to 1500 feet, that you want Respondent to stay away from you and/or the person you want protected and the places you check below).*

Respondent shall stay at least **2,500** feet from:

☑ Me (Petitioner)

☑ Minor child/ren Groenke child 1 (identity withheld); Groenke child 2 (identity withheld)

☑ Other people:  David D. (husband)

☑ My home (if you want the location of your home to be secret, do not list) Creston Hatchery Road, Kalispell

☑ My job or workplace:  239 2nd Street West, Kalispell, Montana

☑ My vehicle:  2017 Honda Pilot

☑ The child/ren's school and/or child care:  All elementary schools in Flathead County, Montana
to protect my children's identities, and because Respondent has no minor children in or around Flathead Co.

☑ Other places (describe):  2000 Blacktail Road, Lakeside, Montana (currently owned by Jesse Olsen
and Ryan Gabriel); Logan Health Medical Fitness Center, Kalispell ; *Kalispell Probation + Parole unless required to report there by Court order.*

if he comes onto the property, even though legally authorized to do so by Jesse Olsen and a Court order.

5. ☑ Respondent used or threatened me with firearms. Respondent shall not possess these firearms *(describe):*  All firearms, bows, arrows, or other objects capable of shooting a projectile.

6. ☐ Respondent shall not take, hide, sell, damage or dispose of property belonging to me (and/or the person who I want protected) or Respondent or both of us.

7. ☑ Respondent shall give me (or the person I want protected) possession or use of the following items (items may include the residence, automobile and other essential personal property no matter who owns it):  Unobstructed access to the property at 2000 Blacktail Road, Lakeside, Montana as instructed by Jesse Olsen, who has exclusive right to sell the property.

8. ☑ I (and/or the person I want protected) need a peace officer to help get possession of the property listed in Number 7, or I request that a peace officer come with Respondent when picking up his/her property or belongings.

9. ☑ The Court should order Respondent to complete violence counseling, which may include alcohol or chemical dependency counseling or treatment, if appropriate.

10. ☑ The Court should order the following to provide for the safety and welfare of me and/or the person I want protected, and family:  Ryan may only contact me by email at kai@familylawflathead.com and the topics of discussion shall be limited to BRIEF discussions of the two cases pending in Flathead County, MT. Ryan may not post or discuss any information about me or my family online, via email, or by any other electronic means.

Petition for Temporary Order of Protection and Request for Hearing- AGO Form OVS 3 – Revised 02/11

EXHIBIT 4 - PAGE 2 OF 2

**Ryan Gabriel <rgabriel@zurccapital.com>**                       7/23/2024 5:05 PM

# RE: Re: Gabriel - Call w/ George

To Kai Groenke <kai@familylawflathead.com>   Copy Melissa Smith <melissa@familylawflathead.com>

Taylor,

They are not, as far as I can tell, violations of the protective order.

This communication is clearly non-violent, and is directly related to the protective order that you are seeking, which asks the court to forcibly remove me from my own residence, and which ties directly into Fritz' illegal listing of my property today.

Ryan D. Gabriel
Zurc Capital, LLC
rgabriel@zurccapital.com

**206.391.9886** mobile
**403.606.5859** office
**855.488.ZURC** toll free

On 07/23/2024 5:02 PM EDT Kai Groenke <kai@familylawflathead.com> wrote:

Ryan, these communications are violations of the protective order and will be reported.

Kai Groenke

**Law Office of Kai Groenke, P.C.**

**From:** Ryan Gabriel <rgabriel@zurccapital.com>
**Sent:** Tuesday, July 23, 2024 1:15 PM
**To:** Kai Groenke <kai@familylawflathead.com>
**Cc:** Melissa Smith <melissa@familylawflathead.com>
**Subject:** Fwd: Re: Gabriel - Call w/ George

Taylor,

It has come to my attention that Fritz listed the Montana property for sale today.

I am submitting an ethics complaint with the Montana Dept. of Labor & Industry professional licenses unit, along with a Montana Bar Association ethics complaint against you personally.

On top of the question of your licenses, I will be filing a lawsuit against both of you personally this week as I described earlier. I will use a process server and/or certified mail to serve it to stay in compliance with the temporary protective order.

**Exhibit 9,** Page __1__ of __5__

Ryan D. Gabriel
Zurc Capital, LLC
rgabriel@zurccapital.com

206.391.9886 mobile
403.606.5859 office
855.488.ZURC toll free

--------- Original Message ---------
From: Andrew Newsom
To: Ryan Gabriel <rgabriel@zurccapital.com>
Cc: Amy Turenhout
Date: 07/23/2024 2:59 PM EDT
Subject: Re: Gabriel - Call w/ George

The stay is in effect, and you can tell that from looking at the statute (ORS 19.335[2])
vs. the supersedeas that you filed. If the undertaking says what it needs to say, the
judgment is stayed.

I will write George and tell him we have some positive indications on assumption, but
not enough finality yet. Thus, unless he wants to postpone, we will do the hearing
tomorrow, but whatever the outcome we will continue settlement discussions if it turns
out that assumption is possible.

**Andrew W. Newsom** | *Partner*

**Holtey Law LLC** | www.holteylaw.com

1140 SW 11th Avenue, 4th Floor | **Portland, OR 97205**

Confidentiality Notice: This e-mail transmission may contain confidential and privileged information. Unless
you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or
disclose to anyone the message or any information contained in the message. If you have received this
message by mistake, please advise the sender by reply e-mail and delete this message. Nothing in this
message should be interpreted as a digital or electronic signature that can be used to authenticate a
contract or other legal document. Thank you.

Please note that our office no longer sends or receives faxes

From: Ryan Gabriel <rgabriel@zurccapital.com>

**Exhibit 9, Page _2_ of _5_**

**Sent:** Tuesday, July 23, 2024 11:46 AM
**To:** Andrew Newsom
**Cc:** Amy Turenhout
**Subject:** Re: Gabriel - Call w/ George

Andrew,

In other news, this real estate agent that Jesse wants to use to sell the Montana property (Fritz Groenke) has *listed* the property for sale as of today. I called the MLS and Northwest Montana Association of Realtors and the first thing they noticed is that he listed it using the former listing agent's photographs (Cecil Waati) which is apparently illegal or a copyright violation, in addition to being outdated photos.

I just want to make sure he doesn't have authorization to do this given that there is a supersedeas undertaking and a temporary stay in place, before I file an ethics complaint against Fritz with the Montana Dept. of Labor & Industry professional licenses unit.

I am also afraid he is going to try and bring people to the property to show it. I am literally living here and do not want this guy on my property. This is the person who broke the electronic security gate by trying to force it open.

Thanks-

Ryan D. Gabriel
Zurc Capital, LLC
rgabriel@zurccapital.com

206.391.9886 mobile
403.606.5859 office
855.488.ZURC toll free

**Exhibit 9**, Page __3__ of __5__

**Ryan Gabriel <rgabriel@zurccapital.com>**           7/22/2024 9:25 PM

# Re: Notice of Protective Order

To Kai Groenke <kai@familylawflathead.com>   Copy Melissa Smith <melissa@familylawflathead.com> • mtreg@cyberport.net

Kai,

I am just now reading the attachments. You sent the court over 100 pages of documentation that you assembled in attempt to evict me from my own property. Now that that effort has failed, you seem to be attempting to get your own separate protection order which would prohibit me from inhabiting my own property. Am I reading this right?

I would note the judge declined to endorse that portion of your petition, along with the vast majority of the requests made in the petition, which means they probably think you are insane.

This documentation that you sent the court specifically incriminates Fritz, not me.

Look at what you sent the court, and consider that there was a temporary stay on the amended judgment that you prodded Fritz to act upon. There is no way he did this at Jesse's behest alone, which we will learn in discovery. At some point Fritz is going to find out that you effectively set him up.

I will have a proper challenge ready for the Court.

I have Cc'd Fritz here.

Ryan D. Gabriel
Zurc Capital, LLC
rgabriel@zurccapital.com

206.391.9886 mobile
403.606.5859 office
855.488.ZURC toll free

On 07/22/2024 5:35 PM EDT Kai Groenke <kai@familylawflathead.com> wrote:

Ryan,

Please be advised that the Flathead County Justice Court has entered a protective order against you in the attached cause of action. Please find a copy of the Sworn Petition with supporting documentation and the Temporary Protective Order which is currently in effect.

Kai Groenke

**Law Office of Kai Groenke, P.C.**

239 2nd Street West

Kalispell, MT 59901

Tel: (406)-890-2999

www.familylawflathead.com

Exhibit 9, Page __4__ of __5__

This e-mail and the information contained herein is confidential information belonging to the sender, and may also be legally privileged and protected, including by the attorney-client privilege and/or the attorney work product privilege. These privileges are hereby asserted and reserved if this correspondence is intended for a client, or if any privilege is otherwise applicable to this communication. This e-mail and information contained herein is intended only for the use by the party to whom this e-mail is intended. If you are not the intended recipient, you are notified that any retention or disclosure, copying, printing or distribution of this e-mail is strictly prohibited. Please advise if this e-mail has been erroneously sent to you, and then delete all copies of this email. Thank you.

**Exhibit 9, Page __5__ of __5__**

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
Family Law Department

**Jesse Mark Olsen**          *See CIF*        **Case No:** 24PO00918
Petitioner                          DOB
*(name of person who asked for restraining order)*

                                                        **FAMILY ABUSE PREVENTION ACT**
and                                                        **ORDER**
**Ryan Dean Gabriel**      *See CIF*                *(After Hearing)*
Respondent                    DOB
*(name of person to be restrained)*

                                                        *Protective Order – FAPA*

This matter came before the Court on March 13, 2024.

**Hearing Type:**
☒ 21 day hearing (custody not at issue)          ☐ 5 day hearing (custody at issue)
☐ Exceptional circumstances hearing               ☐ Renewal
☐ Modification

**PETITIONER**                                          **RESPONDENT**
☒ Appeared in person or ☐ by telephone/video     ☒ Appeared in person or ☐ by telephone/video
☐ Was served a copy of this Order in court today  ☐ Was served a copy of this Order in court today
☐ Did not appear                                        ☐ Did not appear
☐ Attorney:                                             ☐ Attorney:
   OSB #:                                                  OSB #:

☐ Petitioner has been the victim of abuse committed by Respondent within the 180 days before the filing of the *Petition*
☐ Petitioner reasonably fears for their physical safety
☐ Respondent represents a credible threat to the physical safety of Petitioner or Petitioner's children

**FIREARMS FINDINGS:** *(if the restraining order is continued or renewed)*
At the time of the abuse, Respondent:
☐ was *or* ☐ was similarly situated to a:
   ☐ Spouse or Registered Domestic Partner of victim *(current or former)*
   ☐ Parent or guardian of victim
   ☐ shared a child in common with the victim *(child must be born)*
   ☐ was living or had lived with the victim in a sexually intimate relationship

21-160 (12/22) Page 1 of 2                    EXHIBIT 10 - PAGE 1 OF 3

☐ was involved or had been involved in a sexually intimate relationship with the victim
☐ was an adult related by blood or marriage to the victim

☐ The order was issued after a hearing of which Respondent received actual notice and at which Respondent had the opportunity to participate

## ORDERS:

☒ The restraining order issued to Petitioner on <u>January 29, 2024</u>  is:

    ☒ Dismissed

    ☐ Continued

    ☐ Renewed. The order will expire on: _____.

    ☐ Modified as follows:_____

**Except as modified above, all portions of the restraining order remain in effect.**

The order restrains Respondent from harassing, stalking, or threatening Petitioner or Petitioner's or Respondent's children or engaging in other conduct that would place Petitioner in reasonable fear of bodily injury to Petitioner or Petitioner's or Respondent's children AND

Respondent represents a credible threat to the physical safety of Petitioner or Petitioner's or Respondent's children OR

This order by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against Petitioner or Respondent's children that would be reasonably expected to cause bodily injury

☐ Respondent is prohibited from possessing FIREARMS or AMMUNITION under state and federal law. The terms of Sections 18 and 19 of the Order remain in effect. Respondent is required to surrender firearms and ammunition and to file a *Declaration of Firearms Surrender* as ordered.

**Security for violation of this order is ☐ Bail deferred**

### IMPORTANT NOTICE ABOUT YOUR RIGHT TO PURCHASE OR POSSESS FIREARMS AND AMMUNITION

As a result of this restraining order, it is unlawful for Respondent to possess, receive, ship, transport, or purchase a FIREARM, including the frame or receiver of a firearm, a muffler or silencer, and any destructive device (described in 18 USC 921(a)(4)), or AMMUNITION. Respondent's ability to serve in the armed forces of the United States or to be employed in law enforcement also may be negatively affected.

**If you have any questions about these laws you should talk to a lawyer**

#### CERTIFICATE OF COMPLIANCE WITH THE VIOLENCE AGAINST WOMEN ACT

This protective order meets all full faith and credit requirements of the Violence Against Women Act, 18 U.S.C. 2265(1994). This court has jurisdiction over the parties and the subject matter. The respondent was afforded notice and timely opportunity to be heard as provided by the law of this jurisdiction. This order is

3/13/2024
Date

Circuit Court Judge Francis G. Troy II

EXHIBIT 10 - PAGE 2 OF 3



CERTIFIED TO BE A TRUE
COPY OF THE ORIGINAL.

