IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RYAN D. GABRIEL,<br><br>    Plaintiff,<br><br>v.<br><br>DORINDA SUE GRAY, et al.,<br><br>    Defendants. | CV 24-118-M-JTJ<br><br>ORDER |

Plaintiff Ryan D. Gabriel (Gabriel) has filed an Objection to Court Order and Findings of Magistrate (Doc. 28) and a Motion for New Trial (Doc. 30). In both filings, Gabriel argues that he was entitled to a *de novo* review of this Court's Memorandum and Order (Order) (Doc. 26) and that the Clerk of Court should not have entered judgment until such time as this *de novo* review occurred thus entitling him to a "New Trial."

On October 15, 2024, this action was assigned to the undersigned pursuant to Standing Order BMM-33. (Doc. 23) Prior to assignment, the Clerk of Court provided all parties with a "Notice of Assignment and Form to Withdraw Consent to the Exercise of Jurisdiction by a United States Magistrate". (Doc. 16) The notice

1

specified that any party who wanted an Article III judge must return the attached form within fourteen (14) days, and that failure to return the form would constitute a knowing and voluntary consent to proceed before a magistrate judge. Gabriel did not return the form, thereby consenting to this Court's jurisdiction.

Pursuant to Fed. R. Civ. P. 73(c), Gabriel's sole recourse in response to the Order was to file a notice of appeal under F. R. App. P. 4(a)(1), the same as any litigant would appeal from an adverse order or judgment. Gabriel instead filed objections to the Order under 28 U.S.C. § 636(b)(1)(C), which given his consent to a magistrate judge, is not applicable.

Gabriel's argument that he is entitled to a new trial or to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 fails for the same reason. Having consented to magistrate judge jurisdiction, Gabriel was not entitled to have an Article III district judge review the Court's Order before the Clerk of Court entered judgment against him.

Notwithstanding all the above, "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Gotschall v. Salmonsen*, et al, 2024 WL 4751614, *1 (D. Mont 2024). A litigant may not use Rule 59(e) "to relitigate old matters or to raise arguments ... that could have been raised prior to the entry of judgment." *Id.*

Initially, Gabriel challenges the Court's application of the *Rooker-Feldman* doctrine. This doctrine prevents federal district courts from functioning as appellate courts over state court judgments. Because Gabriel's Complaint seeks to invalidate and prevent enforcement of an Oregon Circuit Court Judgment, the *Rooker-Feldman* doctrine applies.

Gabriel next contests this Court's finding that he failed to allege facts sufficient to show that any of the Defendants were acting under the color of state law. Gabriel provides no new facts or arguments to disturb the Court's previous analysis and determination. (Doc. 26 at pp. 5-6)

Finally, Gabriel disputes the Court's ruling on diversity jurisdiction, arguing that his motion to amend (Doc. 18) resolved this deficiency. The Court disagrees. While the Court's Order noted Gabriel could potentially amend his Complaint regarding diversity of citizenship, he must demonstrate that each Defendant is a citizen of a different state than himself.

Gabriel's Complaint alleges "Plaintiff and Defendants are in the State of Montana" and "Plaintiff is a permanent resident of Flathead County, Montana." (Doc. 1 at ¶20) Gabriel also alleges that Defendant Gray "resides at 802 Columbia Ave., Whitefish, MT 59937." (Id. at ¶6) In relation to Defendants Frederick Groenke and Taylor Groenke, Gabriel alleges that they are "adult citizen[s] of the State of Montana." (Id. at ¶10(a) and ¶11(a))

It is apparent that Gabriel's Complaint conflates residency with citizenship as many pro se litigants do. Given Gabriel's allegations it is clear that he and at least one defendant are citizens of Montana thereby defeating diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

Accordingly, it is HEREBY ORDERED:

1. Gabriel is not entitled to file objections to this Court's December 4, 2024, Memorandum and Order (Doc. 26). Therefore, Gabriel's Objection to Court Order and Findings of Magistrate (Doc. 28) is **DENIED**.

2. Gabriel's Motion for New Trial (Doc. 30) is **DENIED**.

DATED this 13th day of January 2025.

John Johnston
United States Magistrate Judge