DATED: 3/13/24

COURT CLERK

EXHIBIT 10 - PAGE 3 OF 3

8/3/24, 11:55 AM

"Fritz" Groenke

☰    ⓶realtor.com®

‹ Back    Lakeside, MT    ✕

Listed by Fritz Groenke with Montana Reel Estate Group



9/18    ♡ ⬆ ⊘

↙
For sale

# $1,085,000

Est. $6,059/mo ⬠

**5.95 acre lot**

2000 Blacktail Rd, Lakeside, MT 59922

View on Map ⊙

🚌 **Add a commute**

🏠 **Multi-Family**
Property type

📅 **3 days**
On Realtor.com

🚗 **2 Cars**
Garage

🐾 **2016**
Year built

This property has multiple listings: **For Sale listing 1** | **For Sale listing 2**

( Ask a question )    ( **Share this home** )

---

ⓐ **Open houses**                                                          ⌄

---

🏠 **Property details**                                                     ⌄

---

⊟ **Monthly payment**                                                       ⌄

---

( **Contact agent** )                    ( Schedule tour

**Exhibit 11**, Page _1_ of _3_ )

8/3/24, 11:54 AM
For Sale: 2000 Blacktail Rd, Lakeside, MT 59922 | realtor.com®
Case 9:24-cv-00118-JTJ    Document 33-1    Filed 01/05/25    Page 20 of 83

"Fritz" Groenke

≡        🏠 realtor.com®

‹ Back   ( Lakeside, MT        ✕ )

Listed by Fritz Groenke with Montana Real Estate Group



7/16

↙
For sale

# $1,085,000

Est. $6,059/mo ✎

**5.95** acre lot

2000 Blacktail Rd, Lakeside, MT 59922

View on Map 📍

🚗 **Add a commute**

🏠 **Multi-Family**
Property type

📅 **3 days**
On Realtor.com

🏚 **2 Cars**
Garage

🏛 **2016**
Year built

This property has multiple listings: **For Sale listing 1** | **For Sale listing 2**

( Ask a question )   ( **Share this home** )

🅰 **Open houses**                                                          ⌄

🏡 **Property details**                                                     ⌄

🖥 **Monthly payment**                                                      ⌄

( Contact agent )                                    Schedule tour

**Exhibit 11**, Page **2** of **3**







IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

Jesse Mark Olsen,                    )
                                     )
                Petitioner,          )
                                     )    Case No.   22DR04942
        v.                           )
                                     )    PETITOINER'S PROTECTIVE ORDER
Ryan Dean Gabriel,                   )
                                     )
                Respondent.          )
                                     )

THIS MATTER having come before the court upon Petitioner's Motion for Protective Order,

Petitioner's Motion for a Protective Order is:

_____ Granted

☒ Denied

IT IS FURTHER ORDERED Respondent Ryan Dean Gabriel, is responsible for all attorneys

costs and fees associated with the execution of this order.

**5/1/2023 4:50:35 PM**

_____

Circuit Court Judge Francis G. Troy II

Prepared & Submitted by:
Roscoe C. Nelson, Jr.
OSB # 732218
Attorney for Petitioner
811 SW Naito Parkway
Suite 200
Portland, OR  97204
(503) 222-1081
attorneys@roscoecnelson.com

Page 1 – PETITIONER'S PROTECTIVE ORDER

Exhibit 13, Page ___1___ of __8__

Nelson & Nelson
811 SW Naito Parkway, Suite 200
Portland, OR  97204 · (503) 222-1081
attorneys@roscoecnelson.com

IN THE CIRCUIT COURT OF THE STATE OF OREGON
COUNTY OF MULTNOMAH
Family Law Department

In the matter of ☐ the Marriage of:

*Jesse Olsen*
**Petitioner**

and

*Ryan Gabriel*
**Respondent**

22DR04942

Case No._____

**ORDER to SHOW CAUSE RE Motion to Compel Discovery**

**CERTIFIED TO BE A TRUE COPY OF THE ORIGINAL.**

DATED: 04/25/23

Motion & Declaration to VLN

COURT CLERK

The ☐ Petitioner ☑ Respondent ☐ _____ Motion & Declaration to VLN

Compel Discovery Pursuant to ORCP 46(A).

## IT IS HEREBY ORDERED that:

☒ The Motion for an Order to Show Cause is GRANTED.

☑ All parties must appear *remotely* for TRIAL ASSIGNMENT at 9:00 a.m. on this date: _5/25/23_ for an *in-person* hearing on __5/26/23__ _____ to report their readiness about _____.

**Trial Assignment Call-In** - Call 503-388-9555, Access Code 146 792 6901###
*An attached sheet provides information about the Trial Assignment process.*

At Trial Assignment, the hearing on __5/26/23__ _____ will be assigned to a specific Judge and courtroom for the next business day. **IF YOU FAIL TO APPEAR REMOTELY AT TRIAL ASSIGNMENT YOU MAY LOSE YOUR CHANCE TO PARTICIPATE IN THE IN-PERSON HEARING THE NEXT DAY.**

☐ This matter will be heard before Judge _____ in Room _____ of the Central Courthouse at _____ a.m./p.m. on _____, 20___.
*The attached sheet about Trial Assignment does not apply in this situation.*

☐ The Motion for an order to show cause is DENIED.

Dated: _04/25/23_

/s/ **FRANCIS G. TROY II**
Circuit Court Judge

☒ Form stamped and issued by clerk at counter VLN
Clerk initial

Served Copy

_____
Print Name

Page 1 of 2 –Order to Show Cause Generic (04/22)

**Exhibit 13**, Page _2_ of _8_

1
2
3
4

IN THE CIRCUIT COURT OF THE STATE OF OREGON

5

FOR THE COUNTY OF MULTNOMAH

6  Jesse Mark Olsen,                          )
7              Petitioner,                    )
                                              )   Case No.  22DR04942
8          v.                                 )
                                              )   PETITIONER'S MOTION FOR
9  Ryan Dean Gabriel,                         )   PROTECTIVE ORDER
                                              )
10             Respondent.                    )
11 _____)

12     Petitioner makes this motion to request a protective order, prohibiting Respondent from further

13 use of pleadings, which demand irrelevant information, and emails directed to my client and not to my

14 office on my clients behalf.

15     Respondent is conducting himself in an unprofessional and thoroughly disruptive manner as we

16
   work towards a simple resolution to this matter.
17

18     Based on Respondents reckless indifference to the rules of the court and common courtesy;

19 Petitioner requests the award of attorneys fees can costs associated with this matter.

20     Respectfully submitted, this 13th day of August, 2023.

21                                    /s/ Roscoe C. Nelson, Jr.
                                      _____
22                                    Roscoe C. Nelson, Jr.
                                      OSB# 732218
23                                    NELSON & NELSON

24
25
26

Page 1 – PETITIONER'S RESPONSE TO RESPONDENT'S
          MOTION TO STRIKE

Nelson & Nelson
811 SW Naito Parkway, Suite 200
Portland, OR 97204 · (503) 222- 1081
attorneys@roscoecnelson.com

1    Order, excluding Respondent from any further irrelevant pleadings, responses, or emails to my office or

2    my client. I make this affidavit in support of the attached Motion for Protective Order, filed herewith.

3        Subscribed and sworn this 13th day of April, 2023.

4

5                                        _____
                                         Roscoe C. Nelson, Jr. OSB #732218

6

7

8    State of Oregon                    )
9                                       ) ss.
     County of Multnomah                )
10

11        This record was acknowledged before me on 13th day April, 2023, by Roscoe C. Nelson, Jr.

12

13                                       _____
                                         Notary Public: Jessica L. Edmiston
14                                       State of Oregon

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 – AFFIDAVIT OF ROSCOE C. NELSON, JR.                    Nelson & Nelson
         IN SUPPORT OF PETITIONER'S MOTION                     811 SW Naito Parkway, Suite 200
         FOR PROTECTIVE ORDER                                  Portland, OR 97204 · (503) 222-1081
                                                               attorneys@roscoecnelson.com

IN THE DISTRICT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| JESSE MARK OLSEN, | ) | Case No. 22DR04942 |
| Petitioner, | ) | RESPONDENT/PLAINTIFF RYAN |
| | ) | RYAN DEAN GABRIEL'S SECOND |
| vs. | ) | REQUEST FOR PRODUCTION OF |
| | ) | DOCUMENTS TO PETITIONER/ |
| RYAN DEAN GABRIEL, | ) | DEFENDANT JESSE MARK OLSEN |
| Respondent | ) | |
| | ) | |
| RYAN DEAN GABRIEL, an individual, | ) | Case No. 22CV10399 |
| Plaintiff, | ) | |
| vs. | ) | |
| JESSE MARK OLSEN, an individual, | ) | |
| Defendant. | ) | |

TO:   Petitioner/Defendant Jesse Mark Olsen and his attorney of record:

Pursuant to Rules 36 and 43 of the Oregon Rules of Civil Procedure (the "ORCP"), Plaintiff/Respondent Ryan Dean Gabriel ("Gabriel") requests Petitioner/Defendant Jesse Mark Olsen ("Olsen") produce the documents requested below by delivering the documents, or copies of them, to 5721 SW Salmon St., Portland OR 97221 within 30 days.

RESPONDENT/PLAINTIFF RYAN DEAN GABRIEL'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PETITIONER/DEFENDANT JESSE MARK OLSEN
EXHIBIT A
Page 1 of 11

## INSTRUCTIONS

A.     The documents requested include all within the possession, custody, and control of Olsen, and any of Olsen's agents, representatives, and attorneys. The documents requested include any document that Defendant does not physically possess, but have the legal right to obtain from other persons or entities who physically possess or control those documents. In the event the requested documents are believed to be in possession of another person or entity, Defendant shall promptly take all actions necessary to obtain those documents, including making written and oral requests.

B.     Any objection or claim of privilege must be in writing and received by this office by the date the requested document is due. Failure to respond to any request will be deemed a waiver of all objections and/or claims of privilege.

C.     For each requested document not produced under a claim of privilege or other protection, to aid the parties and the Court evaluating the validity of such claim, please provide the following information: (1) the author and, where appropriate, the recipient(s) of the document; (2) the title of the document or an appropriate description of it; (3) the date of the document; (4) the location and custodian of the document; (5) the subject matter of the document; (6) the full explanation of the reasons why production of the document was not made; (7) the number of pages of the document, and (8) the name of any other individuals who were provided a copy of the document(s). These representations must be made with sufficient particularity to enable the Court to rule on the validity of the privilege or objection upon which a document is withheld.

D.     All documents must be produced such that they are organized and labeled to correspond with the categories in this Request.

RESPONDENT/PLAINTIFF RYAN DEAN GABRIEL'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PETITIONER/DEFENDANT JESSE MARK OLSEN
EXHIBIT A
Page 2 of 11

**Exhibit 13**, Page 5 of 8

E.     If any requested document is no longer in the possession, custody, or control of the person required to produce it, please describe its disposition and the reason for the disposition. If the response to any document request is that no responsive documents exist, please provide a written response indicating that no responsive documents exists.

F.     This is a continuing request for production for the duration of this action. If any document responsive to these requests comes within the possession, custody, or control of the person required to produce it, that person must immediately produce the document. G. In the event the recipient of these requests fails to comply with these instructions, Gabriel reserves the right to exclude testimony based upon information contained in or relevant to any withheld document at the time of trial, and to request postponement or continuance of the trial until any such document is delivered.

H.     Electronically Stored Information ("ESI") shall be produced in formats for use with NextPoint discovery software. The recipient shall identify the native formats of electronically stored information prior to production so that the requesting party can specify the appropriate production format. Subject to the foregoing, electronically stored information shall usually be produced as follows:

(1) The production shall be transmitted via electronic disc, USB flash drive, or secure electronic download.

(2) Emails shall be produced in native format as .msg or .eml files or in a .pst file together with a data load file containing all coding, metadata, and Bates numbers, in the form set forth below.

(3) Word processing docs and similar file types that convert cleanly to image format shall be produced as Bates-stamped images in TIFF or PDF format together with a data load file containing all coding, metadata, and Bates numbers, in the form set forth below.

RESPONDENT/PLAINTIFF RYAN DEAN GABRIEL'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PETITIONER/DEFENDANT JESSE MARK OLSEN
EXHIBIT A
Page 3 of 11

(4) OCR text files shall be in single-page format and shall be organized in their own folder and labeled to correspond with the other produced files from which they were generated.

(5) File types that do not convert cleanly to image format, such as MS Excel spreadsheets (XLS) or video/audio files (WAV, WMV, MPG), shall be produced in native format together with a data load file containing all coding, metadata, and Bates numbers in the form set forth below.

(6) Documents in PDF format shall be produced as individual PDFs (without combining multiple documents into a single PDF). PDFs shall be named by starting Bates number and shall be produced together with a data load file containing metadata fields and paths to the PDFs. (7) Data load files shall be produced in CSV (comma-separated values) format in a "DATA" folder and must include the following fields of information:

| System Name | Column Name In Loadfile | Email/Attachment/Loose File |
|---|---|---|
| Bates Range Start | Bates_start | All |
| Bates Range End | Bates_end | All |
| Family Range Start | BegAttach | Email/Attachments |
| Family Range End | EndAttach | Email/Attachments |
| Custodians | Custodians | All |
| Produced Page Count | PgCount | All |
| Attach Count | AttachCount | Email |
| Document Type | DocumentType | All |
| Email Subject | EmailSubject | Email |
| Email Author | EmailAuthor | Email |
| Recipients | Recipients | Email |
| Cc | CC | Email |
| Bcc | BCC | Email |
| Email Sent | EmailSentDate | Email |
| Email Sent | EmailSentTime | Email |

RESPONDENT/PLAINTIFF RYAN DEAN GABRIEL'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PETITIONER/DEFENDANT JESSE MARK OLSEN
EXHIBIT A
Page 4 of 11

**[Top-left page]**

| Email Received | EmailReceivedDate | Email |
|---|---|---|
| Email Received | EmailReceivedTime | Email |
| Email Message ID | EmailMessageID | Email |
| Mailbox File | MailboxFile | Email/Attachment |
| Mailbox Path | MailboxPath | Email/Attachment |
| Document Title | Title | Attachments/Loose Files |
| Document Author | DocAuthor | Attachments/Loose Files |
| Document Last Author | DocLastAuthor | Attachments/Loose Files |
| Created Date Time | CreatedDateTime | Attachments/Loose Files |
| Modified Date Time | ModifiedDateTime | Attachments/Loose Files |
| File Name | FileName | All |
| File Extension | FileExtension | All |
| File Path | FilePath | All |
| MD5 Hash | MD5Hash | Included Natives |
| Confidentiality | Confidentiality | All |
| Text Path | Text_file | All |
| Native Path | Native_file | All |

I.    At Gabriel's request, Olsen shall promptly produce ESI in its native format.

## DEFINITIONS

For purpose of these discovery requests, the following terms are used as defined immediately below:

A. "Communication" or "communications" means any act or process of communicating, the imparting or interchange of thoughts, opinions or information by speech, writing, or signs, including telephone calls, text or instant messages, emails, letters, voice messages, social media posts, and other correspondence.

B. "Document", "docs" or "documents" shall be interpreted broadly to include the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise of writings or electronically stored information, including, but not limited to: correspondence; letters; memoranda; digital or handwritten jottings or notes; diaries; files; statistics; telegrams; emails; email attachments; electronic or paper

**[Top-right page]**

F. "Montana Property" refers to the real property located at 2000 Blacktail Rd., Lakeside, MT 59922.

G. "Related to" or "relating to" means directly, indirectly, or in any way concerning, referring to, alluding to, responding to, regarding, describing, explaining, discussing, reflecting, analyzing, or commencing upon.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1:  Full known names (first and last), current and/or last known contact information (phone number(s), address(es), e-mail address(es), or other managing service address(es), including/such as WhatsApp, Telegram, etc.) for the following individuals who will be deposed in response to your sworn statement to this Court, "In normal circles, when asked if Respondent (Ryan Dean Gabriel) was my domestic partner, the answer was yes.",

"Petitioner (you) introduced Respondent (Ryan Dean Gabriel) at a number of work functions as his boyfriend and/or partner.", and in response to your instant claims that this case is "no different than any other dissolution of marriage", asserting that you and Mr. Gabriel "spent years together representing themselves as a marital couple … to the world and in acquiring property jointly." This deposition list includes, but may not be limited to: 1) Arne Mueker; 2) Valerie Marsh; 3) Carolyn B. Olsen (your mother); 4) Mark Olsen (your father); 5) All Nike employees and contract employees introduced to Mr. Gabriel in person or by phone, in order of introduction – starting with Jordan Web (intimate sexual partner and co-worker at Nike prior to, in and around 2012), continuing on to Bob Swan and other personally introduced members of your 2012 "Dragon Boat Racing" team, your July/August 2013 "Cascade Lakes Relay" team, your "Movember" teammates starting in November 2013, all "Game Night" Nike employees (Kyle Knudsen, etc.) who spent hours playing card games with yourself and Mr. Gabriel, and concluding with Leon Witherow / Thomas Durand in 2020; 6) Dave Denson; 7)

address books, contact lists, and mailing lists; text messages; electronic messages; saved instant messaging conversations; chat room conversations; peer-to-peer networking conversations; voice mails; minutes; transcripts; transcriptions; contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; manuals; prospecti; inter-office and intra-office communications; calendars; offers; notations of any sort of conversation, telephone calls, meetings or other communication; telephone message records or logs; caller-id information; internet histories; computer and network activity logs; web pages; social media accounts; online forums; online services; databases; spreadsheets; bulletins; pamphlets; circulars; printed matter; invoices; worksheets; research; studies; papers; pleadings; motions; legal memoranda; all drafts, alterations, modifications, changes, and amendments of any of the foregoing; faxes; scanned documents; questionnaires; opinions; statements; graphic and oral reproductions of any kind, including, without limitation, photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.

C. "Gabriel" refers to Ryan Dean Gabriel, and shall also be deemed to mean every agent, representative, attorney, employee, former employee, officer, independent contractor, subcontractor, and consultant of Ryan Dean Gabriel and his related business entities.

D. "You" or "Your" refers to Jesse Mark Olsen, and shall also be deemed to mean every agent, representative, attorney, employee, former employee, supervising broker, officer, independent contractor, subcontractor and/or consultant of Jesse Mark Olsen, and his related business entities.

E. "Portland Property" refers to the real property located at 5721 SW Salmon Street, Portland, OR, 97221.

**[Bottom-right page]**

Cohen Summers; 8) Dominic Fontanilla; 9) Harmony Congrove; 10) Rachael Cely; 11) Shell Dukes and other members of the Nike Travel team who arranged your international travel, which would theoretically (per your claims) have recorded Mr. Gabriel as your spouse; 12) an appropriate officer of Nike Risk Management, which would have theoretically (per your claims) recorded Mr. Gabriel as your spouse; 13) Michael Olson (brother) and his ex-boyfriend, "Jorge", the latter former Nordstrom employee whom you claimed to have violently assaulted in 2011; 14) Natalie Marsh; 15) Chad & Brinley Wilcoxen; 16) Colter & Nicole Morby; 17) Cameron & Tara Shick; 18) Justin & Sarah McIvers; 19) Derek & Toni Yen; 20) Kavon & Alaina Rahimzadegan; 21) Alex & Jena Pratt; 22) Marise Blair & Rhett Elder; 23) Tyler & Olya Bird; 24) Kristie Medak, direct report at Nike with intimate knowledge of your domestic affairs; 25) Kyloe Barton, direct report at Nike with intimate knowledge of your domestic affairs; 26) Kali Davis, colleague at Nike with intimate knowledge of your domestic affairs.

RESPONSE:

REQUEST NO. 2:  Any and all documents to support your allegation that "Respondent (Ryan Dean Gabriel) made it clear to Petitioner (you) that it was not going to be safe for him to reside in the Portland property after separation.", and show evidence that this impression was separate and distinct from your intent to follow through on your direct spoken threat made to Mr. Gabriel on March 14, 2022 at 8:37 PM, "You'll never see these dogs again if you don't give me the [Portland property at 5721 SW Salmon St.].", along with your prevailing concern that returning to the Portland property would enable Mr. Gabriel to retrieve his pet beagle, Eden.

RESPONSE:

REQUEST NO. 3:  Any and all documents to support your allegation that "In fact, the locks were changed by Respondent, as well as the security codes; and as to date the Respondent has not furnished Petitioner with the current keys or security codes.", and show evidence that the

1   original keys to the house at any point in time stopped working on the locks, and show evidence

2   that Respondent Mr. Gabriel had a request from you or your attorney's office to furnish codes on

3   the locks – installed as a security precaution due to the 17 contractors' employees who had direct

4

5   access to keys to the house – but declined or failed to do so.

6      **RESPONSE:**

7      **REQUEST NO. 4:** Provide any and all documents to support your claim that "both"

8   Petitioner and Respondent's names "may have been on various utility bills at any given time."

9      **RESPONSE:**

10     **REQUEST NO. 5:** Provide any and all text messages you are able to produce, or in the

11   alternative furnish a timeline in which the same text messages "clearly would not be saved or

12

13   reproduceable after all these years", to support your repeatedly stated position in '*Petitioner's*

14   *Response to Respondent's First Request for Production & Admission*' (dated March 17, 2023)

15   that these documents can no longer be produced for this instant lawsuit that you (Petitioner)

16   initiated presumably due to an abundance of this precise type of evidence.

17      **RESPONSE:**

18     **REQUEST NO. 6:** Provide any and all documents supporting expenses that Petitioner

19

20   believes can be considered "improvements", and which are consistent with your stated

21   commitment to "assemble a list of such improvements as are able to be catalogued.", considering

22   that if the improvements were paid for by Petitioner, it is almost certainly true that Respondent

23   will not have copies of these same documents.

24      **RESPONSE:**

25     **REQUEST NO. 7:** Provide any and all documents supporting expenses, receipts, and

26   payments that Petitioner believes are related to "insurance claims", and which are consistent with

27

28

9   RESPONDENT/PLAINTIFF RYAN DEAN GABRIEL'S SECOND REQUEST FOR PRODUCTION OF
    DOCUMENTS TO PETITIONER/DEFENDANT JESSE MARK OLSEN     **EXHIBIT A**
                                     Page 9 of 11

---

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing *Respondent/Plaintiff Ryan Dean Gabriel's Second Request for Production of Documents to Petitioner/Defendant Jesse Mark Olsen* on the following party:

        Rescue C. Nelson
        Nelson & Nelson
        811 SW Naito Parkway, Suite 200
        Portland, OR 97204
        rnelson@respectnelson.com
        Of Attorneys for Petitioner

By the following method or methods:

  **X**  by causing full, true and correct copies thereof to be hand delivered to the attorney(s) at the attorney(s) last known office address listed above on the date set forth below

  **Y**  by causing full, true, and correct copies thereof to the attorney(s) at the email address shown above, which is the last known email address for the attorney(s) office, on the date set forth below

DATED this   **11TH**   day of April 2023

                       By: _____
                              Ryan D. Gabriel
                              Defendant, *pro se*

                              (206) 391-9886
                              Telephone

                                      **EXHIBIT A**
                                    Page 11 of 11

---

1   your stated commitment to "endeavor to produce documentation showing payment owing to the

2   damages made by Olsen and fully reimbursed by the insurance company."

3      **RESPONSE:**

4

5

6

7   DATED this 9th Day of April, 2023.

8

9           _____

10        Respondent/Plaintiff, Pro Se (signature)

11       Ryan D. Gabriel
          2000 Blacktail Rd.

12       Lakeside, MT 59922

13

14        (206) 391-9886
          Telephone

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10   RESPONDENT/PLAINTIFF RYAN DEAN GABRIEL'S SECOND REQUEST FOR PRODUCTION OF
    DOCUMENTS TO PETITIONER/DEFENDANT JESSE MARK OLSEN     **EXHIBIT A**

**Exhibit 13**, Page __7__ of __8__

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON
## FOR MULTNOMAH COUNTY

Family Law Department

**Jesse Mark Olsen,**

Case No. 22DR04942
**ORDER, GRANTING MOTION TO COMPEL**

Petitioner,

And

**Ryan Dean Gabriel,**

Respondent

This matter came before the court on **06/30/2023.**
The following persons appeared and received a copy of this order:
[ ] Petitioner      [X] Petitioner's Attorney : Roscoe C. Nelson III
[X] Respondent    [ ] Respondent's Attorney: _____
[ ] Other: _____
[ ] No parties because no hearing was scheduled.

## Courts Findings:

Parties came before Judge Allen for Motion to Compel. Petitioner has not provided necessary documents pursuant to the First and Second RFPs.

## Now therefore it is hereby order as follows:

Both parties are obligated to provide the other party any documents on which they intend to rely at trial related to claims made for the two homes at issue. Petitioner need not make himself available for deposition because no request was made pursuant to rules. Additionally, and specifically, Petitioner is to provide documents responsive to Respondent's First RFP requests 17 (as to an alleged domestic partnership), 21 through 24 and as to the Second RFP request, Petitioner is to supply the names of any persons he intends to call as a witness to support his allegation that the parties were in a domestic relationship, as opposed to a mere friendship or a business relationship.

All documents are to be provided no later than 5pm on July 3, 2023.

_____6-30-2023_____                    _____Ben A. Nll_____

Date                                      Circuit Court Judge



SALT LAKE CITY UT 840

9 APR 2024 PM 1 L

Ryan Gabriel
2000 Blacktail RD. # 1140
Lakeside, MT 59922

59922-555800

TAB bank
Member FDIC

4185 Harrison Blvd.
Ogden, UT 84403
TABbank.com

**FLATHEAD ELECTRIC**
**COOPERATIVE**
Community. Innovation. Reliability.

## BILLING HISTORY



1825014 — 2000
BLACKTAIL RD

**BILL & PAY** ⌃

Auto Pay Program

**Billing History**

Budget Gauge

Make a Payment

Payment History

**USAGE** ⌃

Average Usage

Usage Comparison

Usage Explorer

Usage Management

Usage Tracking

**CONTACT US** ⌄

**SETTINGS** ⌄

⌶ Report Power Outage

Submit Inquiry

$ Make a Payment

1 Notifications

Sign Out

∘ Start/Stop Service
• Outage Center
∘ Save Money & Energy
• Light Reading Newsletter

| **Account** | **FLATHEAD ELECTRIC CO-OP —** 1825014 RYAN GABRIEL 2000 BLACKTAIL RD, LAKESIDE, MT View Usage |
|---|---|
| **Billing Date** | 08/05/2024 |
| **Paperless** | $207.00 View Bill |
| **Adjustments** | $0.00 |
| **Total Due** | **$207.00** |
| **Account** | **FLATHEAD ELECTRIC CO-OP —** 1825014 RYAN GABRIEL 2000 BLACKTAIL RD, LAKESIDE, MT View Usage |
| **Billing Date** | 07/05/2024 |
| **Paperless** | $428.00 View Bill |
| Adjustments | $0.00 |

Exhibit 15, Page _2_ of _2_

# ORS 19.335
# Stay by filing of supersedeas undertaking

(1)    If a judgment is for the recovery of money, a supersedeas undertaking acts to stay the judgment if the undertaking provides that the appellant will pay the judgment to the extent that the judgment is affirmed on appeal.

(2)    If a judgment requires the transfer or delivery of possession of real property, a supersedeas undertaking acts to stay the judgment if the undertaking provides that the appellant will not commit waste or allow waste to be committed on the real property while the appellant possesses the property, and the appellant will pay the value of the use and occupation of the property for the period of possession if the judgment is affirmed. The value of the use and occupation during the period of possession must be stated in the undertaking.

(3)    Intentionally left blank —Ed.

(a)    If a judgment requires the transfer or delivery of possession of personal property, a supersedeas undertaking acts to stay the judgment if the undertaking provides that the appellant will obey the judgment of the appellate court, and that if the appellant does not obey the judgment, the appellant will pay an amount determined by the trial court and stated in the undertaking.

(b)    If a judgment requires the transfer or delivery of possession of personal property, the judgment is stayed without the filing of a supersedeas undertaking if the appellant transfers or delivers the personal property to the court or places the property in the custody of an officer or receiver appointed by the trial court.

(4)    If a judgment requires the foreclosure of a mortgage, lien or other encumbrance, and also requires payment of the debt secured by the mortgage, lien or other encumbrance, a supersedeas undertaking acts to stay that portion of the judgment that requires payment of the debt if the undertaking provides that the appellant will pay any portion of the judgment remaining unsatisfied after the sale of the property subject to the mortgage, lien or other encumbrance. The amount of the undertaking must be stated in the undertaking. The requirements of this subsection are in

**Exhibit 17**, Page __1__ of __3__

8/18/24, 1:32 PM                    ORS 19.335 – Stay by filing of supersedeas undertaking

Caption to any provisions. In a supersedeas undertaking that may be required       Page 35 of 83
under subsection (2) or (3) of this section to stay delivery or transfer of property.

**(5)**   If a judgment requires the execution of a conveyance or other instrument, the
judgment is stayed without the filing of a supersedeas undertaking if the appellant
executes the instrument and deposits the instrument with the trial court
administrator. Unless otherwise directed by the appellate court, the instrument
must be held by the trial court administrator until issuance of the appellate
judgment terminating the appeal.

**(6)**   Except as provided in ORCP 72, a stay of judgment described in this section takes
effect only after the party has filed a notice of appeal and filed any supersedeas
undertaking required for the stay. [1997 c.71 §6; 1999 c.367 §11; 2007 c.547 §5]

---

*Location:*

https://oregon.public.law/statutes/ors_19.335

*Original Source: Section 19.335 — Stay by filing of*
*supersedeas undertaking,* https://www.-
oregonlegislature.gov/bills_laws/ors/ors019.html
(last accessed Aug. 25, 2023).

**Exhibit 17,** Page __2__ of __3__

**Oregon Rules of Civil Procedure**

# ORCP 72 - Stay of proceedings to enforce judgment

## STAY OF PROCEEDINGS TO ENFORCE JUDGMENT

RULE 72

**A Immediate execution; discretionary stay.** Execution or other proceeding to enforce a judgment may issue immediately upon the entry of the judgment, unless the court directing entry of the judgment, in its discretion and on such conditions for the security of the adverse party as are proper, otherwise directs. The court shall have authority to stay execution of a judgment temporarily until the filing of a notice of appeal and to stay execution of a judgment pending disposition of an appeal, as provided in ORS 19.335, 19.340 and 19.350 or other provision of law.

**B Other stays.** This rule does not limit the right of a party to a stay otherwise provided for by these rules or other statute or rule.

**C Stay or injunction in favor of public body.** The federal government, any of its public corporations or commissions, the state, any of its public corporations or commissions, a county, a municipal corporation, or other similar public body shall not be required to furnish any bond or other security when a stay is granted by authority of section A of this rule in any action to which it is a party or is responsible for payment or performance of the judgment.

**D Stay of judgment as to multiple claims or multiple parties.** If a court enters a limited judgment under the provisions of Rule 67 B, the court may stay enforcement of the judgment and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.

[CCP 12/13/80; § A amended by CCP 12/14/96; § A amended by 1997 c.71 § 18; § D amended by 2003 c.576 § 263.]

Hosted by Oregon.Public.Law

**Exhibit 17**, Page **3** of **3**

**Ryan Gabriel <rgabriel@zurccapital.com>**                                   8/3/2024 9:33 PM

# RE: Re: 2000 Blacktail Road

To Fritz Groenke <mtreg@cyberport.net> • michellethomson.bigfork@gmail.com   Copy justin@406mls.com

Michelle,

We have evidence that "Fritz" deliberately sent this e-mail using your signature under Taylor "Kai" Groenke's explicit guidance, and without your immediate knowledge.

We also have direct metadata evidence that there was no request for a showing of the property at 9am tomorrow, on August 4, 2024.

Taylor "Kai" Groenke is, per her own testimony, the alleged biological daughter of Frederick "Fritz" Groenke, and she dictated this series of e-mails to Fritz.

We have evidence that Frederick "Fritz" Groenke deliberately concealed your true e-mail address, 'michellethomson.bigfork@gmail.com' so that you would be unaware of this, which is why I sent you the previous 'FYI'.

This e-mail exchange and all parties involved are now the subject of major Federal criminal racketeering investigation and you are hereby directed to preserve all communications on this matter.

Ryan D. Gabriel
Zurc Capital, LLC
rgabriel@zurccapital.com

206.391.9886 mobile
403.606.5859 office
855.488.ZURC toll free


On 08/03/2024 8:42 PM EDT Fritz Groenke <mtreg@cyberport.net> wrote:


Hello Ryan,

I sent the email to you requesting the showing for Blacktail and Michelle's contact info under my signature was inadvertent. She was not asking for the showing appointment I was. We will not be showing the property because you have refused the appointment to do so. If you change your mind please let me know and we will see if the prospects can be re contacted and view the property.

Fritz


Montana Real Estate Group

(406) 837-6000 Office

(406) 250-5151 Fritz Cell

**Exhibit 19**, Page __1__ of __3__



**REAL ESTATE GROUP**

**From:** Ryan Gabriel [mailto:rgabriel@zurccapital.com]
**Sent:** Saturday, August 03, 2024 6:05 PM
**To:** michellethomson.bigfork@gmail.com
**Cc:** mtreg@cyberport.net
**Subject:** Fwd: Re: 2000 Blacktail Road

FYI

---------- Original Message ----------

From: Ryan Gabriel <rgabriel@zurccapital.com>

To: Montana Real Estate Group <mtreg@cyberport.net>

Cc: justin@406mls.com

Date: 08/03/2024 7:57 PM EDT

Subject: Re: 2000 Blacktail Road


Michelle,

Montana Real Estate Group is now the subject of a tortious interference litigation lawsuit in which I am a Plaintiff (Eleventh Judicial District Court, State of Montana).

Montana Real Estate Group, Frederick "Fritz" Groenke, Justin Ponton, CEO of Montana Regional MLS, and Montana Regional MLS are all named Defendants in that tortious interference litigation. The process servers are presently delivering that lawsuit in person to the parties named above.

Montana Real Estate Group and Frederick "Fritz" Groenke, via Montana Regional MLS, illegally listed the property in question (2000 Blacktail Rd., Lakeside, MT 59922) on or before July 23, 2024, while there was an active Court stay (supersedeas undertaking) in Multnomah County Court Case 22DR04942 on the very judgment cited by Fritz Groenke to justify listing the property.

Because the listing was never removed when the above-named Defendants were notified of the stay, it remains an illegal listing, and any criminal trespassing that stems from that illegal MLS listing will be subject to criminal prosecution under Montana Penal Code 45-6-203.

Any actions taken by Montana Real Estate Group and Frederick "Fritz" Groenke under that illegal listing will also be vigorously litigated in the tortious interference lawsuit now being served upon the parties.

I would note that you are sending this to me at 5:51pm on a Saturday evening (August 3, 2024), to inquire about a Sunday morning intrusion onto the property the very next day (August 4, 2024).

**Exhibit 19**, Page __2__ of __3__

This almost certainly constitutes harassment in the context of the pending litigation and in the context of the illegal listing filed during a stay of the court.

Ryan D. Gabriel

Zurc Capital, LLC

rgabriel@zurccapital.com

206.391.9886 mobile

403.606.5859 office

855.488.ZURC toll free

On 08/03/2024 3:44 PM EDT Montana Real Estate Group <mtreg@cyberport.net> wrote:

We have a request from cooperating broker to show the property Sunday tomorrow at 9 AM. Can we make that appointment to show the property?

Thank you for your earliest response the agent is waiting to hear back for the appointment.

Fritz

Michelle Thomson

*Real Estate Advisor*

Cell 406.270.0802

Office 406.837.6000

553 Electric Avenue

Bigfork, MT 59911

mtreg@cyberport.net

michellethomson.bigfork@gmail.com



- image001.jpg (5 KB)
- image002.jpg (5 KB)

Exhibit 19, Page __3__ of __3__

   

‹ Back to search       **≈ Zillow·**       ♡ Save    ⬆ Share    ⊘ Hide    ○○○



Active under contract





    

⊞ See all 16 photos

# $1,085,000

2000 Blacktail Rd, Lakeside, MT 59922

Est.: **$6,323/mo** 🖉 Get pre-qualified

|  |  |  |
|---|---|---|
| **4** beds | **4** baths | **3,001** sqft |

🏠 Single Family Residence       🔨 Built in 2016       📐 5.95 Acres lot

🏷 $1,029,900 Zestimate®       📊 $362/sqft       🏷 $— HOA

# What's special

Only a quick trip up to Blacktail Mountain Ski Area or down to Flathead Lake in Lakeside, sits two separate Montana Style dwellings with classic high end finishes. **Exhibit 26**, Page __1__ of __4__  ▽

⟨ Back to search     🏠 **Zillow**®     ♡ Save    ⬆ Share    ⊘ Hide    ⦿⦿⦿

Overview     Facts & features     Market value     Payment calculator     Neighborhood

🏠 $1,029,900 Zestimate®     📊 $362/sqft       🏷 $-- HOA

# What's special

Only a quick trip up to Blacktail Mountain Ski Area or down to Flathead Lake in Lakeside, sits two separate Montana Style dwellings with classic high end finishes. Situated to embrace the secluded and active Montana lifestyle, each cabin also offers two bedrooms and two baths with kitchens. Enjoy vaulted ceilings, open floor plan, granite countertops, hardwood floors,

⌄ **Show more**

**29 days** on Zillow  |  **2,053** views  |  **157** saves  |  Likely to sell faster than **93% nearby**

Zillow last checked: 1 hour ago

Listing updated: August 12, 2024 at 10:46am

Listed by: Fritz J Groenke 406-837-6000, Montana Real Estate Group

Source: MRMLS, MLS#: 30026820   MONTANA



# Travel times

Exhibit 26, Page _2_ of _4_

# Staff

*The Montana Regional Multiple Listing Service staff is available Monday-Friday, 8 AM-5 PM and is happy to answer any questions regarding MLS software or provided benefits. We appreciate your patience as we respond to inquiries as quickly as we can.*
*Matrix Listings, Violations, IDX/VOW/3rd Party, etc.*
*Derek Close, IT Director*
*406-752-0416 ext. 2 (tel:406-752-0416)*
*dclose@406mls.com (mailto:dclose@406mls.com)*

*Matrix Questions, Administration*
*Justin Ponton, CEO*
*(406) 752-0416 ext.1 (tel:406-752-0416)*
*justin@406mls.com (mailto:justin@406mls.com)*

*Billing, Passwords & other Subscriber Issues*
*Molly Harris, Subscriber Relations*
*For new MRMLS Subscribers, those who are moving offices or going inactive, please contact your local association first (buttons below). If your association isn't listed below, please contact Molly.*
*(406) 752-0416 ext.3 (tel:406-752-0416)*
*Molly@406mls.com (mailto:Molly@406mls.com)*

- The Board of Realty Regulation (button below) handles all information pertaining to licensing and regulation of real estate agents and brokers.

- The State association (button below) is responsible for the legal hotline, advocacy, training, and forms.

- Local associations (buttons below) are responsible for local agent changes,
  association dues, keycards/lockboxes, and additional training.

*Remember, for issues with agent changes (new, moving, inactivation) WITHIN the MRMLS region (everything from the Idaho/Montana border east to the Great Falls, Helena, and Butte areas), please contact your local association first (buttons below). For the rest of Montana (roughly Havre, Lewistown, and Bozeman and everything east) and other states, contact Molly.*

**Quick Links:**

Board of Realty Regulation (http://boards.bsd.dli.mt.gov/rre)

Montana Association of REALTORS® (https://www

Bitterroot Valley Board of REALTORS® (https://bvbor.org/)

Great Falls Association of REALTORS® (https:/

Helena Association of REALTORS® (https://www.helenarealtors.com)

Missoula Organization of REALTORS® (https://www.

Northwest Montana Association of REALTORS® (https://www.nmar.com/)

Rocky Mountain Association of REALTORS® (htt

Montana Regional MLS
PO Box 2938
Missoula, MT 59806
(406) 752-0416

**Exhibit 26**, Page __3__ of __4__

Case 9:24-cv-00118-JTJ    Document 33-1    Filed 01/05/25    Page 43 of 83

Disclaimer: MRMLS makes no representations or warranties of any nature with regard to the privacy and/or business practices of the websites linked from or to 406mls.com nor with regard to their use of any information they may collect.

DMCA Notice (http://mlscom.wwwqz1-ss26.a2hosted.com/dmca/)

Exhibit 26, Page __4__ of __4__

| From: | Montana Real Estate Group |
| --- | --- |
| To: | Kai Groenke |
| Subject: | FW: File Number-1153156-Address-2000 Blacktail Road-Seller-Ryan D. Gabriel / Jesse M. Olsen |
| Date: | Wednesday, August 14, 2024 10:10:43 AM |

Kai,

Thought you may need to see this.

Regards,

Michelle Thomson
*Real Estate Advisor*

Cell 406.270.0802
Office 406.837.6000
553 Electric Avenue
Bigfork, MT 59911
mtreg@cyberport.net
michellethomson.bigfork@gmail.com



REAL ESTATE GROUP

From: dorinda.gray@insuredtitles.com [mailto:dorinda.gray@insuredtitles.com]
Sent: Tuesday, August 13, 2024 2:36 PM
To: homes@nhmontana.com; megwarren@icloud.com; mtreg@cyberport.net; northwestrealtors@gmail.com;
tanya.jackson@insuredtitles.com; talaci.larson@insuredtitles.com
Subject: File Number-1153156-Address-2000 Blacktail Road-Seller-Ryan D. Gabriel / Jesse M. Olsen

Hi All,

Touching base about this file and I'm including both sides as information in the counter leads me to believe
there is some shared knowledge regarding what is happening with the property.

Ryan Gabriel has called our office a couple of times prior to the property going under contract and again
today. I'm assuming he has likely called all title companies in the valley to try and get information ever since
the property was listed.

Today he wanted to know if the property was under contract and the names of the selling agent(s) and
brokerage. When he was again denied any information he became verbally abusive and is threatening all
sorts of legal action.

Based on his behavior I did a little digging ahead of the title commitment and it would appear there is a court
case out of Oregon that mandates the sale of this property? If that is accurate is there information that can
be shared with us from that case? Do you happen to know if that judgement will be recorded in Flathead
County as we don't have access to cases out of state if not recorded and/or filed in the courts?

I will be advising the team that any further communication from Ryan, email or phone calls, be forwarded to
me.

Thanks,

Dorinda

*****************************************************************************************
This message may contain confidential or proprietary information intended only for the use of the
addressee(s) named above or may contain information that is legally privileged.
If you are not the intended addressee, or the person responsible for delivering it to the intended addressee,
you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited.
If you have received this message by mistake, please immediately notify us by replying to the message and
delete the original message and any copies immediately thereafter.

Exhibit 27, Page __1__ of __4__

If you received this email as a commercial message and would like to opt out of future commercial messages, please let us know and we will remove you from our distribution list.

Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
FAFLD


File No.: 1153156 FT

Buyer: Lacey Purdy

Seller: Ryan D. Gabriel and Jesse M. Olsen

Property Address: 2000 Blacktail Road, Lakeside, MT 59922


Dorinda Gray
Vice President/County Manager
Insured Titles
Phone: 406-755-5028
Fax: 406-755-3299


Beware of cyber-crime! If you receive an e-mail or any other communication that appears to be generated from a Insured Titles employee that contains new, revised or altered bank wire instructions, consider it suspect and call our office at a number you trust. Our wire instructions do not change.

This message contains confidential information intended only for the use of the intended recipient(s) and may contain information that is privileged. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited.

If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message immediately thereafter.

| From: | Fritz Groenke |
| To: | Jesse Olsen; georgewkelly@gmail.com |
| Cc: | Kal Groenke |
| Subject: | FW: File Number-1153156-Address-2000 Blacktail Road |
| Date: | Wednesday, August 14, 2024 12:59:50 PM |

Here we go again. Ryan has threatened the title company after we ordered a title insurance commitment.
Please advise.

Fritz

Montana Real Estate Group
(406) 837-6000 Office
(406) 250-5151 Fritz Cell



**REAL ESTATE GROUP**

From: dorinda.gray@insuredtitles.com [mailto:dorinda.gray@insuredtitles.com]
Sent: Wednesday, August 14, 2024 12:12 PM
To: homes@nhmontana.com; megwarren@icloud.com; mtreg@cyberport.net; northwestrealtors@gmail.com
Cc: tanya.jackson@insuredtitles.com; talaci.larson@insuredtitles.com; andrea.reum@insuredtitles.com
Subject: File Number-1153156-Address-2000 Blacktail Road

## Hi All,

After reviewing the information Megan provided me yesterday and information we were able to pull in Flathead County here are our concerns:

\*\*The judgement does not address how Ryan will come out of title without him signing the Warranty Deed. Based on his phone behavior yesterday this would appear to be a moot point.

\*\*The judgement does not address what portion of the proceeds, if any, are to be allocated between Jason and Ryan.

\*\*In addition, Ryan's behavior from yesterday deems him to be a safety risk.

We are unwilling to move forward with the transaction without the allocation of proceeds and a quiet title action from the courts removing Ryan judicially from the property. Please advise.

Thanks,

Dorinda

*************************************************************************************
This message may contain confidential or proprietary information intended only for the use of the addressee(s) named above or may contain information that is legally privileged.
If you are not the intended addressee, or the person responsible for delivering it to the intended addressee, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited. If you have received this message by mistake, please immediately notify us by replying to the message and

delete the original message and any copies immediately thereafter.

If you received this email as a commercial message and would like to opt out of future commercial messages, please let us know and we will remove you from our distribution list.

Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
FAFLD


File No.: 1153156 FT

Buyer: Lacey Purdy

Seller: Ryan D. Gabriel and Jesse M. Olsen

Property Address: 2000 Blacktail Road, Lakeside, MT 59922


Dorinda Gray
Vice President/County Manager
Insured Titles
Phone: 406-755-5028
Fax: 406-755-3299


Beware of cyber-crime! If you receive an e-mail or any other communication that appears to be generated from a Insured Titles employee that contains new, revised or altered bank wire instructions, consider it suspect and call our office at a number you trust. Our wire instructions do not change.

This message contains confidential information intended only for the use of the intended recipient(s) and may contain information that is privileged. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited.

If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message immediately thereafter.

**Andrew Newsom <anewsom@holteylaw.com>**

7/23/2024 6:41 PM

# Olsen and Gabriel - Stay of Judgment

To justin@406mls.com  Copy Amy Turenhout <aturenhout@holteylaw.com> •
Ryan Gabriel <rgabriel@zurccapital.com>

Dear Mr. Ponton:

I represent Mr. Ryan Gabriel in an appeal pending in Multnomah County Circuit Court Case No. 22DR04942. The Court of Appeals case number is A184337. I understand that MLS has listed the real property at 2000 Blacktail Road, Lakeside, MT 59922 for sale. This was done without Mr. Gabriel's consent and apparently at the direction of the opposing party in the litigation (Mr. Jesse Olsen).

Mr. Gabriel filed supersedeas undertakings in the trial court file on July 2 and 7, 2024. The undertakings include the following language: "appellant will not commit waste or allow waste to be committed on the real property while the appellant possesses and has access to the property, and the appellant will pay the value of the use and occupation of the property, in addition to half of the maintenance costs, for the period of possession if the judgment is affirmed." The undertakings also stated a proposed value for the use/occupation of the property.

Under Oregon law, ORS 19.335 (2), "If a judgment requires the transfer or delivery of possession of real property, a supersedeas undertaking acts to stay the judgment if the undertaking provides that the appellant will not commit waste or allow waste to be committed on the real property while the appellant possesses the property, and the appellant will pay the value of the use and occupation of the property for the period of possession if the judgment is affirmed. The value of the use and occupation during the period of possession must be stated in the undertaking."

Accordingly, the Oregon judgment is automatically stayed by the filing of the supersedeas undertakings, and no one has authority to list the Montana residence for sale. Please remove the listing from MLS until further notice. We have a court appearance tomorrow morning and are likely to learn more at that time.

Thank you,

Andrew

**Andrew W. Newsom** | *Partner*
**Holtey Law LLC** | www.holteylaw.com
1140 SW 11th Avenue, 4th Floor | Portland, OR 97205
T. 503.224.9878 | teamnewsom@holteylaw.com

Confidentiality Notice: This e-mail transmission may contain confidential and privileged information. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received this message by mistake, please advise the sender by reply e-mail and delete this message. Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Thank you.

Exhibit 28, Page  9  of  22

Kai Groenke
Law Office of Kai Groenke, P.C.
239 Second Street West
Kalispell, MT 59901
Telephone: (406) 890-2999
kai@familylawflathead.com

Attorney for Plaintiff

MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FALTHEAD COUNTY

| JESSE OLSEN, | | Cause No. DR-2024-394(E) |
|---|---|---|
| | Plaintiff, | **MOTION TO ENFORCE FOREIGN JUDGMENT AND PETITION FOR CONTEMPT, STATEMENT OF CHARGE, AND REQUEST FOR ATTORNEYS' FEES** |
| and | | |
| RYAN GABRIEL, | | |
| | Defendant. | |

COMES NOW, the Plaintiff, by and through his undersigned counsel, and hereby moves the Court for an order enforcing the Amended General Judgement [sic] entered in Circuit Court of the State of Oregon for the County of Multnomah, on June 21, 2024, in Case No. 22DR04942 which is the foreign judgment registered in this matter for enforcement (Dkt. #1) (hereinafter "Judgment"). Plaintiff further petitions this Court for an order finding Defendant in contempt of the Judgment which is a lawful order of the Circuit Court properly registered in this Court for enforcement. Plaintiff requests a hearing regarding the contempt charges pursuant to Mont. Code Ann. § 3-1-518 and following a hearing, for the imposition upon Defendant of criminal sanctions, including but not limited to incarceration, a fine in an amount not to exceed $500, or both. Petitioner further requests his reasonable attorneys' fees and costs as a sanction for Defendant's deliberate and knowing contempt of the lawful judgment and order registered in this matter.

### STATEMENT OF CHARGE

Count 1: Failure of Defendant to completely cooperate in the listing, marketing and selling of the real properties (including the property located at 2000 Blacktail Road, Lakeside, Montana) in violation of ¶ 2 of the Judgment.

Count 2: Failure of Defendant to allow realtors complete access to show the property in Lakeside, within two hours' advance notice in violation of ¶ 2.h. of the Judgment.

Counts 3+: Interfering with the sale process in violation of ¶ 2.i. of the Judgment (multiple instances).

### FACTS SUPPORTING MOTION AND STATEMENT OF CHARGE / PROCEDURAL HISTORY

The facts supporting this Motion to Enforce and Petition for Contempt are set forth in the Affidavit of Jesse Olsen and the Affidavit of Kai Groenke filed herewith.

The Defendant, Ryan Gabriel ("Ryan") is the Respondent in Case No. 22DR04942 filed in the Circuit Court of the State of Oregon, County of Multnomah. Affidavit of Jesse Olsen, ¶ 4 (Aug. 19, 2024). Jesse is the Petitioner in the Oregon case, an action for dissolution of a domestic partnership. Aff. Jesse, ¶ 4. Oregon law treats a domestic partnership largely the same as a dissolution of marriage. Aff. Jesse, ¶ 4.

A trial was held in the Oregon case on January 26 and February 14, 2024. Aff. Jesse, ¶ 15. Following trial, the Court entered its Judgment finding the parties to have been in a domestic partnership from 2011 until 2022, dissolving the partnership, and ordering the real properties owned by the parties in Oregon and Montana to be sold. Aff. Jesse, ¶ 16. The Judgment is filed in this matter as Document #1 in the Court's docket. The Judgment contains specific terms related to the marketing and sale of the real property owned by the parties at 2000 Blacktail Road, Lakeside, Montana.

Exhibit 29, Page __2__ of __11__

Ryan has appealed the Judgment, which is currently on appeal before the Oregon Court of Appeals. Aff. Jesse, ¶ 17. Ryan unsuccessfully sought a stay of execution of the Judgment in the Oregon Court of Appeals. Aff. Jesse, ¶ 17. He then sought a stay in the Circuit Court (the trial court). Aff. Jesse, ¶ 17.

On July 24, 2024, the Circuit Court of Multnomah County held a hearing in Case No. 22DR04942 regarding various motions filed by Ryan related to his desire to stay the execution of the Judgment. Aff. Jesse, ¶ 17. Jesse and Ryan were each represented by an attorney at the hearing. Aff. Jesse, ¶ 17. The motions generally sought a stay of the proceedings pending appeal and a request to stay the appeal based upon a supersedeas bond posted by Ryan. Aff. Jesse, ¶ 17. Jesse objected to the stay and to the bond as being inadequate. Aff. Jesse, ¶ 17. The Circuit Court denied the motion for stay of proceedings and further sustained Jesse's objection to the bond amount being inadequate. Aff. Jesse, ¶ 17. A true and correct copy of the Order Denying Stay Motions and Sustaining Objections to Undertaking, signed by the attorney for each party, is attached hereto as **Exhibit 1**. Affidavit of Kai Groenke, ¶ 3 (Aug. 15, 2024). There is currently no order in place staying the execution of the Judgment, nor is there expected to be any such order in the future.

Ryan is not cooperating with the marketing and sale of the real property located at 2000 Blacktail Road, Lakeside, Montana. He is refusing to allow realtors access. He is deliberately and intentionally interfering with and actively obstructing the marketing and sale of the property in violation of the terms of the Judgment. Ryan has obstructed and interfered with the marketing and sale of the property by harassing Jesse, the realtor he hired to sell the property, Jesse's attorneys, and even the title company. Aff. Jesse, ¶ 2. It appears Ryan's sole purpose is obstructing, interfering with, prolonging, and ultimately preventing the sale of the property. Aff. Jesse, ¶ 2. Ryan has even resorted to threats of violence (i.e., threatening to shoot the realtor in

the face) in an effort to obstruct the execution of the Judgment. Aff. Jesse, ¶ 21. Jesse has entered into a Buy-Sell Agreement with a potential buyer and requires Ryan's cooperation as required by the Judgment. Aff. Jesse, ¶¶ 26-27. Jesse also requires access to the property and other necessary actions pursuant to the marketing of the property, negotiations pursuant to a purchase and sale agreement and any actions necessary for closing, all of which Ryan is currently actively and deliberately obstructing. Aff. Jesse, ¶¶ 21-30.

Regarding the contempt charges, Ryan refused to cooperate in the listing of the property and further refused to cooperate in marketing and selling of the real property. In early July 2024, Jesse entered into a listing agreement with Montana Real Estate Group, with broker Fritz Groenke ("Fritz") as listing agent. Aff. Jesse, ¶ 18. Fritz communicated with Ryan by telephone during the first week of July to introduce himself and notify Ryan of the listing. Aff. Jesse, ¶ 19. On July 8, 2024, Fritz sent Ryan an email requesting his cooperation. Aff. Jesse, ¶ 20. On July 12, Fritz informed Jesse that Ryan did not respond to the email so Jesse gave him permission and authorization to visit and inspect the property for the purpose of assessing the property before listing it. Aff. Jesse, ¶ 20. A true and correct copy of the emails referenced in this paragraph is attached hereto as **Exhibit 2**.

On Monday, July 15, 2024, Fritz visited the property and talked to the AirBNB renters who were occupying the two cabins on the property. Aff. Jesse, ¶ 21. Following Fritz's visit to the property, the phrase "all hell broke loose" hardly does justice to the describe string of events that followed. Aff. Jesse, ¶ 21.

Ryan immediately began text messaging Fritz with threatening messages. Aff. Jesse, ¶¶ 21-23. He left Fritz a voicemail message that if he comes onto the property again, Ryan will shoot Fritz in the face. Aff. Jesse, ¶ 23. Ryan reported Fritz to the Montana Regional MLS Board of Governors for purportedly "illegally" listing his property. Aff. Jesse, ¶ 23. The MLS

Board became involved and requested an explanation and documentation from Fritz. Aff. Jesse, ¶ 23. Ryan also threatened Fritz with a lawsuit and to investigate and expose his family to humiliation and harassment. Aff. Jesse, ¶ 23. He contacted Fritz's associate, Michelle Thompson to tell her that she will "own" everything Fritz has if she receives information allegedly possessed by Ryan. Aff. Jesse, ¶ 23. Ryan also reported Fritz to the Montana Board of Realty Regulation, and now Fritz is having to defend against those frivolous allegations as well. Aff. Jesse, ¶ 23. Aff. Kai, ¶ 4. Ryan's motive for the harassment is made clear in an email to Fritz and the undersigned dated July 16, 2024 stating, "Leave me alone and you will both be fine." He clearly wanted to interfere with the marketing and sale of the property by any means necessary, including causing fear and emotional distress. Fritz obtained a Temporary Order of Protection against Ryan in the Flathead County Justice Court to stop the constant harassment, intimidation, and threats from Ryan. A true and correct copy of the Temporary Order of Protection is attached hereto as **Exhibit 3**.

Ryan also escalated his attacks upon the undersigned in July and August 2024, including but not limited to threatening to expose the undersigned's private information with the intent of subjecting the undersigned to public humiliation by publishing allegedly salacious details he had uncovered through cyber stalking; trolling and threatening to have others troll the undersigned; making thinly veiled threats against the undersigned's family including suggesting he will expose the family to public ridicule, embarrassment and harassment; suggesting Fritz is not the undersigned's biological father; threatening the undersigned's law license; threatening to sue the undersigned; suggesting the undersigned is a "felon" and contacting the undersigned's paralegal to tell her that her boss is a felon and she should keep all the information he sends her because she will "own" the undersigned once the information allegedly possessed by Ryan is exposed.

Ryan's harassment is well-documented in Flathead County Justice Court Cause No. CV-2024-1010-OP.

Feeling very threatened and harassed to the point of developing shingles due to stress, the undersigned sought and obtained a Temporary Order of Protection against Ryan in Flathead County Justice Court. Following a half-day hearing on August 8, 2024, Justice of the Peace Paul Sullivan granted a 10-year Protective Order against Ryan in favor of the undersigned.

Despite the two protective orders, Ryan continues to threaten and harass any person involved in the marketing and sale of the property. On August 9, 2024, Jesse accepted a bona fide and reasonable offer to purchase the property with a closing date of September 16, 2024. Aff. Jesse, ¶ 26. There is also a backup offer on the property, should the first offer fall through. Aff. Jesse, ¶ 26.

Knowing of the offers and of Jesse's acceptance of the first offer, Ryan contacted Insured Titles on or around August 13 wanting to know if the property was under contract and the names of the selling agents and brokerage. Aff. Jesse, ¶¶ 27-28. When the title agent denied Ryan's fishing expedition for information, he became verbally abusive and threatened the title company with all sorts of legal action. Aff. Jesse, ¶ 28. A true and correct copy of an email from Dorinda Gray at Insured Titles to Montana Real Estate Group, forwarded to the undersigned by Montana Real Estate Group, is attached hereto as **Exhibit 4**. On August 14, 2024, Insured Titles notified Montana Real Estate Group that they "deem [Ryan] to be a safety risk" based upon his abusive behavior and threats, and that the title company is "unwilling to move forward with transaction without the allocation of proceeds and a quiet title action from the courts removing Ryan judicially from the property." Aff. Jesse, ¶ 29. A true and correct copy of the foregoing email from Dorinda Gray at Insured Titles to Montana Real Estate Group, forwarded to the undersigned by Montana Real Estate Group, is attached hereto as **Exhibit 5**. On August 10,

Exhibit 29, Page __6__ of __11__

2024, Ryan reported Fritz to the Montana Association of Realtors, threatening his professional license under false and frivolous pretenses, again with the sole intention and goal of interfering with the sale of the real property by any means available. Aff. Kai, ¶ 4.

Despite plenty of warning that his actions are obstructive, abusive, and contrary to the directives of the Oregon Judgment, Ryan continues to engage in a pattern of recklessly using baseless and unwarranted threats, harassment, and intimidation in a deliberate and intentional effort to obstruct and interfere with the sale of the property.

## LEGAL AUTHORITY AND REQUESTED RELIEF

This Court has the authority to compel obedience to its official orders. Mont. Code Ann. § 3-1-402 (2023). A foreign judgment properly authenticated and filed in this Court has the same status as a judgment of this Court and may be enforced or satisfied in like manner. Mont. Code Ann. § 25-9-503. A District Court has the responsibility to enforce its own orders (including foreign judgments registered in the Court). *In re Marriage of Baer*, 1998 MT 29, ¶ 45, 287 Mont. 322, 954 P.2d 1125. "There are two purposes of a contempt order—to vindicate the dignity of the court's authority and to persuade the contemnor to do what the law requires." *Malee v. Dist. Court for the Second Judicial Dist.*, 275 Mont. 72, 911 P.2d 831, 832 (1996), citing *Goodover v. Lindey's, Inc.*, 257 Mont. 38, 41, 847 P.2d 699, 700 (1993). In family law cases, "the best remedy to insure respect for the law and the orderly progress of relations between family members split by dissolution is to give effect to the contempt powers of the District Court." *Milanovich v. Milanovich*, 201 Mont. 332, 336, 655 P.2d 963, 965 (1982); see also *Lee*, ¶ 29.

A contempt can be civil or criminal, and direct or indirect. A contempt is civil if the sanction imposed seeks to force the contemnor's compliance with a court order. Mont. Code Ann. § 3-1-501(3). A contempt is criminal "if the court's purpose in imposing the penalty is to

punish the contemnor for a specific act and to vindicate the authority of the court." Mont. Code Ann. § 3-1-501(3). If the penalty imposed is incarceration, a fine, or both, the contempt is civil if the contemnor can end the incarceration or avoid the fine by complying with a court order, and is criminal if the contemnor cannot end the incarceration or avoid the fine by complying with a court order. *Id.* A person commits the offense of criminal contempt when the person knowingly engages in purposely disobeying or refusing any lawful process or other mandate of a court. Mont. Code Ann. § 45-7-309(1)(c). Section 3-1-501(3) directs that a criminal contempt is punishable as set forth in Mont. Code Ann. § 45-7-309. A person convicted of the offense of criminal contempt shall be fined not to exceed $500 or be imprisoned in the county jail for a term not to exceed 6 months, or both. Mont. Code Ann. § 45-7-309(2).

Indirect contempt "is contumacious behavior occurring beyond the eye or hearing of the court and for knowledge of which the court must depend upon the testimony of third parties or the confession of the contemnor." *Malee,* 275 Mont. at [pinpoint cite unavailable], 911 P.2d at 833 (1996), citing *United States v. Marshall,* 451 F.2d 372, 373 (9th Cir. 1971). In the case of indirect contempt, an affidavit of the facts constituting the contempt shall be presented to the court or judge. Mont. Code Ann. § 3-5-312. A person charged with indirect contempt of court must be advised of the charges against him, have reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. *Malee,* 275 Mont. at [pinpoint cite not available], 911 P.2d at 833, citing *In re Marriage of Prescott,* 259 Mont. 293, 296, 856 P.2d 229, 231 (1993). A person committing indirect contempt "is entitled to the full due process hearing traditionally associated with indirect contempt, a finding, in instances in which criminal punishment is a consequence, that the evidence establishes the contemnor's guilt beyond a reasonable doubt, and a hearing in front of an unbiased court other

Exhibit 29, Page 8 of 11

than that in which the misconduct occurred." *Guns v. Eighth Judicial District Court*, ¶ 15, 2017 MT 144, 387 Mont. 525, 396 P.3d 133, citing *Kaufman v. Mont. Twenty-First Judicial Dist. Ct.*, ¶ 31, 1998 MT 239, 291 Mont. 122, 966 P.2d 715. Criminal penalties may be imposed if the person subjected thereto has been afforded due process and has been found guilty beyond a reasonable doubt. *El Dorado Heights Homeowners' Ass'n v. Dewitt*, 2008 MT 199, ¶ 25, 344 Mont. 77, 186 P.3d 1249.

The Amended General Judgment entered by the Circuit Court in Oregon is a lawful court order. The Court has the authority to enforce the Judgment since it has been properly registered in this action. Ryan has violated the Judgment in numerous ways as described in the Statement of Charge. Ryan was on notice well in advance of the listing of the property that his interference with the sale process would lead to sanctions; the Judgment issued by Judge Henry includes a specific warning regarding sanctions for noncompliance. Jesse is not seeking Ryan's compliance; compliance appears to be beyond Ryan's ability or inclination. Jesse is seeking criminal sanctions for Ryan's ongoing and deliberate disregard for lawful court orders.

An award of attorneys' fees and costs to Jesse is available on any of four possible grounds. First, the Judgment itself provides: "Violations of any conditions of this judgment shall be subject to attorney fees, sanctions and costs." Additionally, Montana law provides: "An attorney *or party* to any court proceeding who, in the determination of the court, multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct." (Emphasis added). Mont. Code Ann. § 37-61-421. Third, attorneys' fees are available as a criminal sanction for contempt when a party is found guilty beyond a reasonable doubt. *Dewitt*, ¶ 25. Finally, the Court can utilize its equitable powers to impose a sanction of

Page 9

fees and costs against a party pursuant to *Foy v. Anderson* when a prevailing party has been forced to defend against frivolous or malicious action. *Dewitt*, ¶ 25.

Ryan continues to violate lawful court orders, unreasonably multiplying these proceedings and substantially increasing the attorneys' fees and costs incurred by Jesse. He filed a meritless partition action in Flathead County District Court, Cause No. DR-2022-605(B) which Jesse was required to defend by hiring counsel. He has filed several meritless and vexatious motions in that matter. He has threatened to file meritless and vexatious lawsuits against every individual directly and indirectly involved with this case. Ryan has conducted himself in a despicable manner by using harassment and threats to prevent opposition to his actions, costing Jesse thousands of dollars and causing others to experience emotional distress. Ryan engaged in unreasonable, vexatious, and purposeful harassment and threats directed at Jesse, his attorneys, his realtor, and now the title company for the sole purpose of interfering with the sale of property and thwarting Jesse's efforts to carry out the directives of the Oregon Judgment. Ryan should be responsible for Jesse's attorneys' fees and costs incurred in connection with this action.

The Court should issue an order pursuant to Mont. Code Ann. § 3-1-513 requiring Ryan to appear before the Court to answer the foregoing charges. Ryan is entitled to a due process hearing pursuant to Mont. Code Ann. § 3-1-518 for the presentation of evidence related to the charges of contempt and to a finding of guilt beyond a reasonable doubt. Jesse has submitted contemporaneously herewith a proposed Order to Show Cause setting a hearing for Ryan to appear and notify the Court whether he contests the contempt charges.

The Court should impose criminal sanctions upon Ryan, including incarceration, for the protection of the public, Jesse, his attorneys, the realtors, potential buyers, the home inspectors, and any other person who may need access to the real property or is otherwise involved in the

Exhibit 29, Page _10_ of _11_

marketing and sale of the property. Furthermore, the Court should order Ryan to pay Jesse's reasonable attorneys' fees pursuant to the terms of the Oregon Judgment, as a criminal sanction for multiplying the proceedings unreasonably and vexatiously, or as an equitable award pursuant to *Foy* for forcing Jesse to defend against frivolous and malicious action. He has been repeatedly given clear warnings and directives as to the consequences of his conduct, yet he continues to engage in deliberate, purposeful, and knowing conduct directly violative of Court orders.

Ryan should be incarcerated until such time as the sale of the property closes. This is the only way the individuals involved in carrying out the sale of the property can be protected and feel safe enough to do their work. Incarceration will also reduce the harassment, intimidation, and threats that Ryan has engaged in regarding every person involved in this matter and each of the other legal matters involving Ryan. Furthermore, incarceration will ensure Ryan remains available in Flathead County to sign any documents necessary to close the sale of the property. Should it become necessary for the Court to enter a court-ordered deed transferring the property solely to Jesse to close the sale, such relief will be requested through an appropriate motion. Finally, Ryan will be more easily served with process and documents as a resident of the Flathead County Jail until the transaction can be completely closed.

ELECTRONICALLY signed and dated this 19th day of August, 2024.

LAW OFFICE OF KAI GROENKE, P.C.

By: */s/ Kai Groenke*
Attorney for Plaintiff

Exhibit 29, Page __11__ of __11__

Andrew Newsom <anewsom@holteylaw.com>                                     10/21/2024 4:33 PM

## Re: Gabriel and Olsen: Undertaking on Appeal

To Kai Groenke <kai@familylawflathead.com> • Team Newsom <teamnewsom@holteylaw.com>   Copy
georgewkelly@gmail.com • Melissa Smith <melissa@familylawflathead.com>

Good Afternoon:

The sale of the Montana property has been automatically stayed under ORS 19.335 (2), which you can
find here:

https://oregon.public.law/statutes/ors_19.335

I am attaching the supersedeas undertaking that my office filed for Mr. Gabriel on Friday, October 18,
2024. You will see that the undertaking includes the requisite language to effect an automatic stay
under the statute.

I can also tell you that the parties had a hearing previously on the issue of how much security Mr.
Gabriel needed to post along with his supersedeas undertaking. The Honorable Patrick Henry
accepted the parties' stipulation that $51,816 would be sufficient for the "value and use" of
possession. I am attaching Judge Henry's 8/14/2024 order to that effect. Mr. Gabriel's first
undertakings were held to be invalid after a hearing, but the 10/18/2024 undertaking is absolutely
valid. It will remain in effect until the appeal is resolved or until further order of the Multnomah
County Circuit Court.

I am copying Mr. Olson's appellate attorney, George Kelly. I suggest you confer with him on this issue.

Thank you,

Andrew

**Andrew W. Newsom** | *Partner*
**Holtey Law LLC** | www.holteylaw.com
1140 SW 11th Avenue, 4th Floor | **Portland**, OR 97205
T. 503.224.9878 | teamnewsom@holteylaw.com

Confidentiality Notice: This e-mail transmission may contain confidential and privileged information. Unless you are
the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose to anyone
the message or any information contained in the message. If you have received this message by mistake, please
advise the sender by reply e-mail and delete this message. Nothing in this message should be interpreted as a
digital or electronic signature that can be used to authenticate a contract or other legal document. Thank you.

Please note that our office no longer sends or receives faxes

**From:** Kai Groenke <kai@familylawflathead.com>
**Sent:** Monday, October 21, 2024 12:56 PM

Exhibit 45, Page ____1____ of ___11___

To: Team Newsom <TeamNewsom@holteylaw.com>

Cc: georgewkelly@gmail.com <georgewkelly@gmail.com>; Melissa Smith <melissa@familylawflathead.com>
**Subject:** FW: Gabriel and Olsen: Undertaking on Appeal

Dear Mr. Newsome,

Your client, Ryan Gabriel, emailed me the below regarding the hearing scheduled in Montana District Court for October 29th regarding Jesse Olsen's motion seeking to enforce the Amended General Judgment entered by the Circuit Court of Multnomah County in June 2024. The Amended Judgment has been registered in Montana for enforcement.

It is my understanding that it is the obligation judgment debtor (Mr. Gabriel) to show the Montana District Court that a stay of execution has been granted. Furthermore, Mr. Gabriel may be required to provide security for the satisfaction of the judgment. In this case, there is a bonafide offer on the Montana property for just under $1mil. I would suggest an adequate security for satisfaction of Jesse's half of the sale proceeds would be close to $500,000.

Please advise if you believe I am mistaken in regard to any of the foregoing. I have not received any court-issued stay, nor am I aware of the existence of any stay. It is Mr. Gabriel's burden to show a stay has been issued and to post an appropriate bond if he is going to ask the Montana Court to recognize any sort of stay of execution of the judgment. Otherwise, I believe the Montana Court is obligated to give full faith and credit to the Amended General Judgment.

Thank you,

Kai Groenke
**Law Office of Kai Groenke, P.C.**

**From:** Melissa Smith <melissa@familylawflathead.com>
**Sent:** Monday, October 21, 2024 7:38 AM
**To:** Kai Groenke <kai@familylawflathead.com>
**Subject:** Fw: Gabriel and Olsen: Undertaking on Appeal

Get Outlook for iOS

**From:** Ryan Gabriel <rgabriel@zurccapital.com>
**Sent:** Friday, October 18, 2024 6:18:04 PM
**To:** ridgeways@hallevans.com <ridgeways@hallevans.com>; kevin@jonesmtlaw.com <kevin@jonesmtlaw.com>; remy@jonesmtlaw.com <remy@jonesmtlaw.com>; afmccormick@garlington.com <afmccormick@garlington.com>; rlukes@garlington.com <rlukes@garlington.com>
**Cc:** Melissa Smith <melissa@familylawflathead.com>; allend@hallevans.com <allend@hallevans.com>; Philip Li <admin@zurccapital.com>
**Subject:** Fwd: FW: Gabriel and Olsen: Undertaking on Appeal

Groenke Crime Cartel apparatchiks:

Please see below and attached. Whomever has access to the witless hag's cauldron, please toss this in there and see what affect it has on her frothing concoction.

Next stop: AG Knudsen's office in search of an amicus brief.

Montana MLS has until Monday at 9am to remove the listing of my property, or I will pursue criminal prosecution and seek disbarment proceedings for all Jones & Houston, PLLC, counsel involved in the developing scandal, which is now an obvious financial crime.

Some of you, I expect, will wind up in a Federal prison by the time this is over.

Ryan D. Gabriel
Zurc Capital, LLC
rgabriel@zurccapital.com

206.391.9886 mobile
403.606.5859 office
855.488.ZURC toll free

**From:** Amy Turenhout
**Sent:** Friday, October 18, 2024 2:32 PM
**To:** georgewkelly@gmail.com; attorneys@roscoecnelson.com
**Cc:** Team Newsom <TeamNewsom@holteylaw.com>
**Subject:** Gabriel and Olsen: Undertaking on Appeal

All,

Please see attached for a courtesy copy of the Supersedeas Undertaking and receipt for deposit funds that
was filed with the court today. Hard copies will follow in the mail. Thank you.

Kindest regards,

**Amy C. Turenhout (she/her)** | *Paralegal*
**Holtey Law LLC** | www.holteylaw.com
**1140 SW 11th Avenue, 4th Floor | Portland, OR 97205**
**Direct Dial: 971-358-9151 Office: 503.224.9878** | aturenhout@holteylaw.com
**Confidentiality Notice:** *This e-mail transmission may contain confidential and privileged information. Unless you are the
addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose to anyone the
message or any information contained in the message. If you have received this message by mistake, please advise the
sender by reply e-mail and delete this message. Nothing in this message should be interpreted as a digital or electronic
signature that can be used to authenticate a contract or other legal document. Thank you.*
Our office will no longer send or receive faxes

- 2024.10.18 Gabriel Undertaking and Proof of Payment-Filing.pdf (206 KB)
- Judge Henry Order.pdf (935 KB)

Exhibit 45, Page ___3___ of ___11___

# OFFICIAL RECEIPT
## OREGON JUDICIAL DEPARTMENT
### Payments Accepted Online
#### www.courts.oregon.gov Select *OJD Courts E-Pay*

| Payor | Receipt No. |
|---|---|
| Gabriel, Ryan Dean | **2024-684595** |
| 2000 Blacktail Rd #1140 | |
| Lakeside, MT 59922 | Transaction Date |
| | 10/18/2024 |

| Description | Amount Paid |
|---|---|

On Behalf Of Gabriel, Ryan Dean
22DR04942
Jesse Mark Olsen vs Ryan Dean Gabriel
Tender

| | | |
|---|---|---|
| Tender | | 51,816.00 |
| **SUBTOTAL** | | **51,816.00** |
| | **PAYMENT TOTAL** | **51,816.00** |

| | Check (Ref #0001250108) Tendered | 51,816.00 |
|---|---|---|
| | **Total Tendered** | **51,816.00** |
| | Change | 0.00 |

| 10/18/2024 | Cashier | Audit |
|---|---|---|
| 02:06 PM | Station MULw12 | 282262094 |

## OFFICIAL RECEIPT

1    IN THE CIRCUIT COURT OF THE STATE OF OREGON  FILED MULTNOMAH CO CIRCUIT C
                                                  2024 OCT 18 PM 2:09
2    FOR THE COUNTY OF MULTNOMAH

3                                    )
4                                    )    Case No. 22DR04942
     JESSE MARK OLSEN,               )
5                                    )
         Petitioner,                 )
6                                    )    SUPERSEDEAS UNDERTAKING
7                                    )    PURSUANT TO ORS 19.335
                                     )
8    RYAN DEAN GABRIEL,              )
9        Respondent.                 )
10   ------------------------------------)

11       In consideration of the pending appeals A184374 and A184337, Respondent, the

12   undersigned, does hereby notify of his supersedeas undertaking on appeal, specifically with

13   respect to the listing, sale or transfer of 2000 Blacktail Road, Lakeside, MT 59922. Respondent

14   has paid the amount of $51,816 to the Clerk of the Court as cash security. The sufficiency of this

15

16   amount has been stipulated to by the parties and approved by the Court as appropriate, per the

17   Order dated August 14, 2024.

18       Respondent will not commit waste or allow waste to be committed on the real property

19   while the appellant possesses and has access to the property, and the appellant will pay the value

20   of the use and occupation of the property for the period of possession if the judgment is affirmed.

21

22   For the purposes of this appeal, the value of the use and occupation during the period of

23   possession is $51,816 for a period of 24 months ($2,159 per month), which is per the parties'

24   stipulation and the 8/14/2024 Order.

25       DATED: Oct 18, 2024

26

27   Andrew W. Newsom                     Ryan D. Gabriel, Appellant
     OSB# 096119                          2000 Blacktail Rd. #1140
28   Holtey Law, LLC                      Lakeside, MT 59922
     teamnewsom@holteylaw.com             Telephone: (206) 391-9886
     October 18, 2024

                                          SUPERSEDEAS UNDERTAKING ON APPEAL (ORS 19.335)

1

## CERTIFICATE OF SERVICE

2

I hereby certify that a true and correct copy of the Supersedeas Undertaking was served

3    upon the following person(s):

4    | Roscoe C. Nelson, III | George W. Kelly, PC |
     | 811 SW Naito Pkwy #200 | 303 W. 10th |
5    | Portland, OR, 97204 | Eugene, OR, 97401 |
     | 503-222-1081 | 541-343-1884 |
6    | attorneys@roscoecnelson.com | Georgewkelly@gmail.com |
     | OSB# 732218 | OSB# 822980 |

7

___x___ by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid

8    envelope, to the address(es) shown above which is the last known office address(es) of the
     person(s), and deposited with the United States Postal Service at Portland, Oregon on the date set

9    forth below.

10    ___x___ by e-mailing to the person(s) to the last known e-mail address as shown above, on the date
     set forth below.

11

DATED: Oct 18, 2024

12

13

14                                    _Respondent/Appellant_

15                                    Ryan D. Gabriel

16

17

18

19

20

21

22

23

24

25

26

27

28

# Undertaking

**Final Audit Report**

2024-10-18

| | |
|---|---|
| Created: | 2024-10-18 |
| By: | Amy Turenhout (aturenhout@holteylaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAx6Qr1FAsM2z4QN2yJ9k6QnyR-1CrPFd9 |

## "Undertaking" History

📄 Document created by Amy Turenhout (aturenhout@holteylaw.com)
2024-10-18 – 5:14:10 PM GMT

📤 Document emailed to Ryan Gabriel (aegil2@gmail.com) for signature
2024-10-18 – 5:14:14 PM GMT

📄 Email viewed by Ryan Gabriel (aegil2@gmail.com)
2024-10-18 – 8:15:11 PM GMT

✍️ Document e-signed by Ryan Gabriel (aegil2@gmail.com)
Signature Date: 2024-10-18 – 8:16:49 PM GMT - Time Source: server

✅ Agreement completed.
2024-10-18 – 8:16:49 PM GMT

 **Adobe Acrobat Sign**

1

2

3          IN THE CIRCUIT COURT OF THE STATE OF OREGON
                      FOR MULTNOMAH COUNTY

4      JESSE MARK OLSEN,                    )
5                                           )        No. 22DR04942
           Petitioner,                      )
6                                           )        ORDER DENYING
           and                             )        STAY MOTIONS AND
7                                           )        SUSTAINING OBJECTIONS
       RYAN DEAN GABRIEL,                    )        TO UNDERTAKING
8                                           )
                                            )
9          Respondent.              ·        )

10         This matter was presented to the court at a July 24, 2024 telephonic hearing.

11     George Kelly (attorney for petitioner), Andrew Newsom (attorney for respondent),

12     and respondent, personally, were present. The hearing was held to resolve the

13     petitioner's objections to the respondent's July 1, 2024 "Supersedeas Undertaking

14     Pursuant to ORS 19.335, 19.555," his July 1, 2024 "Motion to Stay Execution of

15     Amended Judgment Pending Appeal," his July 2, 2024 "Motion to Stay Execution

16     of Amended Judgment Pending Appeal," his July 2 "Undertaking on Appeal

17     Pursuant to ORS 19.300," his July 6, 2024 "Supersedeas Undertaking Pursuant to

18     ORS 19.335, 19.355," and his July 8, 2024 "Motion to Stay Execution of

19     Amended Judgment Pending Appeal." The court heard arguments and accepted

20     the parties' agreement that the reasonable value of the use and occupation of their

21

George W. Kelly (822980) ° 303 West 10ᵗʰ Avenue, Eugene, OR 97401 ° (541) 343-1884          PAGE 1

Exhibit 45 Page    9    of    14

1   Montana home came to $4,318 monthly and that, because respondent is a half

2   owner, the posting that will effect a stay is 24 times half of that amount (*i.e.*, a

3   posting of $51,816). It then ruled that respondent's undertakings were insufficient

4   on account of respondent's failure to post a bond, letter of credit, or cash in support

5   of them.

6       Therefore, it is now ORDERED that petitioner's objections are sustained,

7   respondent's stay motions are denied, and there is presently no stay of the

8   provisions of the court's Amended General Judgment.

9

10

11

12

13

14

15   George W. Kelly (822920)
     Attorney for Respondent
16   Date: 8/8/24

17

18   Approved as to form:

19

20

21

8/14/2024 3:39:54 PM

*[signature]*

Circuit Court Judge Patrick W. Henry

Submitted by:

*[signature]*

*[signature]*   August 7, 2024
Andrew Newsom (096119)
Attorney for Petitioner

Exhibit 45, Page ___9___ of ___11___

## CERTIFICATE OF READINESS

The proposed order is ready for judicial signature as shown by the signature of

the parties' attorney, which is set out on the document.

George W. Kelly (822980)
Dated: 8/8/21
Attorney for Jesse Olsen







EXHIBIT 50

IN THE COURT OF APPEALS OF THE STATE OF OREGON

In the Matter of the Domestic Partnership of

Jesse Mark Olsen,
Petitioner-Respondent,

and

Ryan Dean Gabriel,
Respondent-Appellant.

Multnomah County Circuit Court No. 22DR04942

Court of Appeals No. A184337

## ORDER GRANTING TEMPORARY STAY

Appellant, who has filed a supersedeas undertaking under ORS 19.335(2), has moved for a stay of the trial court's judgment ordering the sale of certain real property. Respondent opposes the motion. Appellant has requested a temporary stay pending resolution of this motion. In view of *German Sav. Soc'y v. Kern*, 42 Or 532, 70 P 709 (1902), appellant's request for a temporary stay is granted pending resolution of this motion. As a result of this temporary stay, appellant is entitled to remain in possession of the property at issue pending further ruling by this court. *See Kern*, 42 Or at 535-36 ("[I]f the appellant is in possession at the time of the filing of the undertaking, he is entitled to remain so until the matter is fully adjudicated in the appellate court.").

*Erin C. Lagesen*

Erin C. Lagesen
Chief Judge
11/26/2024

c:  George Kelly

Andrew Newsom

Multnomah County Trial Court Administrator

<u>ORDER GRANTING TEMPORARY STAY</u>

EXHIBIT 52

IN THE COURT OF APPEALS OF THE STATE OF OREGON

In the Matter of the Domestic Partnership of

Jesse Mark Olsen,
Petitioner-Respondent,

and

Ryan Dean Gabriel,
Respondent-Appellant.

Multnomah County Circuit Court No. 22DR04942

Court of Appeals No. A184337

## ORDER ON REVIEW OF TRIAL COURT ORDER REGARDING SUPERSEDEAS UNDERTAKING

Appellant, who has filed a supersedeas undertaking under ORS 19.335(2), seeks review of the trial court's order regarding respondent's objection to the supersedeas. He moved for an emergency stay and, on November 26, 2024, the court entered an order granting a temporary stay pending resolution of this motion. The court explained that, as a result of the temporary stay, "appellant is entitled to remain in possession of the property at issue pending further ruling by this court." Respondent has now filed an objection to appellant's motion, and the court has considered the parties' filings. As explained further below, on review of the trial court's order regarding the supersedeas undertaking, the court orders that appellant is entitled to maintain possession of the subject property pending resolution of the appeal.

The background facts are as follows. In this case, appellant appeals a judgment dissolving an unregistered domestic partnership.[1] In the judgment, the trial court held that the parties' owned properties that should be equally divided between them: one in Portland, and one in Montana. The court ordered that respondent would oversee the listings for sale of both properties, that realtors selected by respondent would have access to show the properties, and that appellant could not interfere with the sale process.

---

[1]    Appellant initially filed a notice of appeal from an order regarding dissolution of the domestic partnership and partition claim. Because the order was not an appealable decision, the court granted the trial court leave to enter a judgment. The trial court did so on May 23, 2024, and, on June 4, 2024, appellant filed an amended notice of appeal from that judgment. Later, on June 27, 2024, the trial court entered an amended judgment. Appellant did not file an amended notice of appeal from that amended judgment.

EXHIBIT 55   PAGE 1 OF 3

Because the judgment ordered "effective transfer o[f] possession" of real property, appellant filed a supersedeas undertaking under ORS 19.335(2). Petitioner objected to the "sufficiency and amount of the undertaking" on the ground that appellant had not posted "a thing (a bond, letter of credit, or cash) to support his promise to pay" the value of the use and occupation of the real property. The court agreed with respondent that appellant was required to post security to support the supersedeas undertaking and, based on the parties' agreement, ordered that "the posting that will effect a stay is * * * a posting of $51,816."

Thereafter, respondent filed a new supersedeas undertaking and paid the ordered amount to the "Clerk of the Court as cash security." Respondent then objected to the undertaking "to the extent that it attempts to stay the sales that are currently in process." Respondent acknowledged that, where a judgment provides for the transfer of possession of real property, a supersedeas undertaking under ORS 19.335(2) generally permits an appellant to "remain in possession if the appellant posts with the court money sufficient to cover the value of the use and possession of the property during the appeal period." However, respondent argued that this case "is not ordinary" because he has signed a sale agreement to transfer the Montana property and the property is, therefore, subject to buyer's contractual rights. Respondent argued that, as to the contracts that had been executed, appellant's "undertaking does nothing." The trial court, having considered the objection, then entered an order stating, among other things, that the "supersedeas undertaking does not act to set aside authorized transactions by [respondent] that occurred" prior to its filing, "including the prior listing and sale of the Montana property."

Appellant seeks review of the trial court's order. *See* ORS 19.360(1) (providing for appellate court review of a trial court order relating to an undertaking). According to appellant, because a stay has been effected by his compliance with ORS 19.335(2), "the appellant is no longer required to transfer or deliver possession of the property." In other words, he argues that, regardless of the existing contracts for the sale of the property, the supersedeas undertaking means that "any rights that the purchasers [of the property] might acquire through closing will be subject to Appellant's right to maintain possession of the property for the duration of the appeal." *See also German Sav. Soc'y v. Kern*, 42 Or 532, 535-36, 70 P 709 (1902) ("[I]f the appellant is in possession at the time of the filing of the undertaking, he is entitled to remain so until the matter is fully adjudicated in the appellate court.").

Respondent opposes the motion, pointing out that because a contract to sell the property was signed before the security for the supersedeas undertaking was deposited, "as to the sale to Purdy and the backup sale to Krummen, appellant's undertaking does nothing." That is because, respondent argues, once the sale agreement was signed, the parties to this appeal "ceased to have transferrable title to the property" and an appellant may not "use an undertaking to undo an already made contract with a third party."

<u>ORDER ON REVIEW OF TRIAL COURT ORDER REGARDING SUPERSEDEAS UNDERTAKING</u>

EXHIBIT 55  PAGE 2 OF 3

A supersedeas undertaking under ORS 19.335(2), acts to stay the portion of a judgment that requires the transfer or delivery of possession of real property. Respondent is correct that the supersedeas undertaking does not work to "undo" the existing contracts regarding the sale of the property. It does not affect or prevent respondent from executing conveyances to the property and transferring ownership to the purchasers. However, as appellant points out, "[t]he current dispute is over Appellant's efforts to maintain *possession* of the Montana property through the filing [of] a supersedeas undertaking under ORS 19.335(2)." (Emphasis added.) And it is possession—separate from title to the property—that is affected by the filing of a supersedeas undertaking. Under ORS 19.335(2), to the extent that the judgment requires appellant to relinquish possession of the real property, his filing of the supersedeas undertaking "acts to stay" that requirement. Thus, having complied with the provisions of ORS 19.335(2), including depositing the agreed security with the court, appellant is entitled to maintain possession of the property at issue pending resolution of this appeal.

On review of the trial court's order under ORS 19.360, the court rules that, to the extent that, under the judgment on appeal, appellant is required to transfer or deliver possession of the real property at issue, that portion of the judgment is stayed pending completion of the appeal.

Theresa Kidd
Appellate Commissioner
12/12/2024

c: George Kelly

Andrew Newsom

Multnomah County Trial Court Administrator

EXHIBIT 55 pg. 3 of 3

FILED
12/16/2024
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Prisha Quesada
DR-15-2024-0000394-JF
Coffman, Danni
45.00

EXHIBIT 61

1 Jason M. Scott
P. Mars Scott Law Offices
2 P.O. Box 5988
3 Missoula, MT 59806
Tel: (406) 327-0600
4 Email: pleadings@pmarsscott.com
5 *Attorneys for the Plaintiff*

6

7

8
MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY
9

| JESSE OLSEN, | Dept. No.: Danni Coffman |
|---|---|
| 10    Plaintiff, | Cause No.: DR-2024-394(E) |
| 11 | |
| 12    and | **ORDER GRANTING** |
| RYAN GABRIEL, | **SUBSTITUTION OF COUNSEL** |
| 13    Defendant. | |

14

15     BASED UPON the Plaintiff's *Substitution of Counsel,* and good cause

16 appearing, therefore:

17     IT IS HEREBY ORDERED that Jason M. Scott of P. Mars Scott Law

18 Offices is substituted for Kai Groenke of Kai Groenke Law Offices as the

19 Plaintiff Jesse Olsen's attorney of record in the above captioned matter. All

20 future pleadings and correspondence shall be sent Jason M. Scott at

21     Jason M. Scott
2700 Regent Street, Suite 207
22     PO Box 5988
23     Missoula, MT 59802
Phone:    (406)327-0600
24     Email:    jason.scott@pmarsscott.com

25

26     **DATED and electronically signed below.**

27

**STIPULATION FOR SUBSTITUTION OF COUNSEL**

Electronically Signed By:
Hon. Judge Danni Coffman
Mon, Dec 16 2024 12:49:33 PM

EXHIBIT 61

# Case View  Olsen and Gabriel

 **Verified Party**

### OREGON COURT OF APPEALS

In the Matter of the Domestic Partnership of

Jesse Mark Olsen,
Petitioner-Respondent,

**CASE NUMBER**
A184337

and

Ryan Dean Gabriel,
Respondent-Appellant.

|  |  |
|---|---|
| CLASSIFICATION | Appeal - Civil - Domestic Relations |
| FILED DATE | 05/10/2024 11:39 AM |
| ORIGINATING COURT | Multnomah County Circuit Court 22DR04942 |
| STATUS | Waiting for Briefs |
| STATUS DATE | 08/06/2024 9:49 AM |

## PARTIES

Shows the first few parties on the case.

Ryan Dean Gabriel
**APPELLANT**

Andrew Newsom
**REPRESENTATION**

Ryan Dean Gabriel
**APPELLANT**

Self Represented
**REPRESENTATION**

Jesse Mark Olsen
**RESPONDENT**

George Kelly
**REPRESENTATION**

## FUTURE HEARINGS

*No future hearings were found.*

## DOCKET ENTRIES

**EXHIBIT 57 PAGE 001**

| Filed Date ▼ | Type | Subtype | Description | Submitted By | View |
|---|---|---|---|---|---|
| 12/17/2024 1:46 PM | Order on Motion/Petition/Other | Granting/Allowing | Granting/Allowing | | 🗋 |
| 12/17/2024 9:32 AM | Brief | Opening | Opening | Gabriel, Ryan Dean | 🗋 |
| 12/13/2024 4:00 PM | Motion | Withdraw as Retained Counsel | Withdraw as Retained Counsel | Gabriel, Ryan Dean | 🗋 |
| 12/12/2024 5:06 PM | Notice Generated | Acknowledgment and Deficiency Letter | Acknowledgment and Deficiency Letter | | 🗋 |
| 12/12/2024 10:44 AM | Order on Motion/Petition/Other | Granting/Allowing | order on review of trial court order regarding supersedeas undertaking | | 🗋 |
| 12/10/2024 2:52 PM | Brief | Opening | Opening | Gabriel, Ryan Dean | 🗋 |
| 12/04/2024 1:46 PM | Order on Motion/Petition/Other | Allowing MOET | Allowing MOET | | 🗋 |
| 11/26/2024 12:33 PM | Order on Motion/Petition/Other | Granting/Allowing | Granting temporary stay | | 🗋 |
| 11/25/2024 3:06 PM | Response/Objection | Other Response/Answer/Return | Response to Motion to Stay | Olsen, Jesse Mark | 🗋 |
| 11/25/2024 3:06 PM | Payment | Filing Fee | COA2 | Olsen, Jesse Mark | 🗋 |
| 11/22/2024 1:04 PM | Motion | Stay Previous Judgment/Order | Stay Previous Judgment/Order | Gabriel, Ryan Dean | 🗋 |
| 11/07/2024 1:36 PM | Motion for Extension of Time | File Opening Brief | File Opening Brief | Gabriel, Ryan Dean Gabriel, Ryan Dean | 🗋 |
| 10/14/2024 10:40 AM | Order on Motion/Petition/Other | Allowing MOET | Allowing MOET | | 🗋 |
| 10/11/2024 2:57 PM | Motion for Extension of Time | File Opening Brief EXHIBIT PAGE 002 File Opening Brief | | Gabriel, Ryan Dean | 🗋 |

| | | | Description | Submitted By | View |
|---|---|---|---|---|---|
| 09/09/2024 3:52 PM | Order on Motion/Petition/Other | Allowing MOET | Allowing MOET | | 📄 |
| 09/09/2024 2:24 PM | Motion for Extension of Time | File Opening Brief | File Opening Brief | Gabriel, Ryan Dean | 📄 |
| 08/08/2024 8:38 AM | Record | Received - eTranscript | Received - eTranscript/ shared drive | Knittle, Elizabeth | 📄 |
| 07/30/2024 9:52 AM | Action | Transcript Deemed Settled | Transcript Deemed Settled | | 📄 |
| 07/15/2024 10:28 AM | Notice Received | Transcript - Proof of Filing | Transcript - Proof of Filing | Knittle, Elizabeth | 📄 |
| 07/10/2024 4:17 PM | Notice Received | Representation | Representation | Gabriel, Ryan Dean Gabriel, Ryan Dean | 📄 |
| | | | | 1 to 20 of 35 | ❯ |

**EXHIBIT 57 PAGE 003**

1          **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

2                  **FOR THE COUNTY OF MULTNOMAH**

3                                          )
4                                          )          Case No. 22CV10399
   RYAN DEAN GABRIEL,                      )
5                                          )          Appeals Court Case No. A184374
        Plaintiff,                         )
6                                          )          **SUPERSEDEAS UNDERTAKING**
7                                          )          **PURSUANT TO ORS 19.335, 19.355**
                         .                 )
8  JESSE MARK OLSEN,                       )

9        Defendant.                        )

10 ---------------------------------------------)

11         WHEREAS Respondent/Plaintiff Ryan Dean Gabriel ("Mr. Gabriel") in the above
12
   entitled matter appeals to the Court of Appeals of the State of Oregon from an Amended General
13
   Judgment signed by Hon. Judge Henry on June 21, 2024, and entered on June 27, 2024, in the
14
15 said domestic relations and civil cases 22DR04942 and 22CV10399, respectively, in the Circuit

16 Court for the State of Oregon for the County of Multnomah, ordering the effective transfer or

17 possession (transfer of governance and dispositional authorities, including the sale thereof) of

18 real property located at 5721 SW Salmon St., Portland, OR 97221 and 2000 Blacktail Road,
19
   Lakeside, MT 59922 (*See* 'Amended General Judgment' signed on June 20, 2024 by Hon. Judge
20
   Henry in this instant case, and entered on June 27, 2024).
21

22         NOW, THEREFORE, in consideration of the premises, and of such appeal

23 Respondent/Plaintiff, the undersigned, does hereby file and serve an undertaking on appeal,

24 specifically with respect to the transfer of governance and dispositional authorities of real

25 properties located at 5721 SW Salmon St., Portland, OR 97221 and 2000 Blacktail Road,

26 Lakeside, MT 59922, and the sales thereof. This undertaking provides that the appellant "will
27
   not commit waste or allow waste to be committed on the real property while the appellant
28
   possesses and has access to the property, and the appellant will pay the value of the use and

**EXHIBIT 57 PAGE 004**

1          SUPERSEDEAS UNDERTAKING ON APPEAL (ORS 19.335, ORS 19.355)

1   occupation of the property, in addition to half of the maintenance costs, for the period of

2   possession if the judgment is affirmed." The value of the use and occupation during the period

3   of possession is one-half of the monthly mortgage payments made on each property, specifically

4   $3,781 (Oregon property located at 5721 SW Salmon St., Portland OR 97221) and $3,187

5

6   (Montana property located at 2000 Blacktail Rd., Lakeside MT 59922), respectively, and one

7   half of the maintenance costs for both properties, specifically $1,000/mo. for both.

8       DATED this 1st Day of July, 2024.

9

10

11

12      Respondent/Plaintiff, Pro Se (signature)

13      Ryan D. Gabriel
        2000 Blacktail Rd. #1140
14      Lakeside, MT 59922

15
        Telephone: (206) 391-9886 m.
16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 57 PAGE 005**

2       SUPERSEDEAS UNDERTAKING ON APPEAL (ORS 19.335, ORS 19.355)

1          **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

2             **FOR THE COUNTY OF MULTNOMAH**

3

4                       )        Case No. 22DR04942

    JESSE MARK OLSEN,        )

5                         )       **Appeals Court Case No. A184337**

          Petitioner,       )

6                         )       **SUPERSEDEAS UNDERTAKING**

7                         )       **PURSUANT TO ORS 19.335, 19.355**

8    RYAN DEAN GABRIEL,      )

9          Respondent.      )

10  ------------------------------------)

11
12
13       WHEREAS Respondent/Plaintiff Ryan Dean Gabriel ("Mr. Gabriel") in the above entitled matter appeals to the Court of Appeals of the State of Oregon from an Amended Judgment signed by Hon. Judge Henry on May 21, 2024, and entered on May 27, 2024, in the

14 said domestic relations and civil cases 22DR04942 and 22CV10399, respectively, in the Circuit

15 Court for the State of Oregon for the County of Multnomah, ordering the effective transfer or

16 possession (transfer of governance and dispositional authorities, including the sale thereof) of

17 real property located at (*See* 'Amended General Judgment' signed on June 21, 2024 by Hon.

18 Judge Henry in this instant case, and entered on June 27, 2024).

19

20       NOW, THEREFORE, in consideration of the premises, and of such appeal

21 Respondent/Plaintiff, the undersigned, does hereby file and serve an undertaking on appeal,

22 specifically with respect to the transfer of governance and dispositional authorities of real

23 properties located at 5721 SW Salmon St., Portland, OR 97221 and 2000 Blacktail Road,

24 Lakeside, MT 59922, and the sales thereof. This undertaking provides that the appellant "will

25 not commit waste or allow waste to be committed on the real property while the appellant

26 possesses and has access to the property, and the appellant will pay the value of the use and

27 occupation of the property, in addition to half of the maintenance costs, for the period of

28                       **EXHIBIT 57 PAGE 006**

possession if the judgment is affirmed." The value of the use and occupation during the period

of possession is one-half of the monthly mortgage payments made on each property, specifically

$3,781 (Oregon property located at 5721 SW Salmon St., Portland OR 97221) and $3,187

(Montana property located at 2000 Blacktail Rd., Lakeside MT 59922), respectively.

DATED this 1st Day of July, 2024.

_____
Respondent/Plaintiff, Pro Se (signature)

Ryan D. Gabriel
2000 Blacktail Rd. #1140
Lakeside, MT 59922

Telephone:  (206) 391-9886 m.

**EXHIBIT 57 PAGE 007